


June 22, 2020

**By ECF**
Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *Denson v. Donald J. Trump for President, Inc.*, No. 20 Civ. 4737 (S.D.N.Y.)**

Dear Judge Gardephe:

I represent Plaintiff Jessica Denson in the above-captioned class action that was recently removed from the Supreme Court of New York, New York County. I write to apprise the Court of the background and status of this case, the fact that Plaintiffs will not oppose removal, and of a pending motion Plaintiffs filed in state court prior to removal seeking authorization to engage in limited early discovery.[1] I also filed earlier today a suggestion that this case is properly viewed as related to an earlier case handled by Judge Jesse Furman, styled *Denson v. Trump for President, Inc.*, No. 18-CV-2690 (JMF). *See* ECF No. 6.

**Plaintiffs' Claims**

The case concerns a form contract (the "Form NDA") that Defendant Donald J. Trump for President, Inc. (the "Campaign") required its employees, contractors, and volunteers—including Plaintiff Jessica Denson—to sign in connection with their work on the 2016 presidential campaign. The Form NDA purports to prohibit signers forever from criticizing Donald Trump, or ever disclosing any information he may unilaterally choose to deem private. *See* Compl. ¶¶ 1–6, 23–45, ECF No. 1-1.[2] The Campaign has repeatedly sought to enforce its Form NDA against former Campaign workers who have spoken critically of the President or the Campaign, including against named plaintiff, Jessica Denson. *Id.* ¶¶ 46–69.

This class action seeks to invalidate the Form NDA as unenforceable under New York contract law, the First Amendment, and the New York State Constitution. *Id.* ¶¶ 80–129, 139–61. Former campaign workers have a right to criticize public officials and to contribute truthful information to the public debate. The Form NDA's provisions to the contrary are anathema to our "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).

---

[1] Prior to removal, Plaintiffs met and conferred with Defense counsel regarding their state-court motion, satisfying this Court's requirement, pursuant to Local Rule 37.2, to meet and confer prior to requesting discovery-related relief from the Court. Plaintiffs are aware of the Court's Individual Rule 4(E). Plaintiffs are writing now to bring to the Court's attention, as soon as practicable, their motion which was pending in state court at the time of removal.

[2] Unless otherwise specified, "Compl., ECF No. 1-1" refers to the operative complaint in the current action, captioned, "*Denson v. Donald J. Trump, Inc.*, No. 20-CV-4737 (S.D.N.Y.)."





**Procedural History – Related Actions**

Over the past two-years, Ms. Denson has battled to restore her right, and the right of other Campaign workers, to criticize the President, while the Campaign has repeatedly maneuvered to avoid defending the merits of its overreaching Form NDA. One year after the 2016 presidential election, Ms. Denson filed a *pro se* lawsuit against the Campaign in New York Supreme Court, asserting claims of sex-discrimination, harassment, and slander. *See* Compl. ¶ 52, ECF No. 1-1. In response, the Campaign commenced an arbitration proceeding, alleging that Ms. Denson violated the terms of her NDA just by publicly filing her lawsuit. *Id.* ¶ 53. When Ms. Denson refrained from participating in that arbitration, the Campaign also moved to compel arbitration of her state-court claims, but the state court ruled that her affirmative employment claims fell outside the scope of the Form NDA. *See id.* ¶¶ 54–57; *Denson v. Trump*, No. 101616/2017, 2018 WL 4352827, at *3 (N.Y. Sup. Ct. Sep. 07, 2018).

While the state action was pending, on March 26, 2018, Ms. Denson filed a second *pro se* lawsuit, in this Court, seeking a declaration that the Form NDA is void and unenforceable. Compl. at 2, *Denson v. Donald J. Trump for President, Inc.*, No. 18-CV-2690 (Mar. 26, 2018), ECF No. 2. The Campaign moved to compel arbitration of Ms. Denson's claim that the NDA was unenforceable, and this Court granted the motion on August 30, 2018. *Denson v. Trump for President, Inc.*, No. 18-CV-2690 (JMF), 2018 WL 4568430, at *1 (S.D.N.Y. Aug. 30, 2018).

The Campaign's own arbitration – the one it commenced in December 2017 claiming that Ms. Denson violated the NDA by filing her employment claims – proceeded without Ms. Denson's participation, and on December 12, 2018, the arbitrator issued an award of $49,507.64 against Ms. Denson. Compl. ¶ 62, ECF No. 1-1. The basis for the arbitrator's award was that Ms. Denson violated the Form NDA by filing the federal court action and by making certain statements on Twitter and on a GoFundMe page. *Id.* ¶¶ 62–63 & Exs. C–D. The Campaign subsequently moved to have that award confirmed by both this Court and the state court. *Id.* ¶ 64. On July 8, 2019, the state court confirmed the award, and on July 23, 2019, this Court held that the state court's affirmance mooted the Campaign's motion to affirm the award and precluded any further consideration of the issues by this Court. *Denson v. Donald J. Trump for President, Inc.,* No. 18-CV-2690 (JMF), 2019 WL 3302608, at *2 (S.D.N.Y. July 23, 2019). However, on February 6, 2020, the New York Appellate Division, First Department ("First Department") unanimously reversed the decision confirming the arbitration award and vacated the award in its entirety on the grounds that the arbitrator's decision to penalize Ms. Denson for availing herself of a judicial forum was improper and against public policy. *Denson v. Donald J. Trump For President, Inc.*, 180 A.D.3d 446, 116 N.Y.S.3d 267 (N.Y. App. Div. 2020).

**Procedural History of This Class Action**

On February 20, 2019, in the midst of the Campaign's effort to affirm its arbitration award and pursuant to this Court's August 30, 2018 order that Ms. Denson arbitrate the validity of the NDA, Ms. Denson submitted a class-action arbitration demand to Defendant and the American Arbitration Association, challenging the validity of Defendant's Form NDA under New York contract law and the First Amendment. *Id.* ¶ 70. In response, Defendant invoked its






unilateral right *not* to arbitrate Plaintiffs' claims, and directed Ms. Denson to "file her purported claims in court." *Id.* ¶ 78; *see id.* ¶¶ 71–79.

After the First Department vacated the arbitration award and a COVID-induced temporary prohibition on new filings in New York State court, Ms. Denson filed this class action in New York Supreme Court on June 1, 2020, challenging the validity of the Form NDA. *See* Compl., ECF No. 1-1. The Complaint asserts three claims against the Campaign: (1) that the Form NDA violates New York contract law, (2) that the Form NDA violates the New York state constitution's protections for freedom of speech and of the press, and (3) that the Form NDA violates the First Amendment. Compl. ¶¶ 139–61, ECF No. 1-1. Ms. Denson seeks only declaratory relief. *Id.* at 28.

After encountering initial difficulties in promptly serving the Campaign, counsel for Ms. Denson reached out to counsel who represented the Campaign in all of Ms. Denson's prior lawsuits to ask whether they would agree to accept service of the complaint. Plaintiffs also inquired whether the Campaign would consent to immediate service of a few narrow interrogatories designed to facilitate a prompt motion for class certification without the need for extensive document discovery. While those discussions were taking place, Plaintiffs on June 18, 2020, filed a motion requesting the state court to issue an order (a) permitting her to serve the Campaign by alternate means; and (b) permitting her to serve the interrogatories immediately. A true and correct copy of that motion and its accompanying papers is attached as Exhibit A.[3]

The Campaign initially consented to Plaintiffs' requests to accept service of the complaint and interrogatories, but on Friday, June 19, 2020, counsel for the Campaign reversed its position, and informed Plaintiffs' counsel that it would not consent to service of the interrogatories. Later that day, while Plaintiffs' motion was still pending before the state court, the Campaign removed this case to this Court. *See* Notice of Removal, ECF No. 1.[4] Today, the state court briefly granted Plaintiffs' pending discovery request and ordered the Campaign to show cause why Plaintiffs should not be permitted to serve limited interrogatories; the court later vacated that order upon notice that the case has been removed to this Court.

**<u>Motion for Leave to Conduct Limited Discovery Prior to the Initial Scheduling Conference</u>**

Given this procedural background, Plaintiffs respectfully request that this Court take up the motion Plaintiffs filed in state court prior to removal and grant them leave, pursuant to

---

[3] Plaintiff is attaching a copy of the order to show cause for the Court's records.

[4] The Campaign's Notice of Removal contends that this Court has jurisdiction under both 28 U.S.C. § 1331 and 28 U.S.C. § 1332(d). Notice of Removal ¶¶ 5–6. Plaintiffs do not dispute the removal under § 1331 because of her First Amendment claim, but Plaintiffs do not agree that removal is proper under § 1332(d) and reserve all rights to so argue at the appropriate time.






Federal Rule of Civil Procedure 26(d)(1), to immediately serve targeted interrogatories designed to elicit basic information regarding the nature of the class.[5]

As the 2020 presidential election approaches, it is imperative to move this case forward as expeditiously as possible to restore the right of former Campaign workers to criticize the President and to protect the public's right to hear from them information that may be highly relevant to voters' decisions at the ballot box. As explained in Plaintiffs' motion to the state court, the merits of this case turn solely on straightforward legal issues that can largely be resolved on the face of the Form NDA: whether the Form NDA violates New York contract law, the New York Constitution, and the First Amendment. Compl. ¶¶ 139–61. The only factual issues to be resolved relate to Plaintiffs' burden of showing that the putative class meets the requirements for certification under Federal Rule of Civil Procedure 23. To that end, Plaintiffs seek very limited, expedited discovery to ascertain how many individuals signed the same Form NDA, or a version thereof, and whether those contracts materially differ from one another. *See* Ex. A at 53–61 (Proposed Interrogatories). There is no legitimate reason why non-burdensome discovery on these narrow topics should be delayed until after the Rule 16 conference,[6] and there are compelling reasons to expedite the resolution of this litigation as much as possible.

Accordingly, Plaintiffs respectfully requests an order permitting them to immediately serve the interrogatories on counsel for Defendant.

Respectfully submitted,

By: /s/ John Langford

John Langford
UNITED TO PROTECT DEMOCRACY, INC.
555 W. 5th St.
Los Angeles, CA 90013
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: john.langford@protectdemocracy.org

Cc (by ECF): Counsel of Record

[5] As noted above, Plaintiffs believe that their prior correspondence with Defense counsel regarding the interrogatories satisfies this Court's requirement, pursuant to Local Rule 37.2, to meet and confer prior to requesting discovery-related relief from the Court.

[6] Plaintiffs also stands ready to appear for the Rule 16 conference as soon as may be convenient for the Court.