July 2, 2020

**By ECF**
Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

       **Re: *Denson v. Donald J. Trump for President, Inc.*, No. 20 Civ. 4737 (S.D.N.Y.)**

Dear Judge Gardephe:

      Pursuant to the Court's June 25, 2020, notice of pretrial conference and the Court's Individual Rule VII.B, counsel for the parties in this matter submit this joint letter and attached proposed civil case management plan and scheduling order. The pretrial conference is scheduled for 11:45 a.m. on July 9, 2020.

      In addition to addressing the three issues identified in the Court's notice of pretrial conference, the parties have included an additional section laying out their respective positions on those portions of the Court's civil case management plan and scheduling order to which the parties could not agree.

**Description of the Case**

      *Plaintiffs' Statement of the Case*

      The case concerns a form contract (the "Form NDA") that Defendant Donald J. Trump for President, Inc. (the "Campaign") required its employees, contractors, and volunteers—including Plaintiff Jessica Denson—to sign in connection with their work on the 2016 presidential campaign. The Form NDA purports to prohibit signers forever from criticizing Donald Trump, or ever disclosing any information he may unilaterally choose to deem private. *See* Compl. ¶¶ 1–6, 23–45, ECF No. 1-1.[1] The Campaign has repeatedly sought to enforce its Form NDA against former Campaign workers, including against named plaintiff, Jessica Denson. *Id.* ¶¶ 46–69.

      Through this class action, Plaintiffs seek declaratory and injunctive relief invalidating the Form NDA as unenforceable under New York contract law, the First Amendment, and the New York State Constitution's protections for free speech and the press. *Id.* ¶¶ 80–129, 139–61. Plaintiffs allege that the Form NDA violates New York contract law because it is an unreasonable post-employment restrictive covenant, unconscionable, and against public policy, as well as because the Form NDA lacks sufficient definiteness. *Id.* ¶¶ 142–45. Plaintiffs allege that the Form NDA violates the First Amendment and the New York State Constitution because it unlawfully restrains class members from criticizing the President, his family, and the President's and his family's businesses, and because it further unlawfully restrains class

---

[1] Unless otherwise specified, "Compl., ECF No. 1-1" refers to the operative complaint in the current action, captioned, "*Denson v. Donald J. Trump, Inc.*, No. 20-CV-4737 (S.D.N.Y.)."

members from sharing true information on matters of legitimate public concern. *Id.* ¶¶ 151–52, 158–59.

Contrary to Defendant's assertion below, Ms. Denson did not intentionally wait until the eve of the 2020 presidential election to file this lawsuit. As explained in Plaintiffs' June 22, 2020, letter to the Court (ECF No. 10), Ms. Denson has spent more than two years diligently working to restore her speech rights and those of other Campaign workers. During that time, the Campaign has repeatedly avoided answering Ms. Denson's challenge to the Form NDA. When she attempted to challenge the Form NDA in federal court in 2018, the Campaign successfully compelled arbitration. When she then attempted to initiate a class-arbitration demand in the spring of 2019, it was months before the Campaign ultimately waived its unilateral right to arbitrate, directing Ms. Denson to file her claims in court. In the meantime, the Campaign secured an arbitration award against Ms. Denson, which the First Department Appellate Division only recently vacated in February 2020, clearing the way for Ms. Denson finally to obtain judicial review of the validity of the Form NDA. While Ms. Denson was prepared to file this lawsuit in mid-March, the New York courts' closure to address COVID-19 prevented Ms. Denson from filing this suit until June 1, 2020. She moved quickly as soon as the New York courts re-opened. Now, as the 2020 presidential election approaches, it is imperative to move this case forward as expeditiously as possible to restore the right of former Campaign workers to criticize the President and to protect the public's right to hear from them information that may be highly relevant to voters' decisions at the ballot box.

*Defendant's Statement of the Case*

Nearly two years ago, Judge Furman ordered Ms. Denson to arbitrate the very same claims she presents here, i.e. that the agreement she signed with the Campaign as a condition of her employment was "void and unenforceable" (the "Agreement"). *See Denson v. Trump for President, Inc.*, 2018 WL 4568430 (S.D.N.Y. August 30, 2018). At that time, the Campaign had an arbitration pending against Ms. Denson for alleged breaches of the Agreement where she could have (and should have) asserted her claims regarding the validity and enforceability of the Agreement. Ms. Denson nevertheless refused to do so, and an arbitration award was issued in favor of the Campaign, which included a finding that the Agreement was "valid and enforceable." The award was ultimately vacated on other grounds on February 6, 2020 by the Appellate Division, First Department, which did, however, expressly reject Ms. Denson's assertion that the award should be vacated because the Agreement was "void and unenforceable." *See Denson v. Donald J. Trump for President, Inc.*, 180 A.D.3d 446, 116 N.Y.S.3d 267 (1st Dept. 2020). Regardless, that "case and controversy" was resolved by the First Department's decision in Ms. Denson's favor.

On February 20, 2019, Ms. Denson filed a putative class action complaint in arbitration before the American Arbitration Association asserting her very same claim that the Agreement was "void and unenforceable." In response, the Campaign exercised its contractual right under the Agreement to require that Ms. Denson bring her claims in court, where the Campaign intended to seek dismissal of her claims for lack of standing. Ms. Denson then proceeded to sit on her purported claims for another year. Now, on the eve of the 2020 election, she files this lawsuit seeking preferential treatment in the form of expedited discovery and briefing schedules for no other purpose than to pursue her and her backer's political agenda—a fact openly admitted by Ms. Denson and her counsel.

Ms. Denson's political agenda does not create a "case or controversy" sufficient to confer Article III standing, and her vague assertions that the Agreement is preventing her from speaking do not provide such standing either. Indeed, the Campaign has repeatedly asked Ms. Denson to specify what it is she intends to say or publish that she feels may violate her agreement, but she has refused to do so. In fact, in anticipation of this conference and consistent with its Rule 26(f) obligation to explore a potential resolution, the Campaign again asked Ms. Denson to specify what exactly she is being prevented from saying or doing, yet she has failed to do so. Rather, she is simply seeking an advisory opinion from this Court on the validity and enforceability of the Agreement.

For these and related reasons, the Campaign will seek to dismiss this lawsuit for lack of subject matter jurisdiction.

**Contemplated Motions**

*Plaintiffs' Motions*

Plaintiffs believe this case presents the straightforward legal issue of whether the Campaign's Form NDA is legally enforceable as written. The Court can adjudicate that core question based solely on the language of the Form NDA itself—no additional facts are required. To the extent the case presents any factual issues, they go only to the size and makeup of the putative class. These limited issues should be easily resolved with limited discovery regarding the number of individuals who executed the Form NDA and whether Defendant used different versions of the Form NDA for different categories of Campaign workers.

Given the unusually straightforward posture of this case, and the importance of seeking a swift resolution in advance of the November elections, Plaintiffs intend to file both class certification and summary judgment motions as soon as possible. Plaintiffs oppose Defendant's request to stay discovery and respectfully suggest that, in the interests of judicial economy, class discovery should proceed while the parties brief Defendant's motion to dismiss, or alternatively, the Court should set a schedule that contemplates Plaintiffs simultaneously opposing Defendant's motion to dismiss and cross-moving for summary judgment on the validity of the Form NDA before the class is certified.

*Defendant's Motions*

The Campaign intends to move to dismiss this lawsuit for lack of subject matter jurisdiction. Most importantly, there is no actual case or controversy for this Court to adjudicate, and, thus, Ms. Denson—the only class representative—has no standing to seek relief under the Declaratory Judgment Act (or discovery) on behalf of the putative class.

**Prospect for Settlement**

*Plaintiffs' Position*

Plaintiffs are open to settlement, if Defendant (1) publicly concedes that its Form NDA is illegal and unenforceable as written, (2) agrees not to enforce the non-disparagement provisions of the Form NDA, and (3) agrees not to enforce the non-disclosure provisions of the Form NDA

except with respect to clearly articulated categories of truly confidential information disclosed by the Campaign to signers of the NDA that may not be disclosed for a reasonable period of time.

*Defendant's Position*

As noted above, the Campaign has repeatedly asked Ms. Denson to specifically identify what it is she intends to say or publish, as it is entirely likely that the Campaign would have no objection (provided that she does not disclose any of the Campaign's confidential information that she acquired while working for the Campaign). By way of example, the Campaign would not have an issue with Ms. Denson making television appearances or publishing a book expressing her views and opinions, so long as she does not disclose any of the Campaign's confidential information (e.g. financial, strategic, personal, etc.) or use any of the Campaign's confidential information in a manner that disparages the Campaign or other protected persons under the Agreement. If Ms. Denson has concerns about whether certain information is confidential, she should present them to the Campaign. Here, however, Ms. Denson refuses to express her intended speech, and the Campaign cannot broker any meaningful resolution without any notion of what Ms. Denson intends to say or publish.

We note that the respective statements by Ms. Denson and the Campaign in this "Prospect for Settlement" section highlight that there is no "actual case or controversy" at this juncture, and that Ms. Denson is impermissibly asking this Court for an advisory opinion.

**Civil Case Management Plan and Scheduling Order**

*Plaintiffs' Position*

Plaintiffs believe that the modest discovery required to address certain of the class allegations in the Complaint should not be delayed and can be completed quickly. Accordingly, Plaintiffs propose the following dates for items 6–8, 10, and 12 of the Court's civil case management plan and scheduling order:

6. The parties must complete fact discovery no later than **August 10, 2020, and all discovery responses are due by that date (i.e., 30 days after the Rule 16 conference)**.

7. Under this Order's interim deadlines, the parties must:

    a. Serve initial requests for production of documents by **July 16, 2020**.

    b. Serve interrogatories by **July 16, 2020**.

    c. Complete depositions of fact witnesses by **N/A**.

    d. Serve requests to admit no later than **July 29, 2020**.

8. The parties must complete expert discovery no later than **N/A**.

10. Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by **August 17, 2020**. Opposition letters are due **August 20, 2020**.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: **N/A**.

Regarding item 10, Plaintiffs' respectfully request that the Court enter a schedule for post-discovery dispositive motions now. Plaintiffs propose that post-discovery dispositive motions be due August 17, 2020, oppositions be due August 31, 2020, and replies be due September 7, 2020.

*Defendant's Position*

The Campaign's position is that discovery should be stayed pending the Court's threshold determination of subject matter jurisdiction. To the extent the Court finds that subject matter jurisdiction exists, the Campaign would be willing to proceed with an expedited discovery schedule. Should the Court refuse to stay discovery during the pendency of the Campaign's motion to dismiss, the Campaign is amenable to a discovery schedule in accordance with the recommended timelines set forth in the Court's template scheduling order, which, at 90 days for the completion of all discovery, is already an expedited schedule.

Respectfully submitted,

By: /s/ John Langford
John Langford
UNITED TO PROTECT DEMOCRACY, INC.
555 W. 5th St.
Los Angeles, CA 90013
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: john.langford@protectdemocracy.org

*Counsel for Plaintiffs*

LAROCCA HORNIK ROSEN
& GREENBERG LLP

By: /s/ Patrick McPartland
Patrick McPartland
Jared E. Blumetti
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837, 4831
E: pmcpartland@lhrgb.com
   jblumetti@lhrgb.com

*Counsel for Defendant*