# LaRocca Hornik Rosen & Greenberg LLP
## COUNSELORS AT LAW

THE TRUMP BUILDING
40 WALL STREET
32ND FLOOR
NEW YORK, NY 10005
212.530.4823
212.530.4815 FAX

LHRGB.COM

FREEHOLD COMMONS
83 SOUTH STREET
3RD FLOOR
FREEHOLD, NJ 07728
732.409.1144
732.409.0350 FAX

FRANK J. LAROCCA ‡◊
JONATHAN L. HORNIK
LAWRENCE S. ROSEN
ROSE GREENBERG △
AMY D. CARLIN △
PATRICK T. MCPARTLAND △
DAVID N. KITTREDGE △
JONATHAN F. BALL ◊
JARED E. BLUMETTI
KATELYN CANNING
FLORENCE R. GOFFMAN △◊
SHERRY HAMILTON △
PETER KELEGIAN △
DREW TANNER ‡
LAUREN WEISSMAN-FALK

△ NEW YORK BAR ONLY
‡ NEW JERSEY BAR ONLY
◊ OF COUNSEL ATTORNEYS
○ CERTIFIED MATRIMONIAL LAW ATTORNEY

DIRECT DIAL: 212.530.4837
EMAIL: PMCPARTLAND@LHRGB.COM

July 7, 2020

**VIA ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: Jessica Denson v. Donald J. Trump for President, Inc.
     Civil Action No. 20-cv-04737 (PGG)

Dear Judge Gardephe:

  We represent Donald J. Trump for President, Inc. (the "Campaign") in the above-captioned action and write, in accordance with Section IV(A) of Your Honor's Individual Rules, to request a pre-motion conference in connection with the Campaign's intended motion to dismiss plaintiff's Complaint in its entirety for lack of standing. Plaintiff has indicated that she intends to oppose the motion.

## The Campaign's Motion to Dismiss

  In August 2018, Judge Jesse M. Furman of this Court ordered plaintiff to arbitrate her claims pertaining to the validity and enforceability of the agreement that she signed as a condition of her employment with the Campaign (the "Agreement"). See *Denson v. Trump for President, Inc.*, 2018 WL 4568430 (S.D.N.Y. August 30, 2018). Plaintiff was afforded a full and fair opportunity to arbitrate these claims in the context of the parties' prior arbitration, but she eschewed that opportunity for reasons best known only to her, and instead knowingly and intentionally refused to

do so.[1] More than six months later, in February 2019, plaintiff repackaged these same claims in a putative class action complaint before the American Arbitration Association. However, because the parties' arbitration was long since over, the Campaign exercised its contractual right under the Agreement to require plaintiff to instead file her claims in federal or state court (where the Campaign intended to file a pre-answer motion to dismiss these claims for lack of subject matter jurisdiction). She then proceeded to sit on her rights for another year until June 1, 2020.

All the while, the Campaign repeatedly asked plaintiff to identify the speech that she intended to publish but that she believed might violate her Agreement. Plaintiff refused to do so. Instead, on the eve of the 2020 election (and two years after Judge Furman's order), she filed this politically motivated lawsuit which on its face seeks nothing more than an advisory opinion regarding the validity and enforceability of the Agreement. Indeed, in her 29-page Complaint, plaintiff fails to identify what words or speech she is purportedly being preventing from saying, writing, publishing, or otherwise.

Pursuant to the Campaign's Rule 26 obligations and in a final effort to resolve this matter prior to motion practice, the Campaign contacted plaintiff in good faith to try again to ascertain any notion of plaintiff's intended words or speech that she believes might violate her Agreement. She once again refused to provide any.

By her continued reticence, it is apparent that there currently is no case or controversy for this Court to adjudicate. In fact, for the past two years, plaintiff has continually expressed her opinions and views regarding the Campaign and President Trump on social media, including on her Twitter account. *See copies of plaintiff's tweets annexed as **Exhibit A***. The Campaign has not sent a cease and desist letter or taken any other similar action with respect to any of this speech (as implicitly acknowledged by the lack of any such allegations contained in plaintiff's Complaint).

### i. There is No "Substantial Controversy" Between the Parties

It is well-established that a party seeking declaratory relief must allege facts sufficient to show "that there is a ***substantial controversy***…of ***sufficient immediacy and reality*** to warrant the issuance of a declaratory judgment." *Fox v. International Conference of Funeral Service Examining Boards*, 242 F.Supp.3d 272, 291 (S.D.N.Y. 2017) (*emphasis added*) (*citations omitted*); *see also Hernandez v. Office of Commissioner of Baseball*, 2019 WL 5593056, * 2 (S.D.N.Y. October 30, 2019) ("[t]he burden of proving that a dispute is ripe for adjudication lies with the party asserting the claim at issue") (*citations omitted*); *Applegate v. Annucci*, 2017 WL 3049555, * 8 (S.D.N.Y. July 18, 2017) ("a plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future") (*citations omitted*).

---

[1] Justice Arlene P. Bluth (Supreme Court, New York County), the state court judge who originally confirmed the arbitration awards, excoriated plaintiff in her written decision for refusing to participate in the arbitration. *See e.g. Denson v. Donald J. Trump for President, Inc.*, 2019 WL 1206352, * 6–8 (Sup. Ct. N.Y. Cty. March 14, 2019) ("[p]laintiff had an opportunity to make an argument about why the [Agreement] was unenforceable; instead she chose not to participate in the arbitration and the arbitrator found the [A]greement enforceable"), *rev'd on other grounds*, 180 A.D.3d 446, 116 N.Y.S.3d 267 (1st Dept. 2020).

Here, plaintiff cannot demonstrate that her claims are ripe for adjudication, this because she fails to identify any intended words or speech over which there exists a "substantial controversy" between the parties. *See e.g. Hernandez*, 2019 WL 5593056 at * 2 (dismissing employee's claim seeking declaration that he is permitted under Title VII to "speak out" regarding the allegations he raised against his employer in his complaint without reprisal finding that "in the absence of actual speech it is impossible to adjudicate whether the proposed speech would be protected"). By not identifying any concrete dispute over any actual speech, she further cannot demonstrate that her claims have any "immediacy" or "reality."[2] On this point, plaintiff's vague and subjective belief that the Agreement is "preventing her" from exercising her free speech rights in connection with the 2020 presidential election is insufficient to create an actual controversy. *See e.g. Dow Jones & Co., Inc. v. Harrods, Ltd.*, 237 F.Supp.2d 394, 410 (S.D.N.Y. 2002) ("allegations of a subjective chill on the exercise of First Amendment freedoms are insufficient to create an actual controversy absent a concrete claim of specific *present* objective harm or threat of future harm") (*emphasis in original*) (*internal quotations and cited omitted*).

### ii. **Plaintiff's Claims are Also Barred by Collateral Estoppel**

Plaintiff—as the *sole* class representative—further lacks standing to bring this lawsuit because she is collaterally estopped from raising her assertion again that the Agreement as a whole is "void and unenforceable." As noted above, in connection with the Campaign's prior arbitration against plaintiff, the arbitrator expressly found that the Agreement was "valid and enforceable." While the First Department ultimately vacated the arbitrator's awards on other grounds, the First Department expressly rejected plaintiff's fully briefed arguments that the awards should be vacated because the Agreement was "void and unenforceable." *See Denson*, 180 A.D.3d at 452, 116 N.Y.S.3d at 274–275; *see also In re Indu Craft Inc.*, 2012 WL 3070387, * 12 (S.D.N.Y. July 27, 2012) ("collateral estoppel…bars the relitigation of an issue that was raised, litigated, and actually decided by a judgment in a prior proceeding, regardless of whether the two suits are based on the same cause of action") (*citation omitted*).

For all of these reasons, this politically motivated lawsuit—for which plaintiff unabashedly seeks a "swift resolution in advance of the November elections" after sitting on her rights for two years—must be dismissed because plaintiff lacks standing as the sole class representative.

Respectfully submitted,

*/s/ Patrick McPartland*

Patrick McPartland
Jared E. Blumetti

cc: Counsel of record (via ECF)

---

[2] One of the principal reasons that the Campaign has repeatedly requested that plaintiff identify her intended speech is that the Campaign is likely to have ***no objection*** to the speech. This, of course, would render any claim moot.