# LaRocca Hornik Rosen & Greenberg LLP

### COUNSELORS AT LAW

The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
212.530.4823
212.530.4815 fax

lhrgb.com

Freehold Commons
83 South Street
3rd Floor
Freehold, NJ 07728
732.409.1144
732.409.0350 fax

Frank J. LaRocca ‡◊
Jonathan L. Hornik
Lawrence S. Rosen
Rose Greenberg △
Amy D. Carlin △
Patrick T. McPartland △
David N. Kittredge △
Jared E. Blumetti
Katelyn C. Canning △
Florrie R. Goffman △◊
Sherry S. Hamilton △
Faisal R. LaTeef △
Peter Kelegian △
Drew Tanner ‡
Lauren Weissman-Falk
Ari Selevan
Fritzi Thomas

△ New York Bar Only
‡ New Jersey Bar Only
◊ Of Counsel Attorneys
o Certified Matrimonial Law Attorney

DIRECT DIAL: 212.530.4837
EMAIL: PMCPARTLAND@LHRGB.COM

August 7, 2020

**VIA ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   Jessica Denson v. Donald J. Trump for President, Inc.
> Civil Action No. 20-cv-04737 (PGG)

Dear Judge Gardephe:

We represent defendant Donald J. Trump for President, Inc. (the "Campaign") in the above-captioned matter and write in response to the letter-application of non-party Davis & Gilbert LLP ("DG") for leave to file an *amicus* brief in support of plaintiff Jessica Denson's motion for summary judgment.[1]

The articulated basis for DG's application is that (1) the Court has discretion to allow non-parties to submit *amicus* briefs, (2) one of DG's partners and one of its associates have experience in dealing with issues involving restrictive covenants, (3) the pending motion for summary judgment involves restrictive covenants, (4) DG's brief may assist the Court, and (5) the Campaign would not be prejudiced if the Court allows DG's brief to be filed and considered.

Courts have recognized, however, that their discretion is not unbounded and have noted that certain factors must be considered when addressing an application to file an *amicus* brief.  "The usual rationale for *amicus* curiae submissions is that they are of aid to the court and offer insights ***not***

---

[1]   DG has requested that this Court schedule a pre-motion conference.  This Court's Individual Rules of Practice for Civil Cases only require pre-motion conferences for discovery motions, motions to amend pleadings, motions to file a third-party complaint, motions for sanctions, transfer motions, summary judgment motions, Fed. R. Civ. P. 12 motions, Fed. R. Civ. P. 21 motions and Fed. R. Civ. P. 42 motions.

*available from the parties*."   *United States v. El–Gabrowny*, 844 F. Supp. 955, 957 n. 1 (S.D.N.Y. 1994) (*emphasis added*); *Verizon New York Inc. v. Village of Westhampton Beach*, 2014 WL 12843519, at *1 (E.D.N.Y. Mar. 31, 2014). "One court has cautioned that 'a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an *amicus* brief unless, as a party, although short of a right to intervene, the *amicus* has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance.' *Strasser v. Dooley*, 432 F.2d 567, 569 (1st Cir.1970)." *Club v. Federal Emergency Management Agency*, 2007 WL 3472851, * 1 (S.D. Tex. Nov. 14, 2007).

Here, of course, DG does not and cannot offer any aid to the Court that cannot be provided by plaintiff's experienced counsel.  DG has no special interest in this case nor has it shown anything indicating that either the Court or plaintiff's counsel require supplemental assistance.  Indeed, while Neal Klausner, a DB partner, represents himself as an experienced attorney whose practice includes dealing with issues involving restrictive covenants, he does not and cannot show that his expertise is any greater than any of the hundreds (or more) local lawyers who practice in this area or even that it is greater than the experience of plaintiff's varied counsel here (who, in any event, are of course free to cite to Mr. Klausner's and his law firm's publications in their briefs).  In that this area of law is neither arcane nor especially difficult, there would seem to be no reason why the Court or plaintiff's counsel would need assistance with explaining or understanding it.

Even were DG to assert that issues relating to restrictive covenants were not raised or were inadequately briefed by plaintiff's counsel, such an argument should not warrant the relief it seeks.  As the Court in *Okechuku v. United States*, 2019 WL 6497876 (N.D. Tex. Dec. 3, 2019) stated:  "[a]lthough the parties' attorneys have not focused on alleged constitutional issues, ANLA [the non-party seeking to file an *amicus* brief] has not shown that these attorneys are incapable of raising these issues. *See Ryan [v. Commodity Futures Trading Comm'n]*, 125 F.3d [1062,] 1063 [(7th Cir. 1997)] (explaining that *amicus curiae* briefs should be allowed if 'amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties *are able* to provide')." *Okechuku*, 2019 WL 6497876, at * 2 (emphasis added).

An *amicus*, especially here where it is a private law firm, should not be granted leave to file a brief simply because it is dissatisfied with the arguments made by the party it seeks to support or the way the party has framed the issues.  DB has no unique information or perspective different from any other attorney.  Just like any law firm, including the law firms that represent plaintiff, it can only point the Court to the relevant statutes, regulations and case law and explain why such law warrants a particular result.  That is the job of plaintiff's counsel, and plaintiff should not be given a second bite of the apple by having another law firm argue her case.[2]

Although not binding on this Court, the Seventh Circuit has addressed this issue and set out when and under what circumstances a non-party should be allowed to file an *amicus* brief: "[a]n amicus brief should normally be allowed when a party is not represented competently or is

---

[2]   Plaintiff is represented by David Schulz and Joseph Slaughter of Ballard Spahr LLP, David K. Bowles of Bowles & Johnson PLLC and John Langford, Brittany Williams and Anne Tindall of United to Protect Democracy, Inc.

not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997).

There is not and cannot be any allegation here that plaintiff does not have adequate representation. Nor has DB asserted that it has an interest in a case that may be affected by a decision of plaintiff's motion for summary judgment. And, as shown above, DB has no unique knowledge or perspective to show this Court.

While DG asserts that the Campaign would not be prejudiced were the Court to grant it leave to file its *amicus* brief, we contend that allowing another law firm to come in to present arguments already made or which could have been made by plaintiff's attorneys distorts that adversary system and will prejudice it.

For these reasons, we respectfully request that this Court deny DB's application and reject the proposed *amicus* brief.[3]

Respectfully submitted,

*/s/* **Patrick McPartland**

Patrick McPartland
Jared E. Blumetti


To:     Counsel of record and proposed *amici curiae* (via ECF)

---

[3] The Campaign does not oppose a similar application made by the Reporters Committee for Freedom of the Press, even though it supports plaintiff. The Reporters Committee application meets the standards for seeking leave to file an *amicus* brief set out in this letter.