April 12, 2021

**By ECF**
Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Denson v. Donald J. Trump for President, Inc.*, No. 20 Civ. 4737 (S.D.N.Y.)

Dear Judge Gardephe:

Pursuant to the Court's March 30, 2021, Memorandum Opinion and Order, ECF No. 48, counsel for the parties in this matter met and conferred on April 6, 2021, and now submit this joint letter to state how the parties wish to proceed in light of the Court's decision.

**Plaintiffs' Position**

In its March 30, 2021 Opinion and Order, the Court declared that the non-disclosure and non-disparagement provisions of a contract (the "Employment Agreement") Defendant Donald J. Trump for President, Inc. (the "Campaign") required Lead Plaintiff Jessica Denson to sign are invalid and unenforceable. ECF No. 48. Plaintiffs now intend to seek class certification under Federal Rule of Civil Procedure 23(b)(2) and class-wide declaratory and injunctive[1] relief to prevent the Campaign and any third parties from attempting to enforce the non-disclosure and non-disparagement provisions of the Campaign's Employment Agreement against anyone who signed the document.

*Discovery*

Plaintiffs believe that only limited discovery is necessary to facilitate motion practice on class certification. Plaintiffs need only to ascertain the size of the class and its composition – *i.e.*, figure out who signed this Agreement or one substantially similar – information that Plaintiffs expect is readily available to Defendant. Plaintiffs do not believe there is any need for depositions, expert discovery, or further motion practice apart from class certification, nor is there any need for discovery from Defendant directed at Plaintiffs. Accordingly, Plaintiffs propose that the Court enter a scheduling order that provides for the following:

- The parties must complete fact discovery no later than **40 days from the date this order is entered**.

---

[1] Plaintiffs recognize that the Court denied their request for injunctive relief in the Opinion, citing Plaintiffs' failure to request injunctive relief in their Complaint. Opinion, ECF No. 48 at 34 n.10.  The oversight was inadvertent and Plaintiffs do intend to seek injunctive class-wide relief. Plaintiffs believe the Court may enter such injunctive relief pursuant to Federal Rule of Civil Procedure 54(c), which authorizes every final judgment to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." *See also Powell v. National Bd. of Med. Examiners*, 364 F.3d 79, 85–86 (2d Cir. 2004). Plaintiffs are prepared alternatively to seek permission to amend their Complaint to expressly request injunctive relief. Accordingly, Plaintiffs will renew their request for injunctive relief at such time and in such manner as the Court deems appropriate.

- Plaintiffs' brief in support of class certification shall be due 14 days after the close of fact discovery; Defendant's opposition 21 days thereafter; and Plaintiffs' reply (if any) 14 days after the opposition.

*Class-Wide Relief*

As the Court noted in its order, "the Campaign has engaged in a pattern of enforcing or threatening to enforce the Employment Agreement's non-disclosure and non-disparagement provisions against former Campaign employees, including Denson, Newman, Sims, and Johnson." ECF No. 48 at 16. Plaintiffs thus intend to seek class-wide declaratory and injunctive relief to eliminate the chilling effect of the illegal provisions of the Employment Agreement.

*Response to Defendant's Position*

To the extent that Defendant intends to challenge Ms. Denson's fitness to serve as Lead Plaintiff following the Court's decision or the propriety of class litigation, those are issues that can and should be resolved in motion practice on class certification.

**Defendant's Position**

The Campaign's position is that this lawsuit should be concluded and closed.  Ms. Denson has already obtained all of the relief to which she is entitled, *to wit*, Your Honor's order declaring the Agreement's confidentiality and non-disparagement provisions invalid and unenforceable as to her.  This matter cannot continue on a class basis for numerous reasons, including, most fundamentally, because any putative class members will be bound by the arbitration provision contained in the Agreement, which has already been found to be valid and enforceable and does not permit class treatment.  As such, the Campaign requests that the Court enter a final judgment closing this lawsuit.

*Response to Ms. Denson's Position*

Conducting class-related discovery or motion practice would be a fruitless exercise as each and every putative class member would be required—even if a class could be certified (which it cannot)—to submit their claims to arbitration on an individual basis under the arbitration provision contained in the Agreement.  *See e.g. Chen-Oster v. Goldman, Sachs & Co.*, 449 F.Supp.3d 216 (S.D.N.Y. 2020).  To the extent necessary, the Campaign requests that the parties be permitted to brief these threshold issues prior to commencing any class discovery.

Respectfully submitted,

By: /s/ John Langford
    John Langford
    UNITED TO PROTECT DEMOCRACY, INC.
    555 W. 5th St.
    Los Angeles, CA 90013
    Telephone: (202) 579-4582
    Fax: (929) 777-8428
    Email: john.langford@protectdemocracy.org

    *Counsel for Plaintiffs*

    LAROCCA HORNIK ROSEN
    & GREENBERG LLP

By:  /s/ Patrick McPartland
    Patrick McPartland
    Jared E. Blumetti
    40 Wall Street, 32nd Floor
    New York, New York 10005
    T: (212) 530-4837, 4831
    E: pmcpartland@lhrgb.com
       jblumetti@lhrgb.com

    *Counsel for Defendant*