UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JESSICA DENSON, individually and on
behalf of all others similarly situated,

                          Case No.:  20-cv-4737 (PGG)

           Plaintiff,

       -against-

                              **<u>ANSWER</u>**

DONALD J. TRUMP FOR PRESIDENT, INC.,

            Defendant.
-------------------------------------------------------------X

      Defendant Donald J. Trump for President, Inc. (the "Campaign"), by its attorneys, LaRocca Hornik Rosen & Greenberg LLP, as and for its answer to plaintiff's complaint (the "Complaint"), alleges as follows:

      1.      Denies the allegations contained in paragraph 1 of the Complaint.

      2.      The allegations contained in paragraph 2 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

      3.      Denies the allegations contained in paragraph 3 of the Complaint.

      4.      The allegations contained in paragraph 4 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign denies the allegations contained in paragraph 4 of the Complaint.

      5.      The allegations contained in paragraph 5 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign denies the allegations contained in paragraph 5 of the Complaint.

6.     The allegations contained in paragraph 6 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign denies the allegations contained in paragraph 6 of the Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.    Denies the allegations contained in paragraph 10 of the Complaint, except admits that the Campaign was the organization responsible for the 2016 and 2020 presidential campaigns of Donald J. Trump.

11.    Denies the allegations contained in paragraph 11 of the Complaint, except admits that the Campaign was incorporated in the Commonwealth of Virginia.

12.    Denies the allegations contained in paragraph 12 of the Complaint.

13.    Denies the allegations contained in paragraph 13 of the Complaint.

14.    Admits the allegations contained in paragraph 14 of the Complaint.

15.    Denies the allegations contained in paragraph 15 of the Complaint and respectfully refers the Court to the Campaign's June 29, 2015 Statement of Organization for its true, complete, and contextual meaning.

16.    Denies the allegations contained in paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Denies the allegations contained in paragraph 18 of the Complaint, except admits that plaintiff submitted an application to the Campaign in August 2016.

19.     Denies the allegations contained in paragraph 19 of the Complaint.

20.     Denies the allegations contained in paragraph 20 of the Complaint.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     Denies the allegations contained in paragraph 22 of the Complaint.

23.     Denies the allegations contained in paragraph 23 of the Complaint, except admits that plaintiff was required to sign a written agreement as a condition of her employment with the Campaign (the "Agreement").   Otherwise, the Campaign respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

24.     Denies the allegations contained in paragraph 24 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

25.     Denies the allegations contained in paragraph 25 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

26.     Denies the allegations contained in paragraph 26 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

27.     Denies the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

29.     Denies the allegations contained in paragraph 29 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

30.     Denies the allegations contained in paragraph 30 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

31.     Denies the allegations contained in paragraph 31 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

32.     Denies the allegations contained in paragraph 32 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

33.     Denies the allegations contained in paragraph 33 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

34.     Denies the allegations contained in paragraph 34 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

35.     Denies the allegations contained in paragraph 35 of the Complaint, except admits that other individuals were required to sign written agreements as a condition of working for the Campaign.

36.     Denies the allegations contained in paragraph 36 of the Complaint, except admits that other individuals were required to sign written agreements as a condition of working for the Campaign.

37.     Denies the allegations contained in paragraph 37 of the Complaint, except admits that other individuals were required to sign written agreements as a condition of working for the Campaign.

38.     Denies the allegations contained in paragraph 38 of the Complaint, except admits that other individuals were required to sign written agreements as a condition of working for the Campaign.

39.     Admits the allegations contained in paragraph 39 of the Complaint.

40.     Denies the allegations contained in paragraph 40 of the Complaint, except admits that plaintiff's employment with the Campaign terminated on November 10, 2016.

41.     Denies the allegations contained in paragraph 41 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     Denies the allegations contained in paragraph 43 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

44.     Denies the allegations contained in paragraph 44 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

45.     Denies the allegations contained in paragraph 45 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

46.     Denies the allegations contained in paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint improperly includes a footnote in violation of Rule 10(b) of the Federal Rules of Civil Procedure and, as such, no response is required.  To the extent a response is required, the Campaign denies the allegations contained in paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint improperly includes a footnote in violation of Rule 10(b) of the Federal Rules of Civil Procedure and, as such, no response is required.  To the extent a response is required, the Campaign denies the allegations contained in paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint improperly includes a footnote in violation of Rule 10(b) of the Federal Rules of Civil Procedure and, as such, no response is required.  To the extent a response is required, the Campaign denies the allegations contained in paragraph 49 of the Complaint.

50.     Denies the allegations contained in paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint improperly includes a footnote in violation of Rule 10(b) of the Federal Rules of Civil Procedure and, as such, no response is required.  To the extent a response is required, the Campaign denies the allegations contained in paragraph 51 of the Complaint.

52.     Denies the allegations contained in paragraph 52 of the Complaint, except admits that plaintiff filed a lawsuit against the Campaign in New York State Supreme Court, County of New York which is still pending.

53.     Denies the allegations contained in paragraph 53 of the Complaint, except admits that the Campaign commenced an arbitration against plaintiff.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies the allegations contained in paragraph 55 of the Complaint.

56.     Denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint and respectfully refers the Court to Justice Bluth's August 7, 2018 Decision and Order for its true, complete, and contextual meaning.

58.     Denies the allegations contained in paragraph 58 of the Complaint, except admits that plaintiff commenced a lawsuit against the Campaign in the United States District Court for the Southern District of New York under Civil Action No. 18-cv-2690.

59.     Denies the allegations contained in paragraph 59 of the Complaint and respectfully refers the Court to Judge Furman's August 30, 2018 Memorandum Opinion and Order and October 4, 2018 Order for their true, complete, and contextual meaning.

60.     Denies the allegations contained in paragraph 60 of the Complaint.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint, except admits that the arbitrator issued two awards, dated October 19 and December 12, 2018, to which awards the Court is respectfully referred for their true, complete, and contextual meaning.

63.     Denies the allegations contained in paragraph 63 of the Complaint and respectfully refers the Court to the arbitrator's October 19, 2018 award for its true, complete, and contextual meaning.

64.     Denies the allegations contained in paragraph 64 of the Complaint, except admits that the Campaign filed motions to confirm the awards in state and federal court and respectfully refers the Court to Justice Bluth's July 8, 2019 Order and Judge Furman's July 23, 2019 Memorandum Opinion and Order for the procedural history of these motions.

65.     Denies the allegations contained in paragraph 65 of the Complaint and respectfully refers the Court to Justice Bluth's July 8, 2019 Order and Judge Furman's July 23, 2019 Memorandum Opinion and Order for their true, complete, and contextual meaning.

66.     Denies the allegations contained in paragraph 66 of the Complaint.

67.     Denies the allegations contained in paragraph 67 of the Complaint and respectfully refers the Court to the February 6, 2020 Decision and Order issued by the Appellate Division, First Department for its true, complete, and contextual meanings.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint improperly includes a footnote in violation of Rule 10(b) of the Federal Rules of Civil Procedure and, as such, no response is required.  To the extent a response is required, the Campaign denies the allegations contained in paragraph 69 of the Complaint.

70.     Denies the allegations contained in paragraph 70 of the Complaint.

71.     Denies the allegations contained in paragraph 71 of the Complaint.

72.     Denies the allegations contained in paragraph 72 of the Complaint.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint and respectfully refers the Court to any purported decision by Judge Kehoe for its true, complete, and contextual meaning.

75.     Denies the allegations contained in paragraph 75 of the Complaint and respectfully refers the Court to the referenced e-mail for its true, complete, and contextual meaning.

76.     Denies the allegations contained in paragraph 76 of the Complaint and respectfully refers the Court to the referenced e-mail for its true, complete, and contextual meaning.

77.     Denies the allegations contained in paragraph 77 of the Complaint and respectfully refers the Court to the referenced memorandum of law for its true, complete, and contextual meaning.

78.     Denies the allegations contained in paragraph 78 of the Complaint and respectfully refers the Court to the referenced memorandum of law for its true, complete, and contextual meaning.

79.     Denies the allegations contained in paragraph 79 of the Complaint.

80.     Denies the allegations contained in paragraph 80 of the Complaint.

81.     The allegations contained in paragraph 81 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to the United States Constitution and New York State Constitution for their true, complete, and contextual meaning.

82.     The allegations contained in paragraph 82 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to any decisions cited by plaintiff for their true, complete, and contextual meaning.

83.     The allegations contained in paragraph 83 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to any decisions cited by plaintiff for their true, complete, and contextual meaning.

84.     The allegations contained in paragraph 84 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to any decisions cited by plaintiff for their true, complete, and contextual meaning.

85.     The allegations contained in paragraph 85 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to any decisions cited by plaintiff for their true, complete, and contextual meaning.  Otherwise, denies the allegations contained in paragraph 85 of the Complaint.

86.     The allegations contained in paragraph 86 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to any decisions cited by plaintiff for their true, complete, and contextual meaning.

87.     Denies the allegations contained in paragraph 87 of the Complaint.

88.     Denies the allegations contained in paragraph 88 of the Complaint.

89.     The allegations contained in paragraph 89 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to the United States Constitution and New York State Constitution for their true, complete, and contextual meaning.  Otherwise, denies the allegations contained in paragraph 89 of the Complaint.

90.     Denies the allegations contained in paragraph 90 of the Complaint.

91.     The allegations contained in paragraph 91 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to any decisions cited by plaintiff for their true, complete, and contextual meaning.

92.     Denies the allegations contained in paragraph 92 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

93.     Denies the allegations contained in paragraph 93 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

94.     Denies the allegations contained in paragraph 94 of the Complaint.

95.     Denies the allegations contained in paragraph 95 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

96.     Denies the allegations contained in paragraph 96 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

97.     Denies the allegations contained in paragraph 97 of the Complaint.

98.     Denies the allegations contained in paragraph 98 of the Complaint.

99.     Denies the allegations contained in paragraph 99 of the Complaint.

100.     The allegations contained in paragraph 100 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to any decisions cited by plaintiff for their true, complete, and contextual meaning.

101.     Denies the allegations contained in paragraph 101 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

102.     Denies the allegations contained in paragraph 102 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

103.     Denies the allegations contained in paragraph 103 of the Complaint.

104.     Denies the allegations contained in paragraph 104 of the Complaint.

105.     Denies the allegations contained in paragraph 105 of the Complaint.

106.     The allegations contained in paragraph 106 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to New York contract law its true, complete, and contextual meaning.

107.     Denies the allegations contained in paragraph 107 of the Complaint.

108.     Denies the allegations contained in paragraph 108 of the Complaint.

109.     Denies the allegations contained in paragraph 109 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

110.     Denies the allegations contained in paragraph 110 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

111.     Denies the allegations contained in paragraph 111 of the Complaint.

112.     Denies the allegations contained in paragraph 112 of the Complaint.

113.     Denies the allegations contained in paragraph 113 of the Complaint.

114.    The allegations contained in paragraph 114 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to any purported authority cited by plaintiff for its true, complete, and contextual meaning.

115.    Denies the allegations contained in paragraph 115 of the Complaint.

116.    The allegations contained in paragraph 116 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to any decisions cited by plaintiff for their true, complete, and contextual meaning.

117.    Denies the allegations contained in paragraph 117 of the Complaint.

118.    The allegations contained in paragraph 118 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to the statutory authority cited by plaintiff for its true, complete, and contextual meaning.

119.    Denies the allegations contained in paragraph 119 of the Complaint and respectfully refers the Court to the February 6, 2020 Decision and Order issued by the Appellate Division, First Department for its true, complete, and contextual meaning.

120.    The allegations contained in paragraph 120 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to any purported authority cited by plaintiff for its true, complete, and contextual meaning.

121.    Denies the allegations contained in paragraph 121 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

122.    Denies the allegations contained in paragraph 122 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

123.    Denies the allegations contained in paragraph 123 of the Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

124.    Denies the allegations contained in paragraph 124 of the Complaint.

125.    Denies the allegations contained in paragraph 125 of the Complaint and respectfully refers the Court to Michael Cohen's congressional testimony for its true, complete, and contextual meaning.

126.    Denies the allegations contained in paragraph 126 of the Complaint.

127.    Denies the allegations contained in paragraph 127 of the Complaint.

128.    Denies the allegations contained in paragraph 128 of the Complaint.

129.    Denies the allegations contained in paragraph 129 of the Complaint.

130.    Denies the allegations contained in paragraph 130 of the Complaint.

131.    Denies the allegations contained in paragraph 131 of the Complaint.

132.    Denies the allegations contained in paragraph 132 of the Complaint.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the Complaint regarding plaintiff's beliefs.  Otherwise, the Campaign denies the allegations contained in paragraph 133 of the Complaint.

134.    Denies the allegations contained in paragraph 134 of the Complaint.

135.    Denies the allegations contained in paragraph 135 of the Complaint.

136.    Denies the allegations contained in paragraph 136 of the Complaint.

137.    Denies the allegations contained in paragraph 137 of the Complaint.

138.    Denies the allegations contained in paragraph 138 of the Complaint.

## FIRST CAUSE OF ACTION

139.     Paragraphs 1 through 138 are realleged.

140.     The allegations contained in paragraph 140 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to the Civil Practice Law and Rules for its true, complete, and contextual meaning.

141.     Denies the allegations contained in paragraph 141 of the Complaint.

142.     Denies the allegations contained in paragraph 142 of the Complaint.

143.     Denies the allegations contained in paragraph 143 of the Complaint.

144.     Denies the allegations contained in paragraph 144 of the Complaint.

145.     Denies the allegations contained in paragraph 145 of the Complaint.

146.     Denies the allegations contained in paragraph 146 of the Complaint.

147.     Denies the allegations contained in paragraph 147 of the Complaint.

## SECOND CAUSE OF ACTION

148.     Paragraphs 1 through 147 are realleged.

149.     The allegations contained in paragraph 149 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to the Civil Practice Law and Rules for its true, complete, and contextual meaning.

150.     The allegations contained in paragraph 150 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to the New York State Constitution for its true, complete, and contextual meaning.

151.    Denies the allegations contained in paragraph 151 of the Complaint.

152.    Denies the allegations contained in paragraph 152 of the Complaint.

153.    Denies the allegations contained in paragraph 153 of the Complaint.

154.    Denies the allegations contained in paragraph 154 of the Complaint.

## THIRD CAUSE OF ACTION

155.    Paragraphs 1 through 154 are realleged.

156.    The allegations contained in paragraph 156 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to the Civil Practice Law and Rules for its true, complete, and contextual meaning.

157.    The allegations contained in paragraph 157 of the Complaint purport to assert legal conclusions to which no response is required.  To the extent a response is required, the Campaign respectfully refers the Court to the United States Constitution for its true, complete, and contextual meaning.

158.    Denies the allegations contained in paragraph 158 of the Complaint.

159.    Denies the allegations contained in paragraph 159 of the Complaint.

160.    Denies the allegations contained in paragraph 160 of the Complaint.

161.    Denies the allegations contained in paragraph 161 of the Complaint.

## PRAYER FOR RELIEF

The Campaign denies that plaintiff is entitled to any of the relief requested in the *ad damnum* clause of the Complaint or any other relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this lawsuit.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims regarding the validity and enforceability of the Agreement are barred by the doctrine of collateral estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot assert First Amendment claims against the Campaign because state action does not exist.

## FIFTH AFFIRMATIVE DEFENSE

This lawsuit is moot.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish or satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure.

## SEVENTH AFFIRMATIVE DEFENSE

Each and every one of the putative class members are bound by a valid and enforceable arbitration provision that does not permit class treatment.

## EIGHTH AFFIRMATIVE DEFENSE

Each and every one of the putative class members are required to submit their purported claims to arbitration on an individual basis.

## NINTH AFFIRMATIVE DEFENSE

The putative class members lack standing.

## TENTH AFFIRMATIVE DEFENSE

The Campaign reserves the right to amend or additional affirmative defenses.

WHEREFORE, the Campaign respectfully demands judgment dismissing plaintiff's Complaint, together with costs, disbursements and attorneys' fees and such other relief as this Court deems just and proper.

Dated: New York, New York
   April 20, 2021

         LAROCCA HORNIK ROSEN
         & GREENBERG LLP

         /s/ *Patrick McPartland*
      By: _____
         Patrick McPartland
         Jared E. Blumetti
         40 Wall Street, 32nd Floor
         New York, New York 10005
         T: (212) 530-4837, 4831
         E: pmcpartland@lhrgb.com
          jblumetti@lhrgb.com

         *Attorneys for defendant*
         *Donald J. Trump for President, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 20, 2021, I caused to be served the foregoing Answer by ECF upon the Court and all counsel of record.

/s/ *Katy Areas*

_____

Katy Areas