# Ballard Spahr LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Joseph Slaughter
Tel: 646.346.8028
Fax: 212.223.1942
slaughterj@ballardspahr.com

April 23, 2021

*Via ECF*

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>*Denson v. Donald J. Trump for President, Inc.*, No. 20-cv-4737 (S.D.N.Y.)</u>

Dear Judge Gardephe:

      On behalf of lead plaintiff Jessica Denson and the putative class of individuals subject to the form contract at issue in this litigation (the "Employment Agreement"), we write in response to the Court's April 16, 2021, Order directing plaintiffs to address the Campaign's argument that a class proceeding is barred by the Employment Agreement's arbitration provision.

      As explained below, the Campaign's argument is wrong for a number of reasons, chief among them that the Campaign has expressly elected to litigate *this* class action in federal court. The Campaign has thus affirmatively waived its right to seek to enforce the arbitration provision now. Moreover, even if the Campaign had not expressly waived its right to arbitrate this class action, its past actions in this litigation would operate as a waiver of that right under well-established law. Alternatively, if the Campaign somehow still has a right to arbitrate, the very case law it cites dictates that class proceedings—including discovery and certification—must take place *before* the Court can make any determination regarding the effect of the arbitration provisions on class members.

### **The Campaign Has Expressly Waived its Right to Arbitrate the Claims at Issue**

      "Like contract rights generally, a right to arbitration may be modified, waived or abandoned." *Stark v. Molod Spitz DeSantis & Stark, P.C.*, 9 N.Y.3d 59, 66 (2007). "[A] party may waive its right to arbitration by expressly indicating that it wishes to resolve its claims before a court." *Schreiber v. Friedman*, No. 15-CV-6861 (CBA) (JO), 2017 WL 5564114, at *7 (E.D.N.Y. Mar. 31, 2017). And "[w]hen a [litigant] chooses to take the course of litigation, the party has waived the right to submit the question to arbitration." *Primer Const. Corp. v. Empire City Subway Co., Ltd.*, No. 652203/2016, 2017 WL 3951628,

at *3 (N.Y. Sup. Ct. Sept. 6, 2017). Where a party has previously opposed arbitration, it may not change its mind and seek to compel arbitration. *Smith v. Petrou*, 705 F. Supp. 183, 185–86 (S.D.N.Y. 1989).[1]

Here, there is no question that the Campaign waived its right to arbitrate by expressly choosing to resolve *this* class action in court. Lead plaintiff Jessica Denson originally filed an individual action to invalidate the Employment Agreement before this Court, and the Campaign successfully compelled arbitration. *Denson v. Trump for President, Inc.*, No. 18-CV-2690 (JMF), 2018 WL 4568430, at *2 (S.D.N.Y. Aug. 30, 2018). Plaintiffs then submitted a separate ***class-action*** arbitration demand against the Campaign on February 20, 2019. *See* Pls.' Rule 56.1 Statement of Material Facts ("SMF") ¶ 46, ECF No. 21. On May 29, 2019, the Campaign—which maintained then, as it does now, that it has "sole discretion" to decide whether or not to arbitrate claims arising under the Employment Agreement for all putative class members—***rejected*** plaintiffs' demand to arbitrate this class action. *Id*. ¶ 48. On June 3, 2019, the Campaign stated in a federal court filing that:

> [u]nder the terms of the parties' written agreement, . . . the Campaign is afforded the discretionary right to arbitrate (or not arbitrate) [this] class action before the AAA. The Campaign simply exercised its election rights in this regard and notified the AAA that it was declining to arbitrate that claim. . . . ***[I]f plaintiff wants to proceed with a class action lawsuit, she must file her purported claims in court***, rather than with the AAA.

Decl. of David Bowles, Esq. Ex. Y at 2, ECF No. 26-25 (emphasis added). The Campaign's own words clearly show that it chose to litigate, rather than arbitrate, this class action. Given that the Campaign purports to have sole discretion over whether to arbitrate this class action for all putative class members, it has thus expressly waived its right to compel this case back into arbitration.

**The Campaign's Conduct in this Litigation Constitutes a Waiver of its Right to Arbitrate**

Even if the Campaign had not expressly waived its arbitration rights, its conduct thus far in this litigation constitutes an implied waiver of its right to arbitrate the class claims.

---

[1] "No showing of prejudice to the opposing party is necessary if a litigant has expressly waived its right to arbitration." *Apollo Theater Found., Inc. v. W. Int'l Syndication*, No. 02 CIV. 10037 (DLC), 2004 WL 1375557, at *3 (S.D.N.Y. June 21, 2004) (holding that defendant "expressly waived its right to arbitration by explicitly representing to this Court that it wished to resolve all claims in this forum").

"Even absent an express waiver, a party may also impliedly waive its right to arbitration by 'actively participat[ing] in a lawsuit or tak[ing] other action inconsistent with that right.'" *Schreiber*, 2017 WL 5564114, at *7 (quoting *Doctor's Assoc., Inc. v. Distajo*, 66 F.3d 438, 455 (2d Cir. 1995)). The Second Circuit applies a three-part test in evaluating such implied waiver, focusing on "(1) the time elapsed from the commencement of litigation to the request for arbitration, (2) the amount of litigation (including any substantive motions and discovery), and (3) proof of prejudice." *Ralph Lauren Corp. v. U.S. Polo Ass'n, Inc.*, No. 13 CIV. 7147, 2014 WL 4377852, at *5 (S.D.N.Y. Sept. 4, 2014). The "key to a waiver analysis is prejudice." *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002). "Prejudice can be (1) substantive, for instance if a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration or (2) based on excessive cost and time delay." *Cont'l Cas. Co. v. Hopeman Bros., Inc.*, No. 17-CV-00688 (ALC), 2018 WL 1581987, at *7 (S.D.N.Y. Mar. 27, 2018) (internal marks omitted).

Here, it is self-evident that plaintiffs would be prejudiced should the Campaign attempt to force the putative class members into arbitration. The Campaign has already lost summary judgment on the merits of plaintiffs' claim. There are no additional substantive issues to litigate—all that is left is to determine the precise type and scope of the ultimate relief afforded plaintiffs. The Campaign's belated attempt to invoke the arbitration provisions is obviously an effort to "re-litigate" exactly the issues that this Court has already decided. Indeed, it could hardly be anything else, as there is nothing more left to decide with respect to the putative class members.

The other factors equally favor waiver. This case has been pending in this Court for nearly a year, and it has been more than *two* years since plaintiffs initially served their class arbitration demand—more than enough time to satisfy the "time elapsed" prong. *See, e.g.*, *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107-09 (2d Cir. 1997) (finding waiver where party seeking to compel arbitration "fil[ed] substantive motions" in a related action for "approximately five months" which "evidenced a preference for litigation that supports a finding of waiver"). And the "amount of litigation" prong also favors a finding of waiver, since summary judgment has already been decided. *Cf. Degidio v. Crazy Horse Saloon & Rest. Inc.*, 880 F.3d 135, 141 (4th Cir. 2018) (finding waiver in part because summary judgment had already been decided).

In sum, when plaintiff brought a claim in court, the Campaign demanded arbitration; when plaintiff brought a class action arbitration, the Campaign demanded to proceed in court; now that the lead plaintiff has prevailed in court, the Campaign demands arbitration again. "Acting in a manner inconsistent with one's arbitration rights and then changing course mid-journey smacks of outcome-oriented gamesmanship played on the court and the opposing party's dime." *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018); *see also Sherrill v. Grayco Builders, Inc.*, 64 N.Y.2d 261, 274 (1985) ("The

Hon. Paul G. Gardephe
April 23, 2021
Page 4

courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration."). This Court should not countenance the Campaign's tactical gamesmanship.

**Class Discovery and Certification Must Precede Any Attempt to Compel Arbitration**

In the April 12, 2021, joint letter to the Court, the Campaign cites a single case, *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216 (S.D.N.Y. 2020), to support its position that "every putative class member would be required . . . to submit their claims to arbitration" under the Employment Agreement. ECF No. 49 at 2. As an initial matter, *Chen-Oster* arose in completely different factual and procedural circumstances than the instant case, and therefore has little if any applicability here. *Cf. S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2d Cir. 1998) (determination of waiver of arbitration rights is a "fact-specific" inquiry and "there are no bright-line rules"). Among other differences, in *Chen-Oster* the defendant gave "extensive notice" of its intent to compel arbitration, and therefore did not waive that right. *Chen-Oster*, 449 F. Supp. 3d at 235. As discussed above, the Campaign did the opposite here by expressly rejecting Plaintiffs' attempts to arbitrate.

To the extent *Chen-Oster* does have applicability here, it is only insofar as it makes clear that any determination of whether the putative class members must arbitrate their claims can only occur *after* a class has been certified. *Id.* at 234 ("In the context of class action litigation, courts repeatedly have held that the earliest time to move to compel arbitration is after class certification."). Thus, regardless of the parties' respective positions regarding the Campaign's ultimate ability to compel arbitration, it has no legal basis to ask this Court to pre-emptively determine that question prior to class discovery and class certification proceedings.[2]

---

[2] To the extent the Campaign, in addition to arguing that it has the right to compel arbitration, may also be planning to argue that the arbitration provisions generally "do not permit class treatment," that is also wrong. ECF No. 49 at 2. The provisions say nothing about the putative class members' right to participate in class litigation. ECF No. 22-1 Ex. A ¶ 8(b). Such silence may bar a court from compelling class *arbitration*, "because arbitrators wield only the authority they are given," and "[n]either silence nor ambiguity provides a sufficient basis for concluding that parties to an arbitration agreement agreed to" class arbitration. *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1416-17 (2019). But that does not mean that contractual silence precludes a class action under Rule 23, as federal courts' authority does not derive from private parties' contractual consent.

Hon. Paul G. Gardephe
April 23, 2021
Page 5

*****************

      In light of the above, plaintiffs respectfully reiterate their request to proceed with limited discovery as to the size and composition of the class, to be followed by briefing on class certification.  *See* ECF No. 49 at 1.  Plaintiffs believe that is the most logical and efficient procedural path to move this case forward towards a conclusion.

      Plaintiffs would welcome the opportunity to discuss these issues at a conference should the Court find it useful.

Respectfully submitted,


*/s/Joseph Slaughter*
Joseph Slaughter

JS/rtw