## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

JESSICA DENSON, Individually and on
Behalf of All Others Similarly Situated,

*Plaintiffs*,

*v.*

DONALD J. TRUMP FOR PRESIDENT, INC.,

*Defendant*.

No. 20 Civ. 4737 (PGG)

---

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Through this class-action lawsuit, Lead Plaintiff Jessica Denson seeks to ensure that Defendant Donald J. Trump for President, Inc. can no longer silence its former workers by invoking provisions in an unlawful form contract the campaign required its workers to sign during the 2016 presidential campaign (the "Employment Agreement"). On March 30, 2021, the Court granted, in part, Plaintiffs' motion for summary judgment, holding that the nondisclosure and non-disparagement provisions of the Employment Agreement signed by Ms. Denson are invalid and unenforceable. ECF No. 48. The Court denied Plaintiffs' request for injunctive relief, citing Plaintiffs' failure to request injunctive relief in their complaint. *Id.* at 34 n.10. At the Court's direction, ECF No. 51, Plaintiffs' now move to amend their complaint to correct this ministerial error.

### BACKGROUND

Plaintiffs assume familiarity with the Court's Memorandum Opinion and Order, ECF No. 48, and recount only those facts relevant to the present motion.

### A. Relevant Procedural Posture

Ms. Denson filed this class-action lawsuit in New York state court on June 1, 2020. *See* ECF No. 1-1. Through this class action, Ms. Denson seeks to prevent Defendant Donald J. Trump for President, Inc. (the "Campaign") from continuing to use its Employment Agreement to silence its former workers. *See id.* That contract contains a nondisclosure provision that ostensibly prevents signers from ever disclosing, among other things, any information that former President Trump insists remain private. *See id.* Ex. A ¶¶ 1, 6. It also contains a non-disparagement provision that prevents signers from ever "demean[ing] or disparag[ing] publicly" former President Trump, any member of his family, and any of his or his family's companies. *Id.* ¶¶ 2, 6.

Plaintiffs believe the Campaign required most, if not all, of its employees, contractors, and volunteers to sign the Employment Agreement, ECF No. 1-1 ¶ 36, and the Campaign has repeatedly attempted to enforce its Employment Agreement against former workers whose speech the Campaign does not like, including Ms. Denson, ECF No. 48 at 16. The Employment Agreement also contains a provision that purportedly enables hundreds of individuals and entities to enforce the non-disclosure and non-disparagement provisions, including former President Trump, his family members, and his and his family's companies. ECF No. 1-1 Ex. A ¶ 7(d).

In their complaint, Plaintiffs requested that the case be designated as a class action, with Ms. Denson serving as lead plaintiff; a declaratory judgment that the Campaign's Form NDA is illegal and unenforceable; reasonable fees and costs; and such other relief as the Court shall deem just and equitable. ECF No. 1-1 at 30 ¶ E (page 27 of the original state-court complaint).

Plaintiffs did not separately request an injunction prohibiting any enforcement of the Campaign's Form NDA, *see id.*, which was an oversight by Plaintiffs' counsel.

On June 19, 2020, the Campaign removed the case to this Court and subsequently requested permission to move to dismiss the action. ECF Nos. 1, 15. Plaintiffs responded by asking the Court to deny the Campaign's proposed motion on the grounds that it lacked merit, or, in the alternative, to permit Plaintiffs to cross-move for summary judgment on the narrow legal issue at stake and simultaneously brief the motion to dismiss and motion for summary judgment. ECF No. 16. Following an initial conference on July 9, 2020, the Court directed the parties to simultaneously brief the Campaign's motion to dismiss and Plaintiffs' motion for summary judgment. ECF No. 18.

Although Plaintiffs inadvertently failed to request injunctive relief in their initial complaint, Plaintiffs have made clear in multiple submissions to the Court that they seek permanent injunctive relief. On July 2, 2020, the parties filed a joint letter and proposed civil case management plan and scheduling order. ECF No. 14. There, Plaintiffs specified that they seek "declaratory and injunctive relief invalidating the Form NDA as unenforceable." *Id.* at 1. When Plaintiffs subsequently filed their motion for summary judgment on July 30, 2020, Plaintiffs' notice of motion, memorandum in support, and proposed order granting their motion each specified that Plaintiffs seek permanent injunctive relief. ECF No. 19 at 1; ECF No. 20 at 1, 25; ECF No. 27.

On March 30, 2021, the Court granted, in part, Ms. Denson's motion for summary judgment, declaring that the nondisclosure and non-disparagement provisions of the Employment Agreement are void and unenforceable against Ms. Denson. ECF No. 48. The Court, however, denied Plaintiffs' request for injunctive relief, citing Plaintiffs' failure to request

injunctive relief in their complaint. *Id.* at 34 n.10. The Court directed the parties to submit a joint letter apprising the Court of how the parties would like to proceed. *Id.* at 35.

On April 12, 2021, the parties filed their joint letter, in which Plaintiffs notified the Court that Plaintiffs believe the Court is empowered to issue injunctive relief, notwithstanding Plaintiffs' failure to request injunctive relief in their initial complaint, but that Plaintiffs were alternatively prepared to seek permission to amend their complaint to request injunctive relief. ECF No. 49 at 1 n.1. On April 16, 2021, the Court directed Plaintiffs to file any motion to amend their complaint by April 23, 2021. ECF No. 51. Plaintiffs accordingly file this motion for leave to amend their complaint.[1]

### B. Proposed Amended Complaint

Pursuant to the Court's Individual Rule of Practice ¶ VI(C), Plaintiffs have attached a copy of their proposed amended complaint and a blackline of their amended complaint showing all changes from their previously filed complaint as Exhibits A and B to this memorandum.

Plaintiffs' amended complaint contains a new, specific request for injunctive relief in their Request for Relief. *See* Ex. A at 28 ¶ D. In addition, Plaintiffs have made the following non-substantive changes to reflect the change in forum and the passage of time:

- the caption has been updated to reflect the federal forum;

- the format of citations has been changed from the *New York Official Reports Style Manual* to the *The Bluebook: A Uniform System of Citation* format;

- references to the New York Civil Practice Law and Rules have been updated to refer to the relevant federal laws and rules; and

---

[1] On April 20, 2021—a week after the deadline in Federal Rule of Civil Procedure 12(a)(4)(A), the Campaign filed an answer to Plaintiffs' complaint. ECF No. 52.

- there are several changes to reflect the passage of time (*e.g.*, the proposed amended complaint refers to "a presidential election year" rather than "this year's presidential election").

Plaintiffs shared their proposed amended complaint with the Campaign via email on April 19, 2021, and asked whether the Campaign would oppose this motion to amend. The Campaign responded that it "cannot consent [to the amendment] as it is our position that Jessica Denson has already obtained all of the relief to which she is entitled."

## LEGAL STANDARD

After responsive pleadings have been filed, Federal Rule of Civil Procedure 15(a)(2) specifies that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." "Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Great Lakes Reinsurance (UK) SE v. Herzig*, 413 F. Supp. 3d 177, 182 (S.D.N.Y. 2019); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962); *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000). "District courts 'ha[ve] broad discretion in determining whether to grant leave to amend.'" *Great Lakes Reinsurance (UK) SE*, 413 F. Supp. 3d at 182–83 (quoting *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000)) (alteration in original).

## ARGUMENT

## I.   THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO AMEND THE COMPLAINT

Because (1) Plaintiffs have not unduly delayed or exercised bad faith in moving to amend their complaint; (2) the Campaign will not be prejudiced in permitting Plaintiffs to amend, and

(3) the proposed amendment is not futile, the Court should exercise its discretion and "freely grant leave" to Plaintiffs to make these ministerial, but important, amendments to the complaint.

### A.      Plaintiffs Have Not Unduly Delayed In Moving to Amend Their Complaint

Plaintiffs have not delayed, let alone "undu[ly] delay[ed]," in moving to amend their complaint. *Great Lakes Reinsurance (UK) SE*, 413 F. Supp. 3d at 182. In this Circuit, "'mere delay' is not, of itself sufficient to justify denial of a Rule 15(a) motion." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000); *Pasternack v. Lab'y Corp. of Am.*, 892 F. Supp. 2d 540, 550 (S.D.N.Y. 2012). Accordingly, "delay is rarely fatal to a Rule 15 motion if it can be explained," *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010), and courts in this Circuit routinely allow plaintiffs to amend their complaint despite the passage of multiple years, *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (collecting cases). That is particularly true where a plaintiff moves to amend their complaint within the timeframe set by the Court. *E.g.*, *Gormin v. Hubregsen*, No. 08 CIV. 7674 PGG, 2009 WL 35020, at *1 (S.D.N.Y. Jan. 6, 2009).

Plaintiffs filed their initial complaint less than eleven months ago. *See* ECF No. 1-1. In doing so, Plaintiffs inadvertently failed to request injunctive relief. *See id.* at 30 (page 27 of the original state-court complaint). When the Plaintiffs subsequently moved to compel injunctive relief, the Campaign did not separately object to injunctive relief apart from opposing Plaintiffs' motion on the merits or object on the specific grounds that Plaintiffs failed to request injunctive relief in their complaint. *See* ECF No. 34. Nor did Plaintiffs have the benefit of the Court's decision that Plaintiffs could not obtain injunctive relief because they failed to request injunctive relief in their complaint until March 30, 2021. *Cf. Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 473 F. Supp. 3d 361, 364–65 (S.D.N.Y. 2020) ("There is a strong preference for allowing plaintiffs to amend inadequate pleadings. This is particularly true if the plaintiff has not had

the benefit of a court ruling with respect to the deficiencies of its pleading." (internal citation omitted)). And Plaintiffs now move to amend their complaint within the timeframe set by the Court. *See* ECF No. 51.

On these facts, Plaintiffs have not delayed, let alone unduly delayed, in seeking to amend their complaint to add a request for injunctive relief.

### B.    Plaintiffs Have Not Exercised Bad Faith

Plaintiffs have not exercised bad faith in moving to amend their complaint. As noted above, Plaintiffs inadvertently failed to request injunctive relief in their complaint. After reviewing the Court's Memorandum Order and Opinion, Plaintiffs promptly informed the Court of their mistake and apprised the Court of their intent to take steps to cure that error at the first opportunity, ECF No. 49 at 1 n.1; and Plaintiffs now move to amend their complaint, per the Court's order and within the timeframe set by the Court.

### C.    Plaintiffs' Proposed Amendment Will Not Unfairly Prejudice the Campaign

Permitting Plaintiffs to amend their complaint will not prejudice the Campaign. In gauging prejudice, courts consider "whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). "Undue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'" *Id.* (quoting *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

Here, permitting Plaintiffs to amend their complaint to include a request for injunctive relief will not prejudice the Campaign. The Campaign has been on notice that Plaintiffs intend to seek injunctive relief since July 2, 2020, at the latest. *See* ECF No. 14 at 1. Moreover, the

proposed amendments will neither require the Campaign to expend additional resources nor

delay resolution of the dispute. Indeed, the mere fact that Plaintiffs seek to formalize their

longstanding request for injunctive relief injects no new factual or legal issues into the case that

would require additional discovery or any other additional proceedings. The amendment goes

only to the terms and scope of the eventual remedy, not to any substantive issue in this

litigation.[2]

### D.    The Proposed Amendment Is Not Futile

Plaintiffs' proposed amendment is not futile. An amendment would be futile if it "would

not survive a motion to dismiss." *Great Lakes Reinsurance (UK) SE v. Herzig*, 413 F. Supp. 3d

177, 183 (S.D.N.Y. 2019).

Here, the Court has already denied the Campaign's motion to dismiss this action and

granted Plaintiffs partial summary judgment on the merits. ECF No. 48. Whether Plaintiffs are

further entitled to injunctive relief in these circumstances is not an issue that would fall to any

additional motion to dismiss under Federal Rule of Civil Procedure 12, in part because

"[i]njunctive relief [is a remedy and] not a cause of action." *New Canaan Cap. Mgmt., LLC v.

Ozado Partners LLC*, No. 16 CIV. 1395 (PGG), 2017 WL 1157153, at *2 n.1 (S.D.N.Y. Mar. 25,

2017) (quoting *Ya-Chen Chen v. City Univ. of N.Y.*, No. 11 Civ. 0320 (CM), 2011 WL 5419792,

at *10 (S.D.N.Y. Nov. 9, 2011)).

---

[2] Any claim of prejudice is further undermined by Federal Rule of Civil Procedure 54(c), which
specifies that every final judgment apart from default judgments "should grant the relief to which
each party is entitled, even if the party has not demanded that relief in its pleadings." Where a
plaintiff fails to request injunctive relief in their complaint, the opposing party is generally not
prejudiced by the entry of injunctive relief so long as they are on notice that the plaintiff seeks
injunctive relief. *See Powell v. National Bd. of Med. Examiners*, 364 F.3d 79, 85–86 (2d Cir.
2004).

More importantly, Plaintiffs' request for injunctive relief is necessary to vindicate fully the Court's ruling and prevent the Campaign, former President Trump, and others from continuing to chill speech they dislike. The Court has already found that "the Campaign has engaged a pattern of enforcing or threatening to enforce the Employment Agreement's non-disclosure and non-disparagement provisions against former Campaign employees, including Denson, Newman, Sims, and Johnson." ECF No. 48 at 16. In doing so, the Campaign "is not operating in good faith to protect what it has identified as legitimate interests." *Id.* at 33. "The evidence before the Court instead demonstrates that the Campaign has repeatedly sought to enforce the non-disclosure and non-disparagement provisions to suppress speech that it finds detrimental to its interests." *Id.* The effect of these efforts is to chill the speech of Ms. Denson and all other former Campaign workers, harming not only them but also the general public. *See id.* at 28–29. In these circumstances, only class-wide injunctive relief can eliminate the cumulative chilling effect of the Campaign's unlawful Employment Agreement and pattern of bad faith enforcement.

## CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court grant their motion for leave to file an amended complaint.

Dated: April 23, 2021                    Respectfully Submitted,


                                         By: /s/ John Langford
David A. Schulz                          John Langford
Joseph Slaughter                         UNITED TO PROTECT DEMOCRACY, INC.
BALLARD SPAHR LLP                        555 W. 5th St.
1675 Broadway, 19th Floor                Los Angeles, CA 90013
New York, NY 10019                       Telephone: (202) 579-4582
Telephone: (212) 850-6103                Fax: (929) 777-8428

Fax: (212) 223-1942
Email: schulzd@ballardspahr.com
Email: slaughterj@ballardspahr.com

David K. Bowles
BOWLES & JOHNSON PLLC
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
Email: David@BoJo.Law

Email: john.langford@protectdemocracy.org

Brittany Williams
UNITED TO PROTECT DEMOCRACY, INC.
1900 Market St., 8th Fl.
Philadelphia, PA 19103
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: brittany.williams@protectdemocracy.org

Anne Tindall
UNITED TO PROTECT DEMOCRACY, INC.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: anne.tindall@protectdemocracy.org

*Counsel for Plaintiffs*