UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JESSICA DENSON, individually and on behalf of          Case No.: 20-cv-04737 (PGG)
all others similarly situated,

                        Plaintiff,

      -against-

DONALD J. TRUMP FOR PRESIDENT, INC.

                       Defendant.
----------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND HER COMPLAINT

*On the brief:*
*Patrick McPartland, Esq.*
*Jared E. Blumetti, Esq.*

**LAROCCA HORNIK ROSEN
& GREENBERG LLP**
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837/4831
E: PMCPARTLAND@LHRGB.COM
   JBLUMETTI@LHRGB.COM

*Attorneys for defendant*
*Donald J. Trump for President, Inc.*

Defendant Donald J. Trump for President, Inc. (the "Campaign") respectfully submits this memorandum of law in opposition to plaintiff's motion seeking leave to amend her complaint.

## PRELIMINARY STATEMENT

Plaintiff's proposed amendment to add a request for injunctive relief prohibiting the Campaign from attempting to enforce the Agreement against her or any of the putative class members is futile, whether such relief is requested on behalf of plaintiff or the putative class.

As for plaintiff, Your Honor has already declared that the confidentiality and non-disparagement provisions contained in her Agreement are invalid and unenforceable as to her. The Campaign is certainly not going to violate Your Honor's existing order by seeking to enforce these provisions against plaintiff (and it has avowed not to do so in an accompanying declaration). Indeed, plaintiff does not plead any allegations in her proposed amended complaint asserting otherwise. As such, plaintiff cannot demonstrate "imminent and irreparable harm," which makes her proposed amendment futile.

As for the putative class members, they are each bound to arbitrate any claims against the Campaign on an individual basis under the arbitration provision contained in the Agreement (which the Campaign intends to enforce should any such claims be asserted). As any claim for injunctive relief under the Agreement by any putative class member would be arbitrable, this Court would ultimately lack subject matter jurisdiction over the claims. As a result, an amendment to assert any such claims on behalf of the putative class would also be futile.

For these reasons (and the reasons set forth below), it is respectfully requested that plaintiff's motion to amend be denied in its entirety.

**ARGUMENT**

**I.**

**PLAINTIFF'S PROPOSED AMENDMENT IS FUTILE**

Leave to amend a pleading under Rule 15(a)(2) of the Federal Rules of Civil Procedure is properly denied where the proposed amendment would be futile. *See e.g. Murdaugh v. City of New York*, 2011 WL 1991450, * 2 (S.D.N.Y. May 19, 2011) ("leave to amend need not be granted where the proposed amendment is futile"). "A proposed amendment to a pleading is deemed to be futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." *Kirk v. Heppt*, 423 F.Supp.2d 147, 149 (S.D.N.Y. 2006).

**A.**    **Plaintiff Has No Basis to Request Injunctive Relief on Behalf of Herself**

To obtain injunctive relief, the plaintiff must show, among other things, that she has suffered irreparable harm. *See e.g. EMA Financial, LLC v. Vystar Corp.*, 2020 WL 1233608, * 4 (S.D.N.Y. March 13, 2020) ("[i]rreparable harm is an injury that is not remote or speculative but actual and imminent") (*citations omitted*); *Fort v. American Federation of State, County and Municipal Employees*, 375 Fed.Appx. 109, 112 (2d Cir. 2010) ("[p]laintiffs' patent inability to demonstrate imminent and irreparable harm further supports the dismissal of their complaint seeking permanent injunctive relief").

As the courts have held, where declaratory relief is sufficient to resolve the parties' dispute (and there is no evidence that the defendant will violate the order granting declaratory relief), there is no basis for injunctive relief. *See e.g. National Fuel Gas Supply Corp. v. Town of Wales*, 2013 WL 5739033, * 6 (W.D.N.Y. October 22, 2013) (declining to issue permanent injunctive relief prohibiting enforcement of a town permit after declaring the permit preempted by federal law because the declaration resolved the parties' dispute and there was no evidence that the defendant would still endeavor to enforce the permit following the court's declaration); *Empire Pipeline, Inc.*

*v. Town of Pendleton*, 472 F.Supp.3d 25, 47 (W.D.N.Y. 2020) (declining to issue permanent injunctive relief on the grounds that the court's declaration resolved "the substantive equitable dispute between the parties"); *see generally Collier Advertising Service v. City of New York*, 32 F.Supp. 870, 872 (S.D.N.Y. 1940) ("[i]t would be disingenuous to deny that a declaration of the plaintiff's claimed rights in this action would secure any other result than to enjoin"). This, because the plaintiff cannot demonstrate any irreparable harm (i.e., an actual and imminent threat that the defendant will violate the order). Correspondingly, in the context of a motion to amend, an amendment to add a request for injunctive relief would be futile where the plaintiff has already received declaratory relief and there is no evidence that the defendant will violate that order.

Here, this Court has already declared the Agreement's confidentiality and non-disparagement provisions invalid and unenforceable as to plaintiff. *See Denson v. Trump*, 2021 WL 1198666, * 1 (S.D.N.Y. March 30, 2021). The Campaign has not and will not take any steps to violate this Court's existing order by enforcing or attempting to enforce these provisions against plaintiff. *See paragraph 2 of the Declaration of Alex Cannon, sworn to on May 12, 2021 (the "Cannon Decl.")*. Furthermore, plaintiff's proposed amended complaint does not (and cannot) plead any allegations suggesting that the Campaign has or will violate this Court's order.

Under these circumstances, plaintiff cannot demonstrate that she will suffer "imminent and irreparable harm" under the Agreement, as required for injunctive relief, and, as such, her motion to amend is futile.[1] *See Fort v. American Federation of State, County and Municipal Employees*, 375 Fed.Appx. at 112; *National Fuel Gas Supply Corp. v. Town of Wales*, 2013 WL 5739033 at * 6; *Empire Pipeline, Inc. v. Town of Pendleton*, 472 F.Supp.3d at 47.

---

[1] Even if plaintiff had requested injunctive relief in her original complaint, she would not have been entitled to injunctive relief for these very same reasons. *See National Fuel Gas Supply Corp. v. Town of Wales*, 2013 WL 5739033 at * 6; *Empire Pipeline, Inc. v. Town of Pendleton*, 472 F.Supp.3d at 47.

**B.   The Putative Class Members Would be
      Required to Arbitrate Any Request for Injunctive Relief**

As the courts have repeatedly held, a motion to amend a pleading is futile where, as here, the proposed amendment is arbitrable. *See e.g. Aleksanian v. Uber Technologies Inc.*, 2021 WL 860127, * 2, n. 1 (S.D.N.Y. March 8, 2021) (in putative class action lawsuit, denying named plaintiffs leave to move to amend their complaint to assert NYLL claims on futility grounds because these claims would be arbitrable under the parties' arbitration agreement); *Oguejiofo v. Open Text Corp.*, 2010 WL 1904022, * 3 (S.D.N.Y. May 10, 2010) ("[s]ince the arbitration clause applies to this dispute, the court lacks subject matter jurisdiction over [plaintiff's] claim and any amendment by [plaintiff] would be futile"); *Kutluca v. PQ New York Inc.*, 266 F.Supp.3d 691, 704–05 (S.D.N.Y. 2017) (denying plaintiffs leave to amend on futility grounds because their proposed claims fell within the scope of binding arbitration agreements); *Ferrie v. DirecTV, LLC*, 2016 WL 183474, * 15 (D. Conn. January 12, 2016) (denying motion to amend as futile where the claims asserted in the proposed amended complaint were subject to parties' arbitration agreement).

Under the Agreement, the Campaign has the contractual right to arbitrate disputes "arising under or relating to the [A]greement" on an individual basis with any putative class members before the American Arbitration Association.[2]  Plaintiff's proposed request for injunctive relief on behalf of the putative class members—i.e., to prohibit the Campaign from attempting to enforce the Agreement against any of the putative class members on the grounds that the Agreement is "void and unenforceable" as a whole—is plainly arbitrable. *See e.g. Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449, 126 S.Ct. 1204, 1210 (2006) ("a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator"). As

---

[2] The Agreement's arbitration provision specifically incorporates the procedural rules of the AAA, which provide that "[t]he arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part." *See* AAA Rule 7(b).

4

such, the Campaign will exercise its right to compel any putative class member to arbitrate any claims regarding the validity and enforceability of the Agreement on an individual basis before the AAA.³ *Cannon Decl.*, ¶ 3.

Furthermore, even if the claims were not arbitrable, plaintiff has not alleged in her proposed amended complaint that the Campaign would disobey any order granting declaratory relief on behalf of the putative class and, as such, she has also failed to plead a basis for an injunctive relief on behalf of the putative class members. *See Fort v. American Federation of State, County and Municipal Employees*, 375 Fed.Appx. at 112; *National Fuel Gas Supply Corp. v. Town of Wales*, 2013 WL 5739033 at * 6; *Empire Pipeline, Inc. v. Town of Pendleton*, 472 F.Supp.3d at 47.

## CONCLUSION

Based on the foregoing, the Campaign respectfully requests that the Court deny plaintiff's motion in its entirety and grant the Campaign such other relief as the Court deems just and proper.

Dated: New York, New York
       May 14, 2021

> LAROCCA HORNIK ROSEN
> & GREENBERG LLP
>
> By: /s/ *Patrick McPartland*
> Patrick McPartland
> Jared E. Blumetti
> 40 Wall Street, 32nd Floor
> New York, New York 10005
> T: (212) 530-4837, 4831
> E: pmcpartland@lhrgb.com
>    jblumetti@lhrgb.com
>
> *Attorneys for defendant*
> *Donald J. Trump for President, Inc.*

---

³ Pursuant to this Court's April 27, 2021 Order, the parties were directed to separately brief plaintiff's assertion that the Campaign "waived" its right to arbitrate with the putative class members (which it did not). ECF Doc. No. 59. To the extent plaintiff raises any issue of waiver in her reply papers on this motion, the Campaign respectfully refers the Court to its anticipated briefing on this issue, which is incorporated by reference herein.