## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA DENSON, Individually and on Behalf of All Others Similarly Situated, *Plaintiffs*, *v.* DONALD J. TRUMP FOR PRESIDENT, INC., *Defendant*. | No. 20 Civ. 4737 (PGG) |

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

At the Court's direction, Plaintiffs filed a limited motion seeking leave to amend their complaint to add a request for injunctive relief. *See* ECF No. 55. Defendant Donald J. Trump for President, Inc. (the "Campaign") opposes that motion, arguing that the proposed amendment would be "futile" because: (1) Plaintiffs could not demonstrate the "irreparable harm" necessary to support injunctive relief; and (2) an arbitration provision in the form contract at issue in this litigation (the "Employment Agreement") precludes this Court from granting *any* relief to the members of the putative class. ECF No. 60. Both arguments are flatly incorrect.

The Campaign is wrong as a matter of law because futility is not an appropriate basis on which to challenge an amendment that affects only the relief sought, not the substantive allegations and claims in the complaint. Further, Plaintiffs can readily demonstrate irreparable harm. The Campaign's own actions already belie its promise to abide by the Court's declaration in its summary judgment opinion. Nor can the Campaign rely on the arbitration provision as precluding the relief Plaintiffs seek, because it has waived the right to enforce that provision.

The Court should allow Plaintiffs to file their proposed amended complaint and move this case towards final resolution.

## ARGUMENT

### I. PLAINTIFFS' PROPOSED AMENDED COMPLAINT IS NOT FUTILE

A proposed amended pleading is futile only where it "would not survive a motion to dismiss." *Great Lakes Reinsurance (UK) SE v. Herzig*, 413 F. Supp. 3d 177, 183 (S.D.N.Y. 2019). Under that standard (the same standard applied to motions to dismiss under Rule 12(b)(6)), leave to amend may be denied on grounds of futility only if the proposed amendment "fails to state a legally cognizable claim or fails to raise triable issues of fact," *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010), *i.e.*, "if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief," *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

As demonstrated in Plaintiffs' opening memorandum, the proposed amended complaint easily clears this low bar. ECF No. 55 at 8–9. The Campaign counters that the amended complaint is futile, either because Plaintiffs will not be able to demonstrate irreparable harm or because Plaintiffs will be required to arbitrate any claim for injunctive relief. Both arguments are baseless.

### A. "Futility" Is Not an Appropriate Ground to Deny a Motion to Amend Seeking Only to Modify the Requested Remedy

As an initial matter, whether a party is entitled to add a request for injunctive relief to a complaint is not the kind of issue that lends itself to a futility analysis. Plaintiffs' request for injunctive relief is a request for a remedy, not a new cause of action subject to dismissal under Rule 12(b)(6). *See New Canaan Cap. Mgmt., LLC v. Ozado Partners LLC*, No. 16 CIV. 1395 (PGG), 2017 WL 1157153, at *2 n.1 (S.D.N.Y. Mar. 25, 2017). Because a request for injunctive

relief is not a cause of action, "a request for permanent injunctive relief should not be dismissed at the pleading stage unless the underlying claim upon which relief is sought is dismissed." *Bouveng v. NYG Cap. LLC*, No. 14 CIV. 5474 PGG, 2015 WL 3503947, at *15 (S.D.N.Y. June 2, 2015) (quoting *Marino v. Northwestern Mut. Life Ins. Co.*, No. 00 Civ. 3212, 2001 WL 262574, at *3 (S.D.N.Y. Mar. 14, 2001)).

The Court's "task on a motion to dismiss" is to assess whether the factual allegations "plausibly suggest an entitlement to relief," not to evaluate the nature of the relief that might be appropriate. *Id.* (quoting *Messinger v. JPMorgan Chase Bank, N.A.*, No. 13 Civ. 2444(AJN), 2014 WL 904528, at *2 (S.D.N.Y. Mar. 7, 2014)). Indeed, courts regularly reject Rule 12(b)(6) motions aimed at obtaining a summary ruling on the availability of equitable relief, including injunctions. *E.g.*, *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539, 551 (E.D.N.Y. 2018) (collecting cases); *RJ Cap., S.A. v. Lexington Cap. Funding III, Ltd.*, No. 10 CIV.24 PGG, 2011 WL 3251554, at *16 (S.D.N.Y. July 28, 2011); *see also Sec. Inv. Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 333 (Bankr. S.D.N.Y. 1999) ("[A] motion to dismiss the complaint will not search out the nature of the relief or judgment to which a plaintiff may be entitled."). Given that the standards for assessing a Rule 12(b)(6) motion and "futility" are one in the same, it makes little sense to argue that futility is a basis upon which leave to amend a complaint to request injunctive relief should be denied.

### B. The Campaign's "Irreparable Harm" Argument is Belied By Its Own Actions

Even assuming it were proper to consider the propriety of injunctive relief in this posture, Plaintiffs' request for injunctive relief is plainly not futile. The Campaign argues that Plaintiffs could not possibly demonstrate irreparable harm because there is no evidence the Campaign will disregard the Court's declaratory judgment. ECF No. 60 at 3. This simply is not so. Indeed, the Campaign is *already* disregarding the judgment.

Just two weeks after the Court's ruling, the Campaign filed a letter in an ongoing arbitration against another former Campaign worker, urging the arbitrator to ignore this Court's ruling as invalid, "poorly reasoned and result-oriented." Decl. of Joseph Slaughter Ex. 1 at 5, ECF No. 62-3. Its actions are entirely in keeping with this Court's finding that the Campaign "is not operating in good faith" and has undertaken a series of bad faith enforcement actions aimed at silencing speech it dislikes. Mem. Op. & Order at 16, 33, ECF No. 48; *see also id.* at 28–29 (discussing the chilling effect of the Campaign's Employment Agreement).

The Campaign also suggests that Plaintiffs could not demonstrate a likelihood of irreparable harm because it now commits that "[t]he Campaign . . . will not take any steps to violate Your Honor's existing order by enforcing or attempting to enforce [the Employment Agreement's confidentiality and non-disparagement] provisions against Ms. Denson." Decl. of Alex Cannon ¶ 2, ECF No. 60-1. On its face, that commitment says nothing with respect to other class members. Moreover, even as to Ms. Denson the commitment means almost nothing, given that the Employment Agreement empowers former President Trump, his family members, and more than 500 affiliated companies to enforce the Employment Agreement. Denson Decl. Ex. A ¶¶ 6, 7(d) (empowering former President Trump, his family, and their affiliated companies "to enforce" the Employment Agreement), ECF No. 22-1; *see* Mem. Op. & Order at 27, ECF No. 48 (finding that Mr. Trump and his family are affiliated with more than 500 companies). The Campaign's new commitment does not protect Plaintiffs from further abuses of the Employment Agreement. Instead, Plaintiffs continue to suffer the irreparable harm of having their speech on matters of public interest chilled by the Employment Agreement's nondisclosure and non-disparagement provisions, given that hundreds of entities and individuals may yet seek to enforce those provisions against Plaintiffs. *See* Mem. Op. & Order at 16, 28–29, ECF No. 48 (finding

Case 1:20-cv-04737-PGG   Document 63   Filed 05/21/21   Page 5 of 8

that the Employment Agreement affects Plaintiffs' First Amendment rights and chills their

speech); *see also Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment

freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

The Campaign is correct that courts do sometimes decline to issue injunctive relief where

it appears that declaratory relief is sufficient to remedy a dispute. ECF No. 60 at 2–3. But in each

of its cited cases, the court concluded that injunctive relief was unnecessary because there was no

evidence that the losing party would violate the Court's declaratory judgment. *Empire Pipeline,

Inc. v. Town of Pendleton*, 472 F. Supp. 3d 25, 47 (W.D.N.Y. 2020); *Nat'l Fuel Gas Supply

Corp. v. Town of Wales*, No. 12-CV-034S, 2013 WL 5739033, at *6 (W.D.N.Y. Oct. 22, 2013);

*Collier Advert. Serv. v. City of New York*, 32 F. Supp. 870, 872 (S.D.N.Y. 1940). Even without

the full evidentiary record necessary to make such an assessment, it is obvious that declaratory

relief alone is not sufficient here, where the Campaign is already working to undermine the

Court's order. Moreover, each of the cases the Campaign cites involved government entities,

which enjoy a presumption of regularity not afforded litigants like the Campaign. *Collier Advert.

Serv. v. City of New York*, 32 F. Supp. 870, 872 (S.D.N.Y. 1940) ("[A] natural presumption

expects public officials to respect the Court's declaration and to follow its interpretation of the

law."); *see also, e.g.*, *Knight First Amend. Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d

541, 549 (S.D.N.Y. 2018) ("[A]ll government officials are presumed to follow the law as has

been declared."), *aff'd*, 928 F.3d 226 (2d Cir. 2019), *cert. granted, judgment vacated sub

nom. Biden v. Knight First Amend. Inst. At Columbia Univ.*, 141 S. Ct. 1220 (2021). And none of

the cases the Campaign cites dealt with a concern that third parties might frustrate the court's

ruling. *Cf. Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, No. 96 CIV.

8414, 2016 WL 7320775, at *14 (S.D.N.Y. July 18, 2016), *report and recommendation*

*adopted*, No. 96 CIV. 8414 (KMW), 2016 WL 7243544 (S.D.N.Y. Dec. 14, 2016); *Dunn v. New York State Dep't of Lab.*, 594 F. Supp. 239, 242 (S.D.N.Y. 1984).[1] The fact that courts sometimes decline to enter injunctive relief against government entities that have not demonstrated a likelihood of violating a court's declaratory judgment, and in cases that do not involve potential violations by third parties, says nothing about the propriety of injunctive relief in this case.

In sum, even if the propriety of injunctive relief could be addressed in this posture, Plaintiffs' request for injunctive relief is far from futile. Only class-wide injunctive relief can eliminate the chilling effect of the Campaign's unlawful Employment Agreement and pattern of bad faith enforcement.

### C. Plaintiffs Are Not Required to Arbitrate Their Request for Injunctive Relief

The Campaign's suggestion that the Employment Agreement's arbitration clause renders Plaintiffs' proposed amended complaint futile is the same argument it makes as to why a class purportedly cannot not be certified. *Compare* ECF No. 60 at 4–5 *with* ECF No. 61 at 2–6. It boils down to the contention that the Campaign could and would choose to arbitrate any claim by a class member other than Lead Plaintiff Denson, and to do so on an individual basis. *See id.*

As demonstrated in Plaintiffs' separate briefing on that issue, the Campaign has expressly and implicitly waived any right to compel arbitration with respect to this class action. *See* ECF No. 62 at 4–9. The Campaign's new suggestion that the Employment Agreement precludes class

---

[1] Courts' authority to issue third-party injunctions derives from the All Writs Act, 28 U.S.C. § 1651(a). *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) ("The power conferred by the [All Writs] Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order . . . ."); *see also* Fed. R. Civ. P. 62(d)(2) (confirming that an injunction may bind "the parties; . . . the parties' officers, agents, servants, employees, and attorneys; . . . and other persons who are in active concert or participation" with the parties and their agents).

litigation is premised on a misunderstanding of relevant Supreme Court precedent. *Id.* at 9–10. Moreover, the arbitrability of putative class members' claims is an issue properly decided at the class certification stage, following class discovery. *See id.* at 10–12.

## II.     THE CAMPAIGN CONCEDES THAT THERE IS NO UNDUE DELAY, BAD FAITH, OR PREJUDICE

As Plaintiffs established in their opening memorandum, all other factors relevant to a determination of whether to permit an amendment to a complaint weigh in favor of granting Plaintiffs leave to amend. *See* ECF No. 55 at 5–8. Specifically, Plaintiffs have not unduly delayed or exercised bad faith, and their proposed amended complaint will not prejudice the Campaign. *See id.* The Campaign makes no argument to the contrary. *See* ECF No. 60 at 2–5.

## CONCLUSION

For the reasons above and those laid out in Plaintiffs' opening memorandum, Plaintiffs respectfully request that the Court grant their motion for leave to file an amended complaint.


Dated: May 21, 2021                     Respectfully Submitted,

                                        By: /s/ John Langford
                                            John Langford (JL-2367)
David A. Schulz                             UNITED TO PROTECT DEMOCRACY, INC.
Joseph Slaughter                            555 W. 5th St.
BALLARD SPAHR LLP                           Los Angeles, CA 90013
1675 Broadway, 19th Floor                   Telephone: (202) 579-4582
New York, NY 10019                          Fax: (929) 777-8428
Telephone: (212) 850-6103                   Email: john.langford@protectdemocracy.org
Fax: (212) 223-1942
Email: schulzd@ballardspahr.com
Email: slaughterj@ballardspahr.com          Brittany Williams
                                            UNITED TO PROTECT DEMOCRACY, INC.
David K. Bowles                             1900 Market St., 8th Fl.
BOWLES & JOHNSON PLLC                        Philadelphia, PA 19103
14 Wall Street, 20th Floor                  Telephone: (202) 579-4582
New York, New York 10005                    Fax: (929) 777-8428
Tel. (212) 390-8842                         Email: brittany.williams@protectdemocracy.org
Fax (866) 844-8305

Email: David@BoJo.Law

Anne Tindall
UNITED TO PROTECT DEMOCRACY, INC.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: anne.tindall@protectdemocracy.org

*Counsel for Plaintiffs*