UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JESSICA DENSON, individually and on behalf of
all others similarly situated,

                                                                         Case No.: 20-cv-4737 (PGG)

                Plaintiff,

      -against-

DONALD J. TRUMP FOR PRESIDENT, INC.

                Defendant.
---------------------------------------------------------------X

## THE CAMPAIGN'S FURTHER MEMORANDUM OF LAW
## IN ACCORDANCE WITH THE COURT'S APRIL 27, 2021 ORDER

*On the brief:*                        **LAROCCA HORNIK ROSEN**
*Patrick McPartland, Esq.*       **& GREENBERG LLP**
*Jared E. Blumetti, Esq.*         40 Wall Street, 32nd Floor
                                    New York, New York 10005
                                    T: (212) 530-4837/4831
                                    E: PMCPARTLAND@LHRGB.COM
                                        JBLUMETTI@LHRGB.COM

                                    *Attorneys for defendant*
                                    *Donald J. Trump for President, Inc.*

Defendant Donald J. Trump for President, Inc. (the "Campaign") respectfully submits this further memorandum of law in accordance with the Court's April 27, 2021 Order that the parties brief the extent to which the Employment Agreement's arbitration provision precludes class treatment of the instant action (the "Agreement").  ECF Doc. No. 59.

## PRELIMINARY STATEMENT

Plaintiff continues to rely on the flawed proposition that the Campaign's refusal to allow plaintiff to proceed with a jurisdictionally defective class arbitration before the AAA equates to the Campaign consenting that a class action is appropriate in court.  It does not.  Plaintiff never had any right to bring a putative class arbitration before the AAA because class arbitration is prohibited under the Agreement's arbitration provision.  Likewise, the arbitration provision allows the Campaign to require that any putative class members in a lawsuit arbitrate their claims on an individual basis before the AAA (which right it is exercising here).  There can be no "express" waiver of this right by the Campaign's rejection of plaintiff's putative class arbitration before the AAA, and, indeed, plaintiff fails to provide any authority stating otherwise.

Plaintiff's assertion that the Campaign impliedly waived its right to arbitrate with the members of the putative class fails as well.  For one thing, a party is generally not even required to assert its arbitration rights with respect to putative class members until after class certification (i.e., when the class members are identified; subject to the court's jurisdiction; and a definitive determination can be made regarding which specific class members are required to arbitrate their claims).  Here, the Campaign immediately asserted its arbitration rights following the denial of its pre-answer motion to dismiss plaintiff's individual claims on standing grounds and, as demonstrated below, cannot be found to have waived its right to arbitrate as a matter of law.

1

Finally, the fact that this Court has already granted plaintiff summary judgment on her individual claims does nothing to change the enforceability of the Agreement's arbitration provision, which requires that each putative class member's claims be determined on an individual basis by a AAA arbitrator. Here, again, plaintiff fails to provide any authority stating otherwise.

## ARGUMENT

### I.

### PLAINTIFF'S WAIVER ARGUMENTS ARE MERITLESS

**A.     Plaintiff's Express Waiver Arguments Fail**

Plaintiff asserts that the Campaign expressly waived its right to arbitrate disputes with the putative class members by refusing to arbitrate her putative class claims before the AAA in February 2019. However, as the Campaign pointed out in its moving brief, plaintiff had no right to bring a putative class arbitration in the first place because class arbitration is prohibited under the Agreement's arbitration provision. ECF Doc. No. 61, pp. 2–3, 5. The Campaign's refusal to consent to the AAA's jurisdiction over this jurisdictionally defective class arbitration cannot be construed to mean that the Campaign was consenting that a class action lawsuit is appropriate, especially in light of the Campaign's right to arbitrate on an individual basis with any putative class members.[1] Plaintiff's failure to recognize this fact—and her insistence on pushing ahead with a class action lawsuit—does not change the plain language of the arbitration provision.

The Campaign never made any statement that it was waiving its right to arbitrate with any putative class members. It simply refused to allow plaintiff to proceed with her putative class arbitration, and plaintiff—who was well aware of the language of the arbitration provision—

---

[1] Indeed, the Campaign would have arguably waived its right to arbitrate claims with the putative class members on an individual basis had it consented to the AAA's jurisdiction over plaintiff's putative class claims.

2

proceeded at her own risk by filing a class action lawsuit (just as she did when she attempted to file her defective class arbitration). On this same point, the Campaign's statement to Judge Furman in an unrelated legal brief—while perhaps a bit glib—does not constitute an admission that a class action is appropriate in court, much less that the Campaign was "positive[ly] and unequivocal[ly] elect[ing] to ignore" its arbitration rights with respect any putative class members. *See Zhang v. Wang*, 317 Fed.Appx. 26, 28 (2d Cir. 2008); *see also Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 104–05 (2d Cir. 2002) ("[t]here is a strong presumption in favor of arbitration, and waiver of the right to arbitration is not to be lightly inferred") (*internal alteration omitted*).

For all of these reasons, plaintiff's express waiver arguments fail.

**B.      Plaintiff's Implied Waiver Arguments Also Fail**

Likewise, plaintiff's arguments on implied waiver are meritless. Specifically, plaintiff asserts that the putative class members will be "substantively prejudiced" if they are compelled to arbitrate because (i) of the purported time elapsed from the commencement of this case and the litigation the parties have conducted to date and (ii) this Court has already granted plaintiff summary judgment on her individual claims.

As an initial matter, the well-settled rule is that a party is generally not even required to assert its arbitration rights with respect to the unnamed members of a putative class until those members have been identified upon class certification. *See Chen-Oster v. Goldman, Sachs & Co.*, 449 F.Supp.3d 216, 234–35 (S.D.N.Y. 2020). Here, the Campaign appropriately asserted its arbitration rights with respect to the putative class members immediately upon this Court's denial of its pre-answer motion to dismiss, including in the parties' April 12, 2021 joint letter to this Court; in its answer with affirmative defenses; and in a sworn declaration submitted in opposition to plaintiff's pending motion seeking leave to amend her complaint. ECF Doc. Nos. 49, 52, p. 16,

60–1, ¶ 3; 61, p. 6. As such, plaintiff's assertion that the amount of time that has passed purportedly bars the Campaign from asserting its arbitration rights is baseless. *See e.g. Chen-Oster v. Goldman, Sachs & Co.*, 449 F.Supp.3d at 235 (rejecting assertion that Goldman Sachs impliedly waived its arbitration rights with respect to certain class members even though the lawsuit had been pending for ten years because it provided plaintiffs with advance notice of its intention to compel arbitration, including by raising an arbitration-related affirmative defense in each of its answers).

Moreover, the Campaign has not made any motions beyond its pre-answer motion to dismiss, which the courts have found does not constitute an implied waiver of arbitration rights. *See e.g. Jung v. Skadden, Arps, Slate, Meagher & Flom, LLP*, 434 F.Supp.2d 211, 217 (S.D.N.Y. 2006) (filing of Rule 12(b) motion did not constitute a waiver), *citing Sweater Bee by Banff, Ltd. v. Manhattan Industries, Inc.*, 754 F.2d 457, 463 (2d Cir. 1985). Plaintiff further cites no authority to support any assertion that the Campaign waived its arbitration rights by opposing ***her*** pre-answer motion for summary judgment (which she was permitted to file over the Campaign's objection).[2]

---

[2] The cases cited by plaintiff all pertain to instances **where the party seeking to compel arbitration** had previously made motions or otherwise litigated issues going to the substantive merits of their adversary's claims. *See e.g. S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2d Cir. 1998) (affirming finding of implied waiver where the party seeking to compel arbitration had engaged in "extensive discovery," "participated in two settlement conferences," and "actively participated in the litigation for 15 months before seeking to invoke their right to arbitrate on the eve of trial"); *Satcom Intern. Group PLC v. Orbcomm Intern. Partners, L.P.*, 49 F.Supp.2d 331, 339–40 (S.D.N.Y. 1999) (party seeking to compel arbitration waived its arbitration rights by filing an action seeking money damages and a permanent injunction as well as interim injunctive relief and litigating the case through the court's denial of its motion for a preliminary injunction, during which its adversary had, among other things, produced roughly 9,000 pages of documents); *Degidio v. Crazy Horse Saloon and Restaurant Inc.*, 880 F.3d 135 (4th Cir. 2018) (affirming denial of motion to compel arbitration on the grounds that the underlying arbitration provisions themselves were unenforceable, but highlighting that the party who was seeking to compel arbitration had, among other things, litigated the case on the merits for three years prior to moving to compel, including by filing multiple summary judgment motions, serving discovery, and requesting certification of state law questions on two separate occasions).

4

Finally, the fact that the Court granted plaintiff summary judgment on her individual claims does nothing to obviate the Campaign's rights to arbitrate on an individual basis with the putative class members. While any of these putative class members are free to rely on this Court's March 31, 2021 Order as authority, it does not change the jurisdictional requirement that their claims be heard and determined on an individual basis by a AAA arbitrator. *See e.g. Daly v. Citigroup Inc.*, 939 F.3d 415, 421 (2d Cir. 2019) (referencing the "strong federal policy favoring arbitration").

For all of these reasons, plaintiff's implied waiver arguments also fail.

## II.

### CLASS-RELATED DISCOVERY AND MOTION PRACTICE IS UNNECESSARY

Plaintiff's assertion that class-related discovery and motion practice are required prior to a motion to compel arbitration is not correct. Although this rule is typically applied in those cases where there is some uncertainty as to whether all of the putative class members are bound by agreements to arbitrate,[3] the courts have found exceptions to this rule where, as here, there is no dispute that **_all_** of the putative class members are required to arbitrate their claims.

As the Campaign discussed in its moving brief, in these particular circumstances, the courts have found that proceeding with collective or class discovery and certification would be a fruitless exercise. ECF Doc. No. 61, pp. 3–4; *see Lanqing Lin v. Everyday Beauty Amore Inc.*, 2018 WL

---

[3] *See e.g. Chen-Oster v. Goldman, Sachs & Co.*, 449 F.Supp.3d at 234–35 (granting post-certification motion to compel fifty-six percent of the known class members to submit their claims to individual arbitration, some of whom signed their arbitration agreements after the lawsuit was commenced), *citing Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1237 (11th Cir. 2018) (prior to class certification, defendant "would not even have been able to identify the specific plaintiffs against which it planned to seek arbitration, much less ascertain its arbitration-related rights as to them").

6492741, * 4 (E.D.N.Y. December 10, 2018); *Agarunova v. Stella Orton Home Care Agency, Inc.*, 2019 WL 1114897, * 3 (E.D.N.Y. March 11, 2019); *Billie v. Coverall North America*, 444 F.Supp.3d 332, 345 (D. Conn. 2020).

## CONCLUSION

For these reasons (and the reasons set forth in the Campaign's moving brief), it is respectfully requested that plaintiff's request to conduct class-related discovery and motion practice be denied and that this lawsuit be concluded and closed, or, alternatively, that the Campaign be permitted to move to compel arbitration of any claims by the putative class members.

Dated: New York, New York
       May 25, 2021

                                                        LAROCCA HORNIK ROSEN
                                                        & GREENBERG LLP

                                                        */s/* ***Patrick McPartland***
By:  _____
                                                        Patrick McPartland
                                                        Jared E. Blumetti
                                                        40 Wall Street, 32nd Floor
                                                        New York, New York 10005
                                                        T: (212) 530-4837, 4831
                                                        E: pmcpartland@lhrgb.com
                                                             jblumetti@lhrgb.com

                                                        *Attorneys for defendant*
                                                        *Donald J. Trump for President, Inc.*