# Exhibit A

# LaRocca Hornik Rosen & Greenberg LLP

## COUNSELORS AT LAW

The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
212.530.4823
212.530.4815 fax

LHRGB.COM

Freehold Commons
83 South Street
3rd Floor
Freehold, NJ 07728
732.409.1144
732.409.0350 fax

Frank J. LaRocca ᵗ◊
Jonathan L. Hornik
Lawrence S. Rosen
Rose Greenberg △
Amy D. Carlin △
Patrick T. McPartland △
David N. Kittredge △
Jonathan F. Ball ◊
Jared E. Blumetti
Katelyn Canning
Florence R. Goffman △◊
Sherry Hamilton △
Peter Kelegian △
Drew Tanner ǂ
Lauren Weissman-Falk

△ New York Bar Only
ǂ New Jersey Bar Only
◊ Of Counsel Attorneys
  Certified Matrimonial Law Attorney

DIRECT DIAL: 212.530.4822
EMAIL: LROSEN@LHRGB.COM

March 29, 2019

**VIA EMAIL**: michelegomez@adr.org
Honorable L. Paul Kehoe
c/o Michele Gomez
Manager of ADR Services
American Arbitration Association
1301 Atwood Avenue, Suite 211N
Johnston, Rhode Island 02919

> Re: Donald J. Trump for President, Inc. v. Jessica Denson
> AAA Case No. 01-17-0007-6454 (the "First Arbitration")

Dear Judge Kehoe:

By this application, Claimant Donald J. Trump for President, Inc. (the "Campaign") respectfully requests the issuance of a Supplemental Award dismissing a separate arbitration that Ms. Denson recently filed with the AAA.

## A Brief Background

On or about February 25, 2019, Ms. Denson filed a putative class action arbitration against the Campaign under AAA Case No. 01-19-0000-5505 (the "Second Arbitration") wherein Ms. Denson impermissibly seeks to vacate Your Honor's prior Award in the First Arbitration. That Award, a copy of which is annexed hereto as **Exhibit 1**, expressly determined that the subject Agreement between the parties was "valid and enforceable."

The Second Arbitration, a copy of which is annexed as **Exhibit 2**, must now be dismissed because the singular relief Ms. Denson seeks therein—i.e. to declare the Agreement *invalid and unenforceable*—is barred by the AAA Commercial Arbitration Rules and precluded by the doctrines of *res judicata* and collateral estoppel.

### A. The Second Arbitration is Barred by the AAA Commercial Arbitration Rules

The AAA Commercial Arbitration Rules expressly prohibit a redetermination of the merits of a claim that has already been decided by an arbitrator (*which is exactly what Ms. Denson is attempting to do in the Second Arbitration*), and do not under any circumstances permit an appeal to another arbitrator of Your Honor's Award and prior determination. *See* R-50. Having willfully rejected the repeated opportunities afforded to her by the AAA and the Campaign to appear in the First Arbitration and assert her defenses to the validity of the Agreement there, Ms. Denson, under the guise of a putative class action arbitration, instead prefers to have another arbitrator appointed and declare the Agreement invalid and unenforceable. This is in flagrant disregard of Your Honor's prior Award and determination that the Agreement is, in fact, "valid and enforceable."

Procedurally, Ms. Denson's *sole recourse*—if she objected to the Award that Your Honor issued in the First Arbitration—was to seek to judicially vacate it, which is precisely what Ms. Denson did. Her motion, filed in New York State Supreme Court,[1] was denied by Judge Arlene Bluth, who in a 9-page opinion repeatedly chastised Ms. Denson for willfully ignoring the *repeated opportunities* that were afforded to her by the AAA and the Campaign to arbitrate the validity and enforceability of the Agreement in the context of the First Arbitration. *A copy of Judge Bluth's March 13, 2019 Decision and Order is enclosed as **Exhibit 4**.*

### B. The Second Arbitration is Precluded by Operation of Law

The Second Arbitration is precluded as a matter of law under the doctrines of *res judicata* and collateral estoppel. *See e.g. Lito Shipping Corp. v. Pioneer Petroleum Products*, 1997 WL 160321, * 2 (S.D.N.Y. April 3, 1997) ("the res judicata effect of a prior arbitration is arbitrable").

It has not—and cannot—credibly be disputed that the First Arbitration afforded Ms. Denson with a "*full and fair opportunity*" to litigate the validity and enforceability of the Agreement. Indeed, Plaintiff was undisputedly provided with repeated and ample opportunities to participate in the Arbitration and submit position papers, yet she willfully and deliberately refused to participate.[2] Taking note of this also, Judge Bluth—in her March 13, 2019 Order—found that Ms. Denson "*refused to participate in the arbitration;*" "*purposefully ignored the arbitration at*

---

[1] In her motion to vacate, Ms. Denson harshly criticized the two Awards that were ultimately issued in favor of the Campaign in the First Arbitration, stating that the Arbitrator "vastly exceeded [his] authority by ruling on the validity and enforceability of the [Agreement];" that the Arbitrator "went to unexplainable lengths to rule against [her]…on issues not before [him];" and that the Awards were a "product of corruption, fraud, or misconduct." *See copy of Ms. Denson's motion to vacate, which is enclosed as **Exhibit 3**, at pp. 2, 9.*

[2] Specifically, Ms. Denson (i) refused to submit an answering statement despite being served with the Campaign's Demand for Arbitration pursuant to AAA rules, (ii) refused to participate in the conference calls the Campaign conducted with the AAA on May 22 and August 20, 2018 despite being notified of these calls pursuant to AAA rules, (iii) refused to respond to any of the Campaign's written submissions and proofs, despite being notified by the AAA in writing of each and being afforded ample time and opportunity to do so; and (iv) submitted letters to the AAA but did not dispute or contradict any of the factual allegations or legal arguments set forth in the Campaign's written application for an Award. *See also, **Exhibit 1**, pp. 1–3.*

*her own peril;" "had an opportunity to make an argument about why the [Agreement] was unenforceable; instead she chose not to participate in the arbitration;"* and *"refus[ed] to engage in an arbitration that she clearly knew about."* See e.g. *Windley v. City of New York*, 104 A.D.3d 597, 961 N.Y.S.2d 441, 443 (1st Dept. 2013) (defendant collaterally estopped from relitigating issue raised in prior action because defendant was afforded a "*full and fair opportunity* to litigate the issue" but "*willfully and deliberately refused to participate in the prior action*") (*emphasis added*); *Burmah Oil Tankers, Ltd. v. Trisun Tankers, Ltd.*, 687 F.Supp. 897, 900–02 (S.D.N.Y. 1988) (permanently staying subsequent arbitration commenced by defendant following the parties' initial arbitration finding that defendant's claim was barred by the doctrine of *res judicata*). Her claims in the Second Arbitration are thus barred as a matter of law.

For all of the foregoing reasons, the Campaign respectfully requests that Your Honor dismiss the Second Arbitration.

Respectfully submitted,

Lawrence S. Rosen

Enclosures:

cc: David K. Bowles, Esq. (*via e-mail*)
Law Offices of David K. Bowles
14 Wall Street, 20th Floor
New York, New York 10005
E: david@lawdkb.com

Maury B. Josephson, Esq. (*via e-mail*)
Maury B. Josephson, P.C.
626 RXR Plaza
Uniondale, New York 11556
E: mbjlaw@verizon.net