UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSICA DENSON, Individually
and on Behalf of All Others Similarly Situated,

       Plaintiff,

v.                                                         No. 20 Civ. 4737 (PGG)

DONALD J. TRUMP FOR PRESIDENT, INC.,

       Defendant,

and

OMAROSA MANIGAULT NEWMAN,

       Plaintiff- Intervenor,

v.

DONALD J. TRUMP FOR PRESIDENT, INC.,

       Defendant in Intervention.

---

## **MOTION TO INTERVENE**

    Comes now, Omarosa Manigault Newman, Plaintiff-Intervenor, pursuant to Federal Rule of Civil Procedure 24, and respectfully moves to intervene as a plaintiff in this action. In support, Plaintiff-Intervenor alleges: Intervention is warranted as of right because (1) her rights and remedies were expressly addressed by a recent court order, but as she was not a party, she did not and cannot receive the same judicial relief despite being similarly situated; (2) she is a member of the purported class action; (3) she has taken discovery in an underlying arbitration, which further provides support for this Court's recent order; (4) proceeding in an arbitration of a matter which is not even arbitrable and is otherwise legally unjustified continues to prejudice her, impair her and will continue if she is not permitted to intervene; and (5) the campaign specifically alleged in

1

its Affirmative Defenses that "class treatment" is not permitted and must be submitted on an "individual basis."

As an additional matter, Plaintiff-Intervenor seeks an injunction or other relief as recent testimony reveals Donald J. Trump for President, Inc., hereto Defendant, has begun the process of "winding down" and thus time is of the essence to obtain remedies at law and in equity. Plaintiff-Intervenor seeks relief under See Fed. R. Civ. P. 24(a)(2).

Additionally and alternatively, Manigault Newman should be granted leave to intervene because: (1) Manigault Newman's claims against Donald J. Trump for President, Inc. share with this action common questions of law and fact; and (2) this action involves the interpretation of the First Amendment, The Whistleblower Enhancement Protection Act and other state and federal authorities which have been used to grant relief to Jessica Denson and (3) given the campaign is "winding down," and parties hereto may be entitled to attorney fees.

1. Manigault Newman claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect her interest, unless existing parties adequately represent that interest.

2. Alex Cannon represents the Campaign and has now appeared in both Denson and Manigault-Newman's cases. Mr. Cannon recognizes the legal nullity of the NDA, but only as to Denson's case. However, the same analysis is due to invalidate Manigault Newman's NDA. In Denson's case, Mr. Cannon submitted in an affidavit which is attached hereto as Exhibit A.

3. In a recent filing, attached hereto as Exhibit B, counsel for the Campaign conceded, "Your Honor has already declared that the confidentiality and non-disparagement provisions

contained in her Agreement are invalid and unenforceable as to her. The Campaign is certainly not going to violate Your Honor's existing order by seeking to enforce these provisions against plaintiff (and it has avowed not to do so in an accompanying declaration)."

4. However, counsel for the Campaign rebutted their own concession with, "As for the putative class members, they are each bound to arbitrate any claims against the Campaign on an individual basis under the arbitration provision contained in the Agreement (which the Campaign intends to enforce should any such claims be asserted)." However, one cannot arbitrate claims which are legally invalid, as he has conceded they are. The same was specifically attested to by Mr. Cannon. This is hypocrisy and a delay tactic.

5. Manigault Newman is solely sued in arbitration on an invalid and unenforceable confidentiality and non-disparagement provision. As such, her arbitration is due to be dismissed, but Mr. Cannon has requested more time and will not concede the same invalidity and unenforceability in arbitration.

6. For the reasons discussed herein and in the accompanying Memorandum of Law, the undersigned respectfully requests that this Court grant the Plaintiff-Intervenor's Motion to Intervene in this matter. Manigault Newman attaches a proposed Complaint in Intervention and a proposed order.

Respectfully submitted,

**Law Office of John M. Phillips, LLC**

/s/ John M. Phillips
**JOHN M. PHILLIPS, ESQUIRE**
212 North Laura Street
Jacksonville, FL 32202
(904) 444-4444
(904) 508-0683 (facsimile)

3

Attorneys for Plaintiff-Intervenor
jmp@floridajustice.com
erica@floridajustice.com

4