

June 11, 2021

**By Email**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Denson v. Donald J. Trump for President, Inc.*, No. 20 Civ. 4737 (S.D.N.Y.)
      Motion to Intervene by Manigault Newman

Dear Judge Gardephe:

    We represent Lead Plaintiff Jessica Denson and the putative plaintiff class in the above-captioned matter, and we write in brief response to the motion to intervene by Omarosa Manigault Newman ("Intervenor") filed with the Court yesterday. *See* ECF Nos. 66–67-5.

    As an initial matter, we wish the Court to know that Plaintiffs were not aware of Intervenor's intention to file the instant motion, and therefore had no opportunity to inform the Court in advance. Moreover, while Plaintiffs take no formal position on the motion by a member of the putative class, we respectfully note that the proposed intervention is likely inefficient and unnecessary for several reasons.

    First, Plaintiffs' goal has been, and continues to be, to bring this matter to an expeditious conclusion. As noted in Plaintiffs' prior briefs, that conclusion is near at hand – all that remains of the case is to resolve the issues of class certification and declaratory and injunctive relief for the class. Addition of an intervenor to the case at this point will likely delay the resolution of this case.

    Second, there does not appear to be any need for this intervention. As a member of the putative class, Intervenor would be entitled to the same relief as the other members of the class: declaratory and injunctive relief foreclosing the Campaign from enforcing the non-disclosure and non-discrimination provisions of the Employment Contract, which is precisely the relief that Intervenor seeks in her proposed complaint.

    Third, Intervenor makes no allegation that counsel for Lead Plaintiff Denson has not or will not continue to adequately represent Intervenor's interests in this matter, and counsel will continue to work to protect *all* class members interests.

    All that said, and regardless of the merits of Intervenor's motion, the mere fact of its filing and the facts detailed therein provide yet more evidence that the Campaign is aggressively enforcing the invalid Employment Agreement against other former Campaign workers and



T: 212-390-8842
F: 866-844-8305
David@BoJo.law

14 Wall Street, 20th Floor
New York, NY 10005
www.BoJo.law

supports Plaintiffs' position that class certification and equitable relief is needed expeditiously. However, Plaintiffs believe that appropriate relief for *all* class members – including Intervenor – can be more readily obtained by hewing to the current procedural posture of the case rather than by introducing the unnecessary complexity attendant to allowing new parties to join at this stage. Moreover, to the extent Intervenor is correct in suggesting that the Campaign is in the process of "winding up" its affairs, the need for speedy resolution of the few remaining issues in this case is all the more acute.

          Respectfully submitted,

          David K. Bowles
          Bowles & Johnson PLLC