UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JESSICA DENSON, Individually and on Behalf of    Civil Action No.:
All Others Similarly Situated,    20-cv-04737 (PGG)

                         Plaintiff,

         -against-

DONALD J. TRUMP FOR PRESIDENT, INC.

                         Defendant.
-----------------------------------------------------------------X

# THE CAMPAIGN'S MEMORANDUM OF LAW
## IN ACCORDANCE WITH THE COURT'S JUNE 11, 2021 ORDER

*On the brief:*                      **LAROCCA HORNIK ROSEN**
*Patrick McPartland, Esq.*        **& GREENBERG LLP**
*Jared E. Blumetti, Esq.*           40 Wall Street, 32nd Floor
                                        New York, New York 10005
                                        T: (212) 530-4837/4831
                                        E: PMCPARTLAND@LHRGB.COM
                                            JBLUMETTI@LHRGB.COM

                                        *Attorneys for defendant*
                                        *Donald J. Trump for President, Inc.*

In accordance with the Court's June 11, 2021 Order, defendant Donald J. Trump for President, Inc. (the "Campaign") respectfully submits this memorandum of law in response to Omarosa Manigault Newman's motion to intervene. ECF Doc. No. 69.

## **PRELIMINARY STATEMENT**

As a threshold matter, Ms. Manigault Newman cannot demonstrate an independent basis for subject matter jurisdiction, as required on any application to intervene. This, because she is required under the terms of her Agreement with the Campaign to arbitrate any claims regarding the validity and enforceability of the Agreement on an individual basis before the American Arbitration Association (the "AAA"). Indeed, she is currently arbitrating these very same issues in the context of her existing AAA arbitration with the Campaign. If she is dissatisfied with any award issued by the arbitrator, her remedy is to move to vacate the award.

Putting that issue aside, Ms. Manigault Newman's application fails for other independent reasons as well. As the courts have repeatedly recognized, Ms. Manigault Newman's status as a putative class member does not provide her with an "interest" in this action sufficient to justify intervention because, among other reasons, this action is deemed to only comprise of Ms. Denson's individual claims against the Campaign prior to class certification. Even if Ms. Manigault Newman could demonstrate an interest in this action as a putative class member (which she cannot), she has failed to set forth any basis for how her purported interest would not be adequately represented by Ms. Denson, much less impaired, in the absence of intervention.

For these and other reasons set forth below, it is respectfully requested that Ms. Manigault Newman's motion to intervene be denied in its entirety.

**ARGUMENT**

**I.**

**MS. MANIGAULT NEWMAN CANNOT
DEMONSTRATE SUBJECT MATTER JURISDICTION**

It is well-established that any party seeking to intervene under Rule 24 of the Federal Rules of Civil Procedure must demonstrate an independent basis for subject matter jurisdiction. *See e.g. Katz v. Berisford International PLC*, 2000 WL 1760965, * 2 (S.D.N.Y. 2000) ("[a] party who seeks to intervene…must establish an independent basis for subject matter jurisdiction"), *citing York Research Corp. v. Landgarten*, 1992 WL 373268, * 1 (S.D.N.Y. December 3, 1992) ("[t]he Court cannot permit intervention unless it has subject matter jurisdiction over the intervenor's asserted claim"). Here, Ms. Manigault Newman cannot demonstrate that subject matter jurisdiction exists because a AAA arbitrator already has exclusive jurisdiction over her proposed claims pursuant to her valid arbitration agreement with the Campaign. In fact, as she readily acknowledges, she is currently arbitrating these same issues with the Campaign in the context of their existing arbitration. ECF Doc. No. 66, pp. 1–3; *see also Hong v. Belleville Development Group, LLC*, 2016 WL 4481071, * 3 (S.D.N.Y. August 17, 2016) ("if an entire dispute is arbitrable, a court may also dismiss the action without prejudice for lack of subject matter jurisdiction so that the parties may pursue arbitration"); *Goldberg v. Sovereign Bancorp, Inc.*, 2011 WL 13261837 (S.D.N.Y. August 19, 2011) ("[w]hen an enforceable arbitration agreement covers the claims asserted in a lawsuit, the court lacks subject matter jurisdiction over the dispute"), *citing Sinnett v. Friendly Ice Cream Corp.*, 319 F.Supp.2d 439, 445 (S.D.N.Y. 2004); *Oguejiofo v. Open Text Corp.*, 2010 WL 1904022, * 3 (S.D.N.Y. May 10, 2010) ("[s]ince the arbitration clause applies to this dispute, the court lacks subject matter jurisdiction over [plaintiff's] claim").

## II.

## MS. MANIGAULT NEWMAN'S
## MOTION FAILS FOR ADDITIONAL REASONS

Under Rule 24, "[a] party seeking to intervene may do so either as of right or permissively." *Neversink General Store v. Mowi USA, LLC*, 2021 WL 1930320, * 3 (S.D.N.Y. May 13, 2021). A party is only entitled to intervene as of right when "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *Neversink General Store v. Mowi USA, LLC*, 2021 WL 1930320, at * 3, *citing MasterCard Intern. Inc. v. Visa Intern. Service Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006); *see also Calderon v. Clearview AI, Inc.*, 2020 WL 2792979, * 3 (S.D.N.Y. May 29, 2020) ("[f]ailure to meet any one of these four requirements is grounds for denial"), *quoting Freydl v. Meringolo*, 2012 WL 1883349, * 1 (S.D.N.Y. May 22, 2012).

While the Court does have discretion to grant permissive intervention, these same four factors are generally considered in making that determination, as well as "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *See Neversink General Store v. Mowi USA, LLC*, 2021 WL 1930320, at * 9, *citing In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300, n. 5 (2d Cir. 2003) ("[i]nsofar as we affirm the District Court's denial of [the] motion to intervene as a matter of right, we need not also examine its denial of permissive intervention," given that "[s]ubstantially the same factors are considered in determining whether to grant an application for permissive intervention"); *see also Calderon v. Clearview AI, Inc.*, 2020 WL 2792979, at * 3 ("[i]n deciding whether to permit intervention under Rule 24(b), courts generally consider the same factors that are relevant…under Rule 24(a)(2)").

A.  **Ms. Manigault Newman Cannot Demonstrate an Interest in This Action**

Ms. Manigault Newman's status as a putative class member does not provide her with an interest in this action within the meaning of Rule 24 because, among other reasons, this action is deemed to be solely between Ms. Denson and the Campaign prior to class certification. *See e.g. Travis v. Navient Corp.*, 284 F.Supp.3d 335, 342–43 (E.D.N.Y. 2018) ("no class has been certified in the instant action…[a]ccordingly, this action currently involves claims by Travis alone against the Navient defendants…[t]hus, the rights of [the intervenors] are simply not implicated at this time"); *see also Calderon v. Clearview AI, Inc.*, 2020 WL 2792979, at * 5 (intervenor's interest as a putative class member was "too attenuated" and "too speculative" to justify intervention); *Rudolph v. Hudson Bay Co.*, 2019 WL 1416986, * 3 (S.D.N.Y. March 29, 2019) (intervenors' assertion that they had a "clear interest" in the action because "they may be members of a potential class" was insufficient to justify intervention); *Mejia v. Time Warner Cable Inc.*, 2017 WL 3278926, * 18 (S.D.N.Y. August 1, 2017) ("prior to the certification of a class, any interest the [intervenors] claim is too remote to justify intervention").

On this point, this Court's March 30, 2021 Order does nothing to provide Ms. Manigault Newman with an interest in this action within the meaning of Rule 24, as the Order is limited to Ms. Denson only. *See Denson v. Trump*, 2021 WL 1198666, * 1 (S.D.N.Y. March 30, 2021).

B.  **Intervenor's Purported Interest in this Action Would Not be Impaired in the Absence of Intervention**

Even if Ms. Manigault Newman had an interest in this action, her motion must still be denied because she has failed to demonstrate that this interest would somehow be impaired in the absence of intervention. In fact, Ms. Manigault Newman does not make any assertions of "impairment" at all beyond her premature and speculative assertion that she may be unable to obtain the same favorable relief in arbitration that Ms. Denson has already received in this Court.

*See e.g. Travis v. Navient Corp.*, 284 F.Supp.3d at 344 (intervenors' rights would not be impaired absent intervention "because they are still able to litigate their claims in [their related action]").

### C. Intervenor Does Not Even Allege Inadequate Representation

Significantly, Ms. Manigault Newman does not even allege that her purported interest in this action is not being adequately represented by Ms. Denson. For this reason alone, her motion should be denied. *See e.g. Calderon v. Clearview AI, Inc.*, 2020 WL 2792979, at * 3 (reiterating that the intervention factors are conjunctive). Indeed, there is a legal presumption that Ms. Denson will adequately represent Ms. Manigault Newman's purported interest in this action, which can only be overcome by "evidence of collusion, adversity of interest, nonfeasance, or incompetence" on the part of Ms. Denson. *See e.g. Travis v. Navient Corp.*, 284 F.Supp.3d at 345–46 ("when there is an identity of interest between a putative intervenor and an existing party to the action, a presumption of adequate representation attaches") (*internal alterations omitted*); *see also Calderon v. Clearview AI, Inc.*, 2020 WL 2792979, at * 7 (intervenor failed to rebut presumption of adequacy); *Neversink General Store v. Mowi USA, LLC*, 2021 WL 1930320, at * 5–6 (intervenors failed to rebut presumption of adequacy).

### D. Intervention Would Unduly Delay This Action and Prejudice the Campaign

Ms. Manigault Newman is unequivocally required to arbitrate issues pertaining to the validity and enforceability of her Agreement. Indeed, she is currently doing so in the context of her existing arbitration with the Campaign. If intervention were permitted here, the Campaign would be forced to engage in unnecessary motion practice, including, at a minimum, a motion to compel arbitration, thereby forcing the Campaign to litigate with Ms. Manigault Newman in two different forums. *See e.g. Calderon v. Clearview AI, Inc.*, 2020 WL 2792979, at * 3 (undue delay and prejudice is the court's "primary consideration" in determining permissive intervention).

## **CONCLUSION**

Based on the foregoing, the Campaign respectfully requests that the Court deny plaintiff's motion in its entirety and grant the Campaign such other relief as the Court deems just and proper.

Dated: New York, New York
June 25, 2021

                                                  LAROCCA HORNIK ROSEN
                                                  & GREENBERG LLP

By:   /s/ *Patrick McPartland*
       Patrick McPartland
       Jared E. Blumetti
       40 Wall Street, 32nd Floor
       New York, New York 10005
       T: (212) 530-4837, 4831
       E: pmcpartland@lhrgb.com
          jblumetti@lhrgb.com

*Attorneys for defendant*
*Donald J. Trump for President, Inc.*