
**HEADQUARTERS**
212 N. Laura Street
Jacksonville, FL 32202

**GEORGIA OFFICE**
901 G Street
Brunswick, GA 31520

**NEW YORK OFFICE**
521 Fifth Avenue, 30th Floor
New York, NY 10175

help@floridajustice.com
(904) 444-4444 PHONE
(904) 508-0683 FAX
floridajustice.com

**904-444-4444**

**ATTORNEYS**
John M. Phillips*†
Matthew C. Hunt**
William K. Walker‡
Megan Block‡
Amy Hanna
George J. Farrell

*Board Certified Specialist in Civil Trial Law (FL)
**Board Certified Specialist in Marital & Family Law (FL)
†Licensed in Florida, Georgia, Alabama, Washington D.C., New York, Texas, Oklahoma & Illinois
‡Licensed in Florida & Georgia

**MEMO ENDORSED**

> The motion to intervene (DKT. No. 66) is denied without prejudice to renewal after the completion of referenced arbitration proceeding.
>
> SO ORDERED:
> *Paul G. Gardephe*
> Paul G. Gardephe, U.S.D.J.
> Dated: March 30, 2022

March 29, 2022

**Via ECF**
Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Denson vs. Donald J. Trump for President, Inc.*, No. 20 Civ.4737 (S.D.N.Y.)

Dear Judge Gardephe:

Pursuant to the Order of March 25, 2022, counsel for Ms. Manigault-Newman hereby submits this letter addressing whether or not the Arbitration Order of September 24, 2021 makes intervention moot in the subject case.

We respectfully respond that it is <u>not moot</u>, as (1) the arbitration action is still not final, but should be soon and we respectfully request a ruling be deferred on this issue until arbitration is final; (2) the cited ruling was more limited to the specific claims in two separate Petitions filed by the Campaign and was not a ruling which otherwise would prohibit a third Petition, which is a grave concern and shows the ruling is not dispositive of the subject NDA as a legal document; (3) indeed, the arbitration ruling may necessitate an amendment of the intervention complaint as styled and we would request twenty (20) days to present an amended Petition and motion in support thereof, and (4) even if it is an issue of standing or mootness, the purpose of the class action, as noted by Ms. Denson, is one of a greater purpose and class structure, one which Ms. Manigault-Newman better represents under the First Amendment than Ms. Denson.

Indeed, the arbitrator granted Ms. Manigault-Newman summary judgment, finding, "the confidentiality [and non-disparagement] provisions are vague, indefinite, and therefore void and unenforceable." However, this ruling was based on, "…<u>the exact statements Respondent is alleged to have made in her book and in various media appearances and Twitter posts</u> which are alleged to violate the Agreement." And further,

> "Upon review of the chart (of statements giving rise to the arbitration), the statements contained therein are largely statements of Respondent's personal opinion on the character of Mr. Trump and various of his family members, statements about her dealings with Mr. Trump prior to the time she worked on the campaign, and statements of her general recollection of conversations she had with various campaign officials. Given the general nature of many of these statements, it is hard to see how Respondent could have known that they would be considered "confidential information" under the terms of the Agreement."

As such, the ruling is more myopic than the ruing sought in this action by both Ms. Denson and Ms. Manigault-Newman. It also does not foreclose a third Petition, which is the fear and concern going forward.

The subject order in arbitration is not dispositive of the greater issues addressed in the case at hand. Certainly, Ms. Manigault-Newman is relieved Arbitrator Brown ruled similarly to your honor. It is also worth noting that the arbitrator in the Campaign's case against Alva Johnson has also entered a congruent order, as well as an entitlement to attorney's fees. (See Exhibit A.) However, the Campaign is still vigorously defending issues pertaining to the subject Agreement and has briefed issues which essentially request reconsideration and to annul any entitlement to attorney's fees and costs. Until this issue is final, we respectfully request no decision as to mootness, simply because the case is not final.

Further, no ruling has been entered on issues of attorney's fees and costs. In the Campaign's responses, they seek to re-litigate the same issues regarding what the subject Agreement allows and what it does not. Until rulings are final in arbitration, this intervention is not moot and we suspect will never be moot until this Court or a sister court addresses the nullity of the subject provisions once and for all. Otherwise, individual defendants (past and future) will continue to be subjected to the weaponized litigation of this Agreement, in the closed-door proceedings of arbitration which does not allow scrutiny of other decisions under the same Agreement, much less create precedent from which to build upon.

Finally, Ms. Manigault-Newman requests an opportunity to Amend her Intervention Complaint and Petition given the recent ruling.

Respectfully submitted,

 /s/ John M. Phillips
John M. Phillips, Esquire
212 North Laura Street
Jacksonville, Florida 32202
904-444-4444
904-508-0683 (fax)
jmp@floridajustice.com
*Counsel for Omarosa Manigault-Newman*