UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JESSICA DENSON, individually and on
behalf of all others similarly situated,

                Plaintiff,

       -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,

                Defendant.
---------------------------------------------------------------X

Case No.:  20-cv-4737 (PGG)

**ANSWER**

      Defendant Donald J. Trump for President, Inc. (the "Campaign"), by its attorneys, LaRocca Hornik Rosen & Greenberg LLP, as and for its answer to plaintiff's first amended class-action complaint (the "Amended Complaint"), alleges as follows:

      1.     Denies the allegations contained in paragraph 1 of the Amended Complaint.

      2.     The allegations contained in paragraph 2 of the Amended Complaint purport to assert legal conclusions or averments to which no response is required.  To the extent a response is required, the Campaign denies knowledge or information sufficient to form a belief as to the truth of any factual allegations contained in paragraph 2 of the Amended Complaint.

      3.     Denies the allegations contained in paragraph 3 of the Amended Complaint.

      4.     The allegations contained in paragraph 4 of the Amended Complaint purport to assert legal conclusions or averments to which no response is required.  To the extent a response is required, the Campaign denies the allegations contained in paragraph 4 of the Amended Complaint.

      5.     The allegations contained in paragraph 5 of the Amended Complaint purport to assert legal conclusions or averments to which no response is required.  To the extent a response

is required, the Campaign denies the allegations contained in paragraph 5 of the Amended Complaint.

6. The allegations contained in paragraph 6 of the Amended Complaint purport to assert legal conclusions or averments to which no response is required. To the extent a response is required, the Campaign denies the allegations contained in paragraph 6 of the Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10. Denies the allegations contained in paragraph 10 of the Amended Complaint.

11. Denies the allegations contained in paragraph 11 of the Amended Complaint, except admits that the Campaign incorporated in the Commonwealth of Virginia.

12. Denies the allegations contained in paragraph 12 of the Amended Complaint, except admits that plaintiff purports to predicate jurisdiction under 28 U.S.C. § 1331.

13. Denies the allegations contained in paragraph 13 of the Amended Complaint, except admits that plaintiff purports to predicate venue under 28 U.S.C. § 1391(b)(1).

14. Admits the allegations contained in paragraph 14 of the Amended Complaint.

15. Denies the allegations contained in paragraph 15 of the Amended Complaint and respectfully refers the Court to the Campaign's June 29, 2015 Statement of Organization for its true, complete, and contextual meaning.

16. Denies the allegations contained in paragraph 16 of the Amended Complaint, except admits that the Republican National Convention nominated Donald J. Trump for President on July 19, 2016.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18. Denies the allegations contained in paragraph 18 of the Amended Complaint, except admits that plaintiff submitted an application to the Campaign in August 2016.

19. Denies the allegations contained in paragraph 19 of the Amended Complaint, except admits that plaintiff was hired by the Campaign on August 22, 2016.

20. Denies the allegations contained in paragraph 20 of the Amended Complaint.

21. Denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Denies the allegations contained in paragraph 22 of the Amended Complaint.

23. Denies the allegations contained in paragraph 23 of the Amended Complaint, except admits that plaintiff voluntarily signed a written agreement in connection with her employment with the Campaign (the "Agreement") to which Agreement the Campaign respectfully refers the Court for its true, complete, and contextual meaning.

24. Denies the allegations contained in paragraph 24 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

25. Denies the allegations contained in paragraph 25 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

26. Denies the allegations contained in paragraph 26 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

27. Denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Denies the allegations contained in paragraph 28 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

29. Denies the allegations contained in paragraph 29 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

30. Denies the allegations contained in paragraph 30 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

31. Denies the allegations contained in paragraph 31 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

32. Denies the allegations contained in paragraph 32 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

33. Denies the allegations contained in paragraph 33 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

34. Denies the allegations contained in paragraph 34 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

35. Denies the allegations contained in paragraph 35 of the Amended Complaint, except admits that other individuals signed written agreements in connection with working for the Campaign.

36. Denies the allegations contained in paragraph 36 of the Amended Complaint.

37. Denies the allegations contained in paragraph 37 of the Amended Complaint.

38. Denies the allegations contained in paragraph 38 of the Amended Complaint.

39. Admits the allegations contained in paragraph 39 of the Amended Complaint.

40. Denies the allegations contained in paragraph 40 of the Amended Complaint, except admits that plaintiff's employment with the Campaign terminated on November 10, 2016.

41. Denies the allegations contained in paragraph 41 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

42. Denies the allegations contained in paragraph 42 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

43. Denies the allegations contained in paragraph 43 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

44. Denies the allegations contained in paragraph 44 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

45. Denies the allegations contained in paragraph 45 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

46. Denies the allegations contained in paragraph 46 of the Amended Complaint.

47. Paragraph 47 of the Amended Complaint improperly includes a footnote in violation of Rule 10(b) of the Federal Rules of Civil Procedure and, as such, no response is required. To the extent a response is required, the Campaign denies the allegations contained in paragraph 47 of the Amended Complaint.

48. Paragraph 48 of the Amended Complaint improperly includes a footnote in violation of Rule 10(b) of the Federal Rules of Civil Procedure and, as such, no response is required. To the extent a response is required, the Campaign denies the allegations contained in paragraph 48 of the Amended Complaint.

49. Paragraph 49 of the Amended Complaint improperly includes a footnote in violation of Rule 10(b) of the Federal Rules of Civil Procedure and, as such, no response is required. To the extent a response is required, the Campaign denies the allegations contained in paragraph 49 of the Amended Complaint.

50. Denies the allegations contained in paragraph 50 of the Amended Complaint.

51. Paragraph 51 of the Amended Complaint improperly includes a footnote in violation of Rule 10(b) of the Federal Rules of Civil Procedure and, as such, no response is required. To the extent a response is required, the Campaign denies the allegations contained in paragraph 51 of the Amended Complaint.

52. Denies the allegations contained in paragraph 52 of the Amended Complaint, except admits that plaintiff filed a lawsuit against the Campaign in New York State Supreme Court, County of New York which is still pending.

53. Denies the allegations contained in paragraph 53 of the Amended Complaint, except admits that the Campaign commenced an arbitration against plaintiff.

54. Denies the allegations contained in paragraph 54 of the Amended Complaint.

55. Denies the allegations contained in paragraph 55 of the Amended Complaint.

56. Denies the allegations contained in paragraph 56 of the Amended Complaint.

57. Denies the allegations contained in paragraph 57 of the Amended Complaint and respectfully refers the Court to Justice Bluth's August 7, 2018 Decision and Order for its true, complete, and contextual meaning.

58. Denies the allegations contained in paragraph 58 of the Amended Complaint, except admits that plaintiff commenced a lawsuit against the Campaign in the United States District Court for the Southern District of New York under Civil Action No. 18-cv-2690.

59. Denies the allegations contained in paragraph 59 of the Amended Complaint and respectfully refers the Court to Judge Furman's August 30, 2018 Memorandum Opinion and Order and October 4, 2018 Order for their true, complete, and contextual meaning.

60. Denies the allegations contained in paragraph 60 of the Amended Complaint.

61. Denies the allegations contained in paragraph 61 of the Amended Complaint.

62. Denies the allegations contained in paragraph 62 of the Amended Complaint, except admits that the arbitrator issued two awards, dated October 19, 2018 and December 12, 2018, to which awards the Court is respectfully referred for their true, complete, and contextual meaning.

63. Denies the allegations contained in paragraph 63 of the Amended Complaint and respectfully refers the Court to the arbitrator's October 19, 2018 award for its true, complete, and contextual meaning.

64. Denies the allegations contained in paragraph 64 of the Amended Complaint, except admits that the Campaign filed motions to confirm the awards in state and federal court and respectfully refers the Court to Justice Bluth's July 8, 2019 Order and Judge Furman's July 23, 2019 Memorandum Opinion and Order.

65. Denies the allegations contained in paragraph 65 of the Amended Complaint and respectfully refers the Court to Justice Bluth's July 8, 2019 Order and Judge Furman's July 23, 2019 Memorandum Opinion and Order for their true, complete, and contextual meaning.

66. Denies the allegations contained in paragraph 66 of the Amended Complaint.

67. Denies the allegations contained in paragraph 67 of the Amended Complaint and respectfully refers the Court to the February 6, 2020 Decision and Order issued by the Appellate Division, First Department for its true, complete, and contextual meanings.

68. Denies the allegations contained in paragraph 68 of the Amended Complaint.

69. Paragraph 69 of the Amended Complaint improperly includes a footnote in violation of Rule 10(b) of the Federal Rules of Civil Procedure and, as such, no response is

required. To the extent a response is required, the Campaign denies the allegations contained in paragraph 69 of the Amended Complaint.

70. Denies the allegations contained in paragraph 70 of the Amended Complaint.

71. Denies the allegations contained in paragraph 71 of the Amended Complaint.

72. Denies the allegations contained in paragraph 72 of the Amended Complaint.

73. Denies the allegations contained in paragraph 73 of the Amended Complaint.

74. Denies the allegations contained in paragraph 74 of the Amended Complaint and respectfully refers the Court to any purported decision by Judge Kehoe for its true, complete, and contextual meaning.

75. Denies the allegations contained in paragraph 75 of the Amended Complaint and respectfully refers the Court to the referenced e-mail for its true, complete, and contextual meaning.

76. Denies the allegations contained in paragraph 76 of the Amended Complaint and respectfully refers the Court to the referenced e-mail for its true, complete, and contextual meaning.

77. Denies the allegations contained in paragraph 77 of the Amended Complaint and respectfully refers the Court to the referenced memorandum of law for its true, complete, and contextual meaning.

78. Denies the allegations contained in paragraph 78 of the Amended Complaint and respectfully refers the Court to the referenced memorandum of law for its true, complete, and contextual meaning.

79. Denies the allegations contained in paragraph 79 of the Amended Complaint.

80. Denies the allegations contained in paragraph 80 of the Amended Complaint.

81. The allegations contained in paragraph 81 of the Amended Complaint purport to assert legal conclusions to which no response is required. To the extent a response is required, the Campaign respectfully refers the Court to the United States Constitution and New York State Constitution for their true, complete, and contextual meaning.

82. The allegations contained in paragraph 82 of the Amended Complaint purport to assert legal conclusions to which no response is required.

83. The allegations contained in paragraph 83 of the Amended Complaint purport to assert legal conclusions to which no response is required.

84. The allegations contained in paragraph 84 of the Amended Complaint purport to assert legal conclusions to which no response is required.

85. The allegations contained in paragraph 85 of the Amended Complaint purport to assert legal conclusions to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 85 of the Amended Complaint.

86. The allegations contained in paragraph 86 of the Amended Complaint purport to assert legal conclusions to which no response is required.

87. Denies the allegations contained in paragraph 87 of the Amended Complaint.

88. Denies the allegations contained in paragraph 88 of the Amended Complaint.

89. The allegations contained in paragraph 89 of the Amended Complaint purport to assert legal conclusions to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 89 of the Amended Complaint.

90. Denies the allegations contained in paragraph 90 of the Amended Complaint.

91. The allegations contained in paragraph 91 of the Amended Complaint purport to assert legal conclusions to which no response is required.

92. Denies the allegations contained in paragraph 92 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

93. Denies the allegations contained in paragraph 93 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

94. Denies the allegations contained in paragraph 94 of the Amended Complaint.

95. Denies the allegations contained in paragraph 95 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

96. Denies the allegations contained in paragraph 96 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

97. Denies the allegations contained in paragraph 97 of the Amended Complaint.

98. Denies the allegations contained in paragraph 98 of the Amended Complaint.

99. Denies the allegations contained in paragraph 99 of the Amended Complaint.

100. The allegations contained in paragraph 100 of the Amended Complaint purport to assert legal conclusions to which no response is required.

101. Denies the allegations contained in paragraph 101 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

102. Denies the allegations contained in paragraph 102 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

103. Denies the allegations contained in paragraph 103 of the Amended Complaint.

104. Denies the allegations contained in paragraph 104 of the Amended Complaint.

105. Denies the allegations contained in paragraph 105 of the Amended Complaint.

106. The allegations contained in paragraph 106 of the Amended Complaint purport to assert legal conclusions to which no response is required.

107. Denies the allegations contained in paragraph 107 of the Amended Complaint.

108. Denies the allegations contained in paragraph 108 of the Amended Complaint.

109. Denies the allegations contained in paragraph 109 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

110. Denies the allegations contained in paragraph 110 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

111. Denies the allegations contained in paragraph 111 of the Amended Complaint.

112. Denies the allegations contained in paragraph 112 of the Amended Complaint.

113. Denies the allegations contained in paragraph 113 of the Amended Complaint.

114. The allegations contained in paragraph 114 of the Amended Complaint purport to assert legal conclusions to which no response is required.

115. Denies the allegations contained in paragraph 115 of the Amended Complaint.

116. The allegations contained in paragraph 116 of the Amended Complaint purport to assert legal conclusions to which no response is required.

117. Denies the allegations contained in paragraph 117 of the Amended Complaint.

118. The allegations contained in paragraph 118 of the Amended Complaint purport to assert legal conclusions to which no response is required.

119. Denies the allegations contained in paragraph 119 of the Amended Complaint and respectfully refers the Court to the February 6, 2020 Decision and Order issued by the Appellate Division, First Department for its true, complete, and contextual meaning.

120. The allegations contained in paragraph 120 of the Amended Complaint purport to assert legal conclusions to which no response is required.

121. Denies the allegations contained in paragraph 121 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

122. Denies the allegations contained in paragraph 122 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

123. Denies the allegations contained in paragraph 123 of the Amended Complaint and respectfully refers the Court to the Agreement for its true, complete, and contextual meaning.

124. Denies the allegations contained in paragraph 124 of the Amended Complaint.

125. Denies the allegations contained in paragraph 125 of the Amended Complaint and respectfully refers the Court to Michael Cohen's congressional testimony for its true, complete, and contextual meaning.

126. Denies the allegations contained in paragraph 126 of the Amended Complaint.

127. Denies the allegations contained in paragraph 127 of the Amended Complaint.

128. Denies the allegations contained in paragraph 128 of the Amended Complaint.

129. Denies the allegations contained in paragraph 129 of the Amended Complaint.

130. Denies the allegations contained in paragraph 130 of the Amended Complaint.

131. Denies the allegations contained in paragraph 131 of the Amended Complaint.

132. Denies the allegations contained in paragraph 132 of the Amended Complaint.

133. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the Amended Complaint regarding plaintiff's purported knowledge or beliefs. Otherwise, the Campaign denies the allegations contained in paragraph 133 of the Amended Complaint.

134. Denies the allegations contained in paragraph 134 of the Amended Complaint.

135. Denies the allegations contained in paragraph 135 of the Amended Complaint.

136. Denies the allegations contained in paragraph 136 of the Amended Complaint.

137. Denies the allegations contained in paragraph 137 of the Amended Complaint.

138. Denies the allegations contained in paragraph 138 of the Amended Complaint.

## **FIRST CAUSE OF ACTION**

139. Paragraphs 1 through 138 are realleged.

140. The allegations contained in paragraph 140 of the Amended Complaint purport to assert legal conclusions to which no response is required.

141. Denies the allegations contained in paragraph 141 of the Amended Complaint.

142. Denies the allegations contained in paragraph 142 of the Amended Complaint.

143. Denies the allegations contained in paragraph 143 of the Amended Complaint.

144. Denies the allegations contained in paragraph 144 of the Amended Complaint.

145. Denies the allegations contained in paragraph 145 of the Amended Complaint.

146. Denies the allegations contained in paragraph 146 of the Amended Complaint.

147. Denies the allegations contained in paragraph 147 of the Amended Complaint.

## **SECOND CAUSE OF ACTION**

148. Paragraphs 1 through 147 are realleged.

149. The allegations contained in paragraph 149 of the Amended Complaint purport to assert legal conclusions to which no response is required.

150. The allegations contained in paragraph 150 of the Amended Complaint purport to assert legal conclusions to which no response is required.

151. Denies the allegations contained in paragraph 151 of the Amended Complaint.

152. Denies the allegations contained in paragraph 152 of the Amended Complaint.

153. Denies the allegations contained in paragraph 153 of the Amended Complaint.

154. Denies the allegations contained in paragraph 154 of the Amended Complaint.

## THIRD CAUSE OF ACTION

155. Paragraphs 1 through 154 are realleged.

156. The allegations contained in paragraph 156 of the Amended Complaint purport to assert legal conclusions to which no response is required.

157. The allegations contained in paragraph 157 of the Amended Complaint purport to assert legal conclusions to which no response is required.

158. Denies the allegations contained in paragraph 158 of the Amended Complaint.

159. Denies the allegations contained in paragraph 159 of the Amended Complaint.

160. Denies the allegations contained in paragraph 160 of the Amended Complaint.

161. Denies the allegations contained in paragraph 161 of the Amended Complaint.

## PRAYER FOR RELIEF

The Campaign denies that plaintiff is entitled to any of the relief requested in the *ad damnum* clause of the Amended Complaint or any other relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this lawsuit.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims regarding the validity and enforceability of the Agreement are barred by the doctrine of collateral estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot assert First Amendment claims against the Campaign because state action

does not exist.

## FIFTH AFFIRMATIVE DEFENSE

This lawsuit is moot.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish or satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure.

## SEVENTH AFFIRMATIVE DEFENSE

Each and every one of the putative class members are bound by a valid and enforceable arbitration provision that does not permit class treatment.

## EIGHTH AFFIRMATIVE DEFENSE

Each and every one of the putative class members are required to submit their purported claims to arbitration on an individual basis.

## NINTH AFFIRMATIVE DEFENSE

The putative class members lack standing.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered irreparable harm.

## ELEVENTH AFFIRMATIVE DEFENSE

The putative class members have not suffered irreparable harm.

## TWELFTH AFFIRMATIVE DEFENSE

The Campaign reserves the right to amend or additional affirmative defenses.

WHEREFORE, the Campaign respectfully demands judgment dismissing plaintiff's Amended Complaint, together with costs, disbursements and attorneys' fees and such other relief as this Court deems just and proper.

Dated: New York, New York
April 19, 2022

                                    LAROCCA HORNIK ROSEN
                                    & GREENBERG LLP

                                    /s/ *Patrick McPartland*

By: _____
                                    Patrick McPartland
                                    Jared E. Blumetti
                                    40 Wall Street, 32nd Floor
                                    New York, New York 10005
                                    T: (212) 530-4837, 4831
                                    E: pmcpartland@lhrgb.com
                                         jblumetti@lhrgb.com

                                    *Attorneys for defendant*
                                     *Donald J. Trump for President, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 19, 2022, I caused to be served the foregoing Answer by ECF upon the Court and all counsel of record.

/s/ *Katy Areas*

_____

Katy Areas