# LaROCCA HORNIK ROSEN
# & GREENBERG LLP

### COUNSELORS AT LAW

THE TRUMP BUILDING
40 WALL STREET
32ND FLOOR
NEW YORK, NY 10005
212.530.4823
212.530.4815 FAX

LHRGB.COM

FREEHOLD COMMONS
83 SOUTH STREET
3RD FLOOR
FREEHOLD, NJ 07728
732.409.1144
732.409.0350 FAX

PRIVATE LENDER GROUP
212.536.3529
732.625.2463 FAX

FRANK J. LaROCCA ◇○
JONATHAN L. HORNIK
LAWRENCE S. ROSEN
ROSE GREENBERG △
AMY D. CARLIN △
PATRICK McPARTLAND △
DAVID N. KITTREDGE
JARED E. BLUMETTI
SANFORD HAUSLER △
JOHN L. GARCIA
LAUREN CASPARIE △
DAVID ROEMER △
PETER KELEGIAN △
DREW TANNER ‡
LAUREN WEISSMAN-FALK
NELSON DIAZ
RYAN DUFFY
DANIEL KRAFT ‡

△ NEW YORK BAR ONLY
‡ NEW JERSEY BAR ONLY
◇ OF COUNSEL ATTORNEYS
○ CERTIFIED MATRIMONIAL LAW ATTORNEY

DIRECT DIAL: 212.530.4831
EMAIL: JBLUMETTI@LHRGB.COM

August 9, 2022

**VIA ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: Jessica Denson v. Donald J. Trump for President, Inc.
     <u>Civil Action No. 20-cv-04737 (PGG)</u>

Dear Judge Gardephe:

   We represent Donald J. Trump for President, Inc. (the "Campaign") in the above-captioned action and write, in accordance with Section IV(A) of Your Honor's Individual Rules, to request a pre-motion conference in connection with the Campaign's intended motion, pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, to dismiss this action on the grounds that there are no justiciable claims before the Court.

   Specifically, the Campaign has unequivocally sworn in the enclosed declaration that it "***shall not ever enforce or attempt to enforce any confidentiality or non-disparagement provisions contained in any written agreements signed by any employees, independent contractors, or volunteers who worked for the Campaign on the 2016 Presidential Election***." *See declaration at **Exhibit A***. The Campaign has further unilaterally undertaken a mailing through a third-party company to all its former employees, independent contractors, and volunteers expressly advising them that they "***are no longer bound by the confidentiality and non-disparagement provisions in [their] NDA[s]***."[1] *See sample letter at **Exhibit B***.

---

[1] The Campaign took these steps on its own volition, despite its strong defenses against class certification, which, among other things, include the fact that any class certification motion would be barred by the binding arbitration provisions contained in the putative class members' agreements with the Campaign.

The Campaign has provided plaintiff with a copy of the above-referenced declaration and advised her counsel that this lawsuit is now moot.  For reasons best known to her, plaintiff has nevertheless insisted on proceeding with the lawsuit and stated that she will oppose any motion to dismiss based on mootness grounds.[2]

Based on the foregoing, the Campaign respectfully requests a pre-motion conference.

Respectfully submitted,

/s/ *Jared E. Blumetti*

Patrick McPartland
Jared E. Blumetti

Enclosures:


cc:      All counsel of record (*via ECF*)

---

[2] Indeed, despite the Campaign's representation to plaintiff that she was free to publish the declaration on social media or however she deemed fit, it is the Campaign's understanding that she has not done so.