

August 12, 2022

**By ECF**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Denson v. Donald J. Trump for President, Inc.*, No. 20 Civ. 4737 (S.D.N.Y.)

Dear Judge Gardephe:

We represent Lead Plaintiff Jessica Denson, along with a putative class of similarly-situated individuals, in the above-referenced action.  We write in response to the August 9, 2022 pre-motion letter by Defendant Donald J. Trump for President, Inc. (the "Campaign"), which proposes a second motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

The Campaign seeks to have this action dismissed as moot based on two facts: 1) a purported officer of the Campaign has executed a declaration stating that the Campaign will no longer attempt to enforce the nondisclosure and non-disparagement provisions of a contract it required employees, volunteers, and contractors to sign (the "NDAs"), which this Court has already ruled are void and unenforceable as to Ms. Denson, and 2) the Campaign has purportedly mailed letters to an unidentified list of former campaign workers subject to those NDAs stating its intention not to enforce.  These facts do not warrant dismissal, and the Campaign's position is untenable for at least two major reasons.

First, the declaration has no legal effect on the terms of the existing NDAs signed by Ms. Denson and hundreds of other Campaign workers.  The declaration does not preclude the Campaign from changing its mind and seeking to enforce the NDAs at some future date when it is strategically advantageous to do so.  Put differently, the Campaign seems to be suggesting that it can moot this case by essentially enjoining *itself* from enforcing the NDAs, but that is not something it has the power to do – only the Court can issue an injunction that has the power of law.  The Campaign's promise is worth little to the hundreds of individuals who continue to have their basic rights impeded by the NDAs.

Notably, this is not the Campaign's first attempt to moot this case and avoid a final, binding resolution.  In support of its previous motion to dismiss, the Campaign submitted a declaration from its former political director, suggesting the Campaign would no longer seek to enforce the NDA against Ms. Denson. ECF No. 33 ¶ 8. Based on that representation, the Campaign argued there was no live controversy for the Court to resolve. ECF No. 39 at 2–3.  This Court rightly rejected that empty promise, noting that "[t]he Campaign's representation in briefing that it has



T: 212-390-8842
F: 866-844-8305
David@BoJo.law

14 Wall Street, 20th Floor
New York, NY 10005
www.BoJo.law

no present intention to enforce the Employment Agreement's non-disclosure and non-disparagement provisions against Denson is not sufficient, under the circumstances of this case, to defeat Denson's showing of a substantial risk of a future action to enforce these provisions." ECF No. 48 at 19.  Further, this Court has already found that "the Campaign's past efforts to enforce the non-disclosure and non-disparagement provisions demonstrate that it is not operating in good faith to protect what it has identified as legitimate interests."  ECF No. 48 at 33.  Nor should it be trusted to act in good faith now with regard to the selfsame agreements.

Second, even if the declaration and related letters were legally binding, they would not moot this case.  These materials only acknowledge what this Court has already found – that the NDAs are illegal.  They do not address at all the remaining issues in the case: class certification, the appropriate form and content of relief, and Plaintiffs' entitlement to attorneys' fees under the plain terms of the employment agreements at issue.  Further, Plaintiffs note that the Campaign's promise that it will not enforce the NDAs would have no effect whatsoever on the ability of third parties, such as former President Trump himself, to enforce the NDAs.[1]  The Court has already expressly noted that "notwithstanding the declaration from the Campaign's lawyer – [Denson] is at risk from enforcement actions brought by countless 'third party beneficiaries' of the Employment Agreement."  ECF No. 76 at 10.  That risk would remain for the class.  While these issues are largely straightforward, they are certainly still live, and unaffected by the Campaign's attempt to short-circuit what remains to be decided in this action.

---

[1] The former President is well aware of the Campaign NDAs at issue in this case, and is likely also aware of his power to enforce the NDA. On August 31, 2019, he tweeted, "*I am currently suing various people for violating their confidentiality agreements*":



ECF No. 21 ¶ 17 (emphasis added); ECF No. 26 (Bowles Decl.) ¶ 13; ECF No. 26-11 (Bowles Decl. Ex. K). Trump also has a well-documented predilection with threatening to sue individuals for purportedly violating NDAs, including many years after the NDAs are executed. *See, e.g.*, Matthew Chapman, *Trump Claims His Niece Signed an NDA, Threatens to Sue Her Over Tell-All Book: Report*, Salon (June 17, 2020), https://www.salon.com/2020/06/17/trump-claims-his-niece-signed-an-nda-threatens-to-sue-her-over-tell-all-book-report_partner/; Haven Orecchio-Egresitz, *How Trump Uses Money, Non-Disclosure Agreements, and Intimidation to Muzzle the People Close to Him*, Business Insider (June 18, 2020), https://www.businessinsider.com/how-trump-non-disclosure-agreements-intimidation-silence-mary-trump-book-2020-6.

That said, Plaintiffs do applaud the Campaign's implicit recognition that the NDAs are invalid and certainly support any efforts to reach an early resolution of the case. Plaintiffs have previously suggested stipulations and a settlement that would resolve such issues, but the Campaign has rejected Plaintiffs' efforts. Accordingly, Plaintiffs would respectfully request a conference with the Court, at which the options for resolution or at least narrowing of the few remaining issues could be addressed.

Plaintiffs therefore respectfully request that the Campaign's request to be allowed to bring a second motion to dismiss be denied, and respectfully request a conference with the Court with the goal of narrowing or resolving the remaining issues in this lawsuit.

Respectfully submitted,

David K. Bowles
Bowles & Johnson PLLC