UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JESSICA DENSON, individually and on
behalf of all others similarly situated,

                Plaintiff,

     -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,

               Defendant.
-------------------------------------------------------------X

Case No.: 20-cv-4737 (PGG) (VF)

**DECLARATION OF
JARED E. BLUMETTI**

I, **JARED E. BLUMETTI**, declare as follows:

1. I am a partner at LaRocca Hornik Rosen & Greenberg LLP, attorneys for defendant Donald J. Trump for President, Inc. (the "Campaign"). I am personally familiar with the facts and circumstances set forth in this declaration. I make this declaration in opposition to Ms. Denson's motion for class certification.

2. On August 13, 2020, the Campaign avowed in a sworn declaration that it did not intend to take any action against Ms. Denson for any alleged violations of her Agreement's then-valid confidentiality and non-disclosure provisions. ECF Doc. No. 33, pp. 2–3, ¶ 8. Based on this sworn statement, the Campaign asserted that Ms. Denson's claims were mooted.

3. In its March 30, 2021 Order (the "March 2021 Order"), this Court concluded that this representation was insufficient to show that Ms. Denson's claims were mooted. ECF Doc. No. 48, p. 19 ("[t]he Campaign's representation in briefing that it has no present intention to enforce the Employment Agreement's non-disclosure and non-disparagement provisions against Denson is not sufficient, under the circumstances of this case, to defeat Denson's showing of a substantial risk of a future action to enforce these provisions").

4. Following the March 2021 Order, the Campaign avowed in a second sworn declaration on May 14, 2021 that it would not enforce or attempt to enforce the confidentiality or non-disclosure provisions against Ms. Denson. ECF Doc. No. 60-1, ¶ 2. Based on this sworn statement, the Campaign asserted that any remaining claims by Ms. Denson were mooted.

5. In its March 30, 2022 Order (the "March 2022 Order"), this Court concluded that this representation was insufficient to defeat Ms. Denson's motion seeking leave to amend her complaint. The Court stated that "[d]efendant's declaration only addresses enforcement as to Denson, however; it does not speak to the Campaign's enforcement of the provisions against putative class members." ECF Doc. No. 76, pp. 8–9.

6. Following the March 2022 Order, the Campaign proffered a third declaration on June 6, 2022 stating that "[t]he Campaign hereby avows that it shall not ever enforce or attempt to enforce any confidentiality or non-disparagement provisions contained in any written agreements signed by any employees, independent contractors, or volunteers who worked for the Campaign on the 2016 Presidential Election." ECF Doc. No. 83-1, p. 2, ¶ 2.

7. In addition, the Campaign sent a signed letter to each of the putative class members in July 2022 stating that they are "no longer bound" by the Agreement's confidentiality and non-disparagement provisions and that the Campaign "will not enforce these provisions." ECF Doc. No. 83-2, p. 2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 15th day of November 2022, in New York, New York.

/s/ *Jared E. Blumetti*
———————————————
Jared E. Blumetti