UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JESSICA DENSON, individually and on behalf of
all others similarly situated,

                                                        Case No.:  20-cv-4737 (PGG) (VF)

                              Plaintiff,

            -against-

DONALD J. TRUMP FOR PRESIDENT, INC.

                              Defendant.
----------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

*On the brief:*
*Patrick McPartland, Esq.*
*Jared E. Blumetti, Esq.*

**LAROCCA HORNIK ROSEN**
**& GREENBERG LLP**
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837/4831
E: PMCPARTLAND@LHRGB.COM
   JBLUMETTI@LHRGB.COM

*Attorneys for defendant*

Defendant Donald J. Trump for President, Inc. (the "Campaign") respectfully submits this memorandum of law in opposition to plaintiff's motion for class certification.

## PRELIMINARY STATEMENT

As an initial matter, plaintiff's motion for class certification must be denied on mootness grounds.  The Campaign has voluntarily ceased any enforcement of the Agreement's confidentiality and non-disparagement provisions; avowed in a publicly filed sworn declaration that it "***shall not ever***" enforce these provisions; and unequivocally notified all its former employees, independent contractors, and volunteers in a signed writing that they are "***no longer bound***" by these provisions.  As such, any class claims are moot as a matter of law.

Even if the claims of the putative class were not moot, class certification is barred by the Agreement's arbitration provision.  It is undisputed that the Agreement contains a valid and enforceable arbitration provision requiring each of the putative class members to submit any claims regarding the validity and enforceability of the Agreement to arbitration on an individual basis before the American Arbitration Association (the "AAA").  As discussed below, this too precludes class certification as a matter of law.

## ARGUMENT

### I.

### A CLASS CANNOT BE
### CERTIFIED BECAUSE OF MOOTNESS

It is axiomatic that a class cannot be certified where the claims of the putative class members have been mooted.  *See e.g. Fox v. Board of Trustees of State University of New York*, 42 F.3d 135, 140 (2d Cir. 1994) ("[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action…[d]efects in subject matter jurisdiction cannot be waived and may be raised at any time during the proceedings") (*internal quotations and alterations omitted*),

*citing Board of School of Commissioners of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129, 95 S.Ct. 848, 850 (1975) (a class action is moot unless it was duly certified pursuant to Rule 23 and a controversy still exists between the present members of the class and the defendant); *see also McCreary v. Federal Bureau of Prisons*, 2021 WL 720358, * 3 (M.D. Pa. February 24, 2021) ("the issue of mootness remains in play with respect to whether the court should certify the proposed class in this case…[as] it is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed"), *quoting U.S. v. Juvenile Male*, 564 U.S. 932, 936, 31 S.Ct. 2860, 2864 (2011); *see generally Los Angeles County v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383 (1979) (finding that class action "became moot during the pendency of this litigation," reiterating that "a case is moot when the issues presented are no longer live") (*internal quotations omitted*).

As the Second Circuit has stated, "[w]hen a defendant voluntarily ceases conduct that a plaintiff alleges to be unlawful, the plaintiff's case usually becomes moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Wagschal v. Skoufis*, 857 Fed.Appx. 18, 20 (2d Cir. 2021), *quoting Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 375 (2d Cir. 2004).

Here, the Campaign unequivocally pledged in a sworn declaration "***that it shall not ever enforce or attempt to enforce any confidentiality or non-disparagement provisions contained in any written agreements signed by any employees, independent contractors, or volunteers who worked for the Campaign on the 2016 Presidential Election***." ECF Doc. No. 83-1, p. 2, ¶ 2. The Campaign further advised all putative class members in a signed writing that they are "***no longer***

***bound by***" the Agreement's confidentiality and non-disparagement provisions and that the Campaign "***will not enforce these provisions***."[1]  ECF Doc. 83-2, p. 2.

These voluntary actions taken by the Campaign mooted the claims of the putative class members under Second Circuit case law.  *See e.g. Wagschal v. Skoufis*, 857 Fed.Appx. at 20 (claims for declaratory and injunctive relief were moot because defendant had consistently and voluntarily refrained from engaging in the conduct that plaintiff alleged to be unlawful and represented in two sworn declarations that he did not intend to engage in any such conduct in the future), *citing Dean v. Blumenthal*, 577 F.3d 60, 65–66 (2d Cir. 2009); *see also Kane v. Blueprint Test Preparation LLC*, 2020 WL 7000731, * 7 (E.D.N.Y. August 24, 2020) (claims for injunctive relief were moot where defendant submitted a declaration outlining the proactive measures it had taken to cure alleged discriminatory policies), *report and recommendation adopted*, 2020 WL 6281391 (E.D.N.Y. October 27, 2020).

As such, plaintiff's class certification motion should be denied.  *See e.g. Lipton v. Chattem, Inc.*, 289 F.R.D. 456, 461 (N.D. Ill. 2013) (request for injunctive relief was moot, and thus certification of consumer fraud putative class action against seller of weight loss product under Rule 23(b)(2) was not appropriate where plaintiff sought to enjoin seller from continuing to sell weight loss product without disclosing the presence of an alleged toxin as seller had already removed all forms of the toxin from its products); *Gonzalez v. Corning*, 317 F.R.D. 443, 510 (W.D. Pa. 2016) ("[t]his court will not certify a nationwide class pursuant to Rule 23(b)(1)(B) because

---

[1] The Campaign took these steps on its own volition despite the fact that any class action would be precluded by the arbitration provision (as discussed below).  *See* Argument Point II.  This is the third sworn declaration from the Campaign disavowing enforcement of the confidentiality and non-disparagement provisions.  *See declaration of Jared E. Blumetti, dated November 15, 2022.*

the relief being sought is either moot or must be obtained on an individual, rather than a classwide, basis"); *see generally McCreary v. Federal Bureau of Prisons*, 2021 WL 720358, at * 3.

Plaintiff's anticipated assertions regarding the purported enforcement rights of the Agreement's "third-party beneficiaries" do not alter the analysis.  The Campaign had the express contractual right under the Agreement to unilaterally modify any of the Agreement's "terms," "covenants," or "provisions" in a signed writing—which it did through its June 2022 declaration and July 2022 letters to the putative class members—and any third-party beneficiaries are bound by that modification.  ECF Doc. No. 77-1, pp. 5–6, ¶¶ 8(d), 9; *Nicholas v. Wayfair Inc.*, 410 F.Supp.3d 448 (E.D.N.Y. 2019) ("[t]he unilateral right to modify an agreement, without more, does not render the agreement unenforceable"); *BAll Banking Corp. v. UPG, Inc.*, 985 F.2d 685, 697 (2d Cir. 1993) (third-party beneficiary "possessed no greater right to enforce a contract than the actual parties to the contract") (*citations omitted*); *Barnum v. Millbrook Care Ltd. Partnership*, 850 F.Supp. 1227, 1236 (S.D.N.Y. 1994) ("the parties to an agreement may subsequently modify the agreement even without the consent of the…beneficiary as long as the…beneficiary has not accepted, adopted or relied upon the original agreement") (*citations omitted*).

## II.

## THE ARBITRATION PROVISION PRECLUDES CLASS TREATMENT

### A.     The Putative Class Members Are Bound by the Arbitration Provision

By definition, the putative class consists of all individuals who signed the Agreement in connection with the 2016 Presidential Election.  ECF Doc. No. 77, ¶ 131.  It cannot be disputed that the Agreement contains a valid and enforceable arbitration provision requiring these individuals to submit any claims regarding the validity and enforceability of the Agreement to

arbitration on an individual basis before the AAA.[2]  ECF Doc. No. 77-1, p. 5, ¶ 8; *Denson v. Trump for President, Inc.*, 2018 WL 4568430, * 1 (S.D.N.Y. August 30, 2018) ("Denson's claim here— that the Agreement *as a whole* is unenforceable—plainly arises under or relates to the Agreement…[i]t follows that the parties' dispute—including the threshold question of arbitrability itself—is for an arbitrator, not this Court, to decide") (*internal quotations and alterations omitted*), *citing Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449, 126 S.Ct. 1204, 1210 (2006) ("a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator").

Where, as here, all or most of the members of a putative class are bound by an arbitration provision, courts across the country have repeatedly held that class certification should be denied. *See e.g. Amansac v. Midland Credit Management, Inc.*, 2022 WL 14563253, * 6 (D.N.J. October 24, 2022) ("[d]ue to [plaintiff's] highly unique situation, he is not subject to the broadly-worded arbitration provision that it wholly appears all other—or nearly all other—putative class members would be subject to…[t]hat the relevant arbitration provision would likely be valid and applicable to virtually every other class member is sufficient to preclude [plaintiff]…from representing a class largely made up of individuals that may be subject to the agreement"), *citing Jensen v. Cablevision Systems Corporation*, 372 F.Supp.3d 95, 122–24 (E.D.N.Y. 2019) (denying certification for lack of typicality since "over 99 percent of the proposed class" was subject to potentially valid arbitration provision that the named plaintiff opted out of, and thus, "potentially subject to possible [arbitration and class-action waiver] defenses that are inapplicable to the [putative class representative]"); *Forby v. One Technologies, LP*, 2020 WL 4201604, * 10 (N.D. Tx. July 22,

---

[2] To the extent the putative class members' claims are not found to be moot, the Campaign will exercise its contractual right under the Agreement to compel arbitration on an individual basis against any putative class members.  ECF Doc. No. 60-1, p. 1, ¶ 3.

2020) ("unlike [plaintiff], the putative class members would be bound by the terms of the arbitration agreement…[t]hus, [defendants] contend that their waiver of arbitration rights as to plaintiff makes her a 'class of one'…[t]he court agrees and determines that [plaintiff] cannot meet the numerosity requirement needed to certify a class under Rule 23 or the typicality and adequate representative requirements"); *Quinlan v. Macy's Corporate Services, Inc.*, 2013 WL 11091572, * 3 (C.D. Cal. August 22, 2013) (plaintiff was atypical of class as he was a union member and not required to arbitrate, while class members were non-union and subject to mandatory arbitration).

Indeed, even the cases cited by plaintiff in her moving brief confirm that class certification is inappropriate where the putative class members are bound by a valid and enforceable arbitration provision. *See e.g. Magtoles v. United Staffing Registry, Inc.*, 2022 WL 1667005, * 2 (E.D.N.Y. May 25, 2022) ("the Nurse Plaintiffs represent that they do not seek to include in the certified class any nurses who signed a contract with United Staffing that contained a class action waiver and arbitration clause"); *Jensen v. Cablevision Systems Corporation*, 372 F.Supp.3d at 122–24.

For these reasons, class certification is inappropriate and should be denied.

## B.    The Campaign Could Not Have Waived Its Arbitration Rights With Respect to the Putative Class

The Campaign could not have waived its arbitration rights as to the putative class because there is no live case or controversy between a defendant and a putative class until a class is certified (i.e., until a class is certified, there is no arbitration for a party to waive or compel). *See e.g. Chen-Oster v. Goldman, Sachs & Co*., 449 F.Supp.3d 216, 234 (S.D.N.Y. 2020) ("[i]n the context of class litigation, courts repeatedly have held that the earliest time to move to compel arbitration is after class certification…[a]t that juncture, previously putative class members first become subject to a court's jurisdiction") (collecting cases), *citing Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d

1230, 1237–39 (11th Cir. 2018) (even though defendant waived its arbitration rights as to named plaintiffs, defendant did not waive its arbitration rights as to any unnamed class members, finding, among other things, that "it would have been impossible in practice to compel arbitration against speculative plaintiffs and jurisdictionally impossible for the district court to rule on those motions"); *In re Checking Account Overdraft Litigation*, 780 F.3d 1031, 1037 (11th Cir. 2015) (district court lacked jurisdiction to resolve question of whether bank's waiver of its right to compel arbitration of named plaintiffs' claims should be extended to preclude bank from compelling arbitration of unnamed putative class members' claims); *see also* ECF Doc. Nos. 61, 64 (the Campaign's supplemental briefs pursuant to the Court's April 27, 2021 Order).

Thus, as a matter of law, the Campaign cannot be deemed to have already waived any jurisdictional arguments regarding the putative class members. *See e.g. Cruson v. Jackson National Life Insurance Company*, 954 F.3d 240, 251 (5th Cir. 2020) ("[t]o rule that [defendant] was required, on pain of waiver, to raise a personal jurisdictional objection against those putative class members would validate 'the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*'…[t]hat we decline to do"), *quoting Smith v. Bayer Corp.*, 564 U.S. 299, 313, 131 S.Ct. 2368, 2379 (2011).

Irrespective of this jurisdictional principle, the Campaign was under no obligation to alert plaintiff as to the defects with her purported class action (whether in arbitration or court). The facts are that plaintiff brought a class arbitration before the AAA when she had no right to do so under the Agreement's arbitration provision and the Campaign opted to deal with her purported

class claims in court (where she also had no right to proceed with a class action).[3]  The Campaign never once stated any intent to litigate any claims with any putative class member in court, much less that it was waiving its arbitration rights with respect to any unnamed putative class members.

Quite the opposite, the Campaign repeatedly stated its intent to exercise its arbitration rights as to the putative class members in its responsive pleadings and motion papers in this lawsuit.  ECF Doc. Nos. 52, p. 16 (affirmative defenses 6–8); 60-1, p. 1, ¶ 3; 80, p. 15 (affirmative defenses 6–8); *Zaja v. Suny Upstate Medical University/Upstate Healthcare Center*, 2022 WL 16834054, * 2 (N.D.N.Y. November 9, 2022) ("an argument raised in an answer is not waived"), *citing* Fed. R. Civ. P. 8(c); *Villante v. VanDyke*, 93 Fed.Appx. 307, 309 (2d Cir. 2004) ("we conclude that [defendants], having raised the exhaustion defense in their answer, did not waive the defense by failing to include it in their first motion for summary judgment").

For all these reasons, any purported waiver argument fails as a matter of law.

---

[3] The Agreement's arbitration provision does not permit class treatment in arbitration or court.  As the Supreme Court has held, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so."  *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662, 684, 130 S.Ct. 1758, 1775 (2010). Here, there is no express agreement allowing for class arbitration, which means that class arbitration is barred.  As the courts have further found, a party cannot make an end-run around their inability to arbitrate on a class basis by filing a class action in court, even if their arbitration provision does not explicitly prohibit class litigation.  *See e.g. Forby v. One Technologies, LP*, 2020 WL 4201604, at * 8 ("[w]hile the arbitration clause does not explicitly prohibit class action litigation in the judicial forum, the court cannot ignore that the plain language of the arbitration provision dictates that 'all claims, disputes or controversies…shall be resolved by final and binding arbitration'…[e]ven considering that the agreement is silent as to class litigation, there is no denying that the broad language would serve as a barrier to resolving disputes in a judicial forum…[t]hus, a reasonable application is that a named plaintiff or putative class member, who agreed to the arbitration clause, would be bound by its terms and required to arbitrate their individual claims, which would bar their ability to litigate their claims in court").

## <u>CONCLUSION</u>

Based on the foregoing, the Campaign respectfully requests that the Court deny plaintiff's motion for class certification in its entirety, dismiss this action on mootness grounds, and grant the Campaign such other relief as the Court deems just and proper.

Dated:  New York, New York
        November 15, 2022

                                LAROCCA HORNIK ROSEN
                                & GREENBERG LLP

                                /s *Jared E. Blumetti*
                        By: _____
                                Patrick McPartland
                                Jared E. Blumetti

                                40 Wall Street, 32nd Floor
                                New York, New York 10005
                                T: (212) 530-4837, 4831
                                E: pmcpartland@lhrgb.com
                                    jblumetti@lhrgb.com

                                *Attorneys for defendant*
                                *Donald J. Trump for President, Inc.*