## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA DENSON, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC.,<br><br>*Defendant*. | No. 20 Civ. 4737 (PGG) |

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Defendant's Opposition to Plaintiffs' Motion for Class Certification, ECF No. 100 (the "Opposition" or "Opp'n"), is notable in three respects. First, it makes *no* argument that Plaintiffs have failed to satisfy any of the requisite class certification factors under Federal Rule of Civil Procedure 23(a) or (b). Second, the arguments it does make are merely re-treads of arguments that it has already made in this case – and that this Court has roundly rejected. Third, Defendant simultaneously argues that (a) the case is over because Defendant promises not to enforce the contract against any class members and (b) a class cannot be certified because Defendant vows to arbitrate any and all subsequent disputes with other class members; those arguments are, at a minimum, in tension. Because Plaintiffs easily satisfy the criteria for class certification, and because Defendant has provided no reason to find otherwise, Plaintiffs' motion should be granted and the putative class certified.

# ARGUMENT

## I. Defendant Does Not Contest That Plaintiffs Satisfy the Relevant Class Certification Factors

Typically, a contested motion for class certification centers on the factors enumerated in Federal Rule of Civil Procedure 23(a) and (b). In her opening brief, Lead Plaintiff Jessica Denson demonstrated why the putative class in this case easily satisfies both the requisite factors under Rule 23(a) and qualifies for class treatment under Rules 23(b)(1)(B) and (b)(2). ECF No. 86 (hereinafter "Mot.") at 8–15. In its Opposition, the Defendant (the "Campaign") does not contest *any* of these arguments – they should therefore be deemed conceded. *See, e.g.*, *CVS Pharmacy, Inc. v. Press Am., Inc.*, 377 F. Supp. 3d 359, 383 (S.D.N.Y. 2019) ("[A] party may be deemed to have conceded an argument by failing to address it in its briefing."). Because Plaintiffs have shown they can meet all of the requisite factors under Rule 23, and because the Campaign has offered no argument that they cannot, class certification should be granted – full stop. *See Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 79–80 (2d Cir. 2015) (noting that class certification is appropriate where the four prerequisites of Federal Rule of 23(a) are met, and at least one of the three subsections of Rule 23(b) is satisfied); *see also, e.g.*, *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013) (same).

## II. The Court Has Already Rejected the Campaign's "Mootness" Argument Multiple Times

Rather than make any argument about the substance of Plaintiffs' motion and/or the requisite factors under Rule 23, the Campaign instead resorts to the same tired argument it has made since the beginning of this case: that the claims of the putative class are "moot" because a Campaign official has submitted a declaration promising not to enforce the relevant contractual

provisions in the future. Opp'n at 1–4. This argument is meritless and has already been rejected by the Court more than once.

First, the declaration has no legal effect on the terms of the existing NDAs signed by Ms. Denson and hundreds of other Campaign workers. The declaration does not preclude the Campaign from changing its mind and seeking to enforce the NDAs at some future date when it is strategically advantageous to do so. Put differently, the Campaign seems to be suggesting that it can moot this case by essentially enjoining *itself* from enforcing the NDAs, but that is not something it has the power to do – only the Court can issue an injunction that has the power of law. The Campaign's paper promise is worth little to the hundreds of individuals who continue to have their basic rights impeded by the NDAs.

Notably, this is not the Campaign's first attempt to moot this case and avoid a final, binding resolution. In support of its initial motion to dismiss, the Campaign submitted a declaration from its former political director, suggesting the Campaign would no longer seek to enforce the NDA against Ms. Denson. ECF No. 33 ¶ 8. Based on that representation, the Campaign argued there was no live controversy for the Court to resolve. ECF No. 39 at 2–3. This Court rightly rejected that empty promise, noting that "[t]he Campaign's representation in briefing that it has no present intention to enforce the Employment Agreement's non-disclosure and non-disparagement provisions against Denson is not sufficient, under the circumstances of this case, to defeat Denson's showing of a substantial risk of a future action to enforce these provisions." ECF No. 48 at 19. Further, this Court found that "the Campaign's past efforts to enforce the non-disclosure and non-disparagement provisions demonstrate that it is not operating in good faith to protect what it has identified as legitimate interests." ECF No. 48 at 33. Nor should it be trusted to act in good faith now with regard to the selfsame agreements.

The Campaign reprised its mootness argument in opposing Plaintiffs' motion to amend their complaint. Along with its opposition, the Campaign filed a declaration from its in-house counsel, promising (a) not to attempt to enforce the NDA against Ms. Denson; and (b) to exercise its right to compel arbitration against every other class member. ECF No. 60-1. The Court again rightly rejected the Campaign's attempt to avoid final judgment, noting that there is "substantial evidence the Campaign will seek to enforce the non-disclosure and non-disparagement provisions against putative class members other than Denson," and that "notwithstanding the declaration from the Campaign's lawyer – [Ms. Denson] is at risk from enforcement actions brought by countless 'third-party beneficiaries.'" ECF No. 76 at 10. This last point is crucial – even if the Campaign's promise not to enforce the NDAs had some legal effect, it would have no effect whatsoever on the ability of third parties, such as former President Trump himself, to enforce the NDAs.[1]

---

[1] The Campaign seeks to avoid this "third-party beneficiary" issue by asserting that it has rescinded any third-party enforcement rights by "unilaterally modify[ing]" the contract by means of the declaration and a letter purportedly sent to every class member. Opp'n at 4. But this argument fails for three reasons. First, neither the letter nor the declaration say anything about third party rights – they say only that "[t]he Campaign" will not enforce the relevant provisions. See ECF No. 83-1 (Declaration); ECF No. 83-2 (Letter). Even assuming that the Campaign does have the ability to modify these contracts without the consent of third parties, there is nothing in the purported modifications it has made which supports its position that any third-party rights have been abrogated. Nor does the letter do anything to address the chilling effect that the possibility of third-party enforcement actions have on class members' speech. Second, the Campaign's purported "unilateral" modification cannot be squared with the plain text of the agreements themselves, which state that modifications must be "made in writing and signed by the undersigned." ECF No. 22-1 ¶ 9. The "undersigned," of course, includes both a representative for the Campaign *and* the employee/contractor/volunteer who signed the contract. ECF No. 22-1 (Ms. Denson's NDA); ECF No. 89-5 (examples of other NDAs). There is thus no contractual basis for the Campaign's assertion that it has the ability to unilaterally modify the terms of the agreement. Third, to the extent the Campaign did have unilateral amendment authority, there would be nothing stopping the Campaign from backtracking and reasserting the third-party enforcement provisions the minute this litigation closes. In sum, either the Campaign's argument proves too little because it lacks the modification power it asserts, or it

Second, even if the declaration and related letters were legally binding, they would not moot this case. These materials only acknowledge what this Court has already found – that the NDAs are illegal. They do not address at all the remaining live issues in the case: class certification, the appropriate form and content of relief, and Lead Plaintiff Denson's entitlement to an incentive fee award under Rule 23 and to attorneys' fees under the plain terms of the employment agreements at issue. Those issues remain to be decided regardless of any empty promises the Campaign makes.

For all these reasons, the Court should once again reject the Campaign's attempt to unilaterally moot this case.

## III. The Campaign Has Waived Its Right to Seek to Compel Arbitration of Any Class Member

Next, the Campaign trots out another one of its greatest hits – the argument that a class cannot be certified because the individual class members are subject to the NDA's arbitration provision, and that the Campaign will exercise its right to compel arbitration with respect to each. Opp'n at 46. As an initial matter, after the Campaign raised this argument in opposing Plaintiffs' motion to file an amended complaint, the Court specifically instructed the parties that "any determination as to the arbitrability of the putative class members' claims would be

---

proves too much because it means the Campaign could continue abusing this contract the minute it is out from this Court's authority.

In fact, the Campaign's argument in this regard only demonstrates why class certification should be granted. The Campaign does have the ability to solve the problem of third-party enforcement by modifying the agreement, but it can only do so by (1) *actually* stripping third parties of their enforcement rights (not just promising that the Campaign itself won't enforce the agreement), and (2) receiving consent either from each putative class member, or from someone with authorization to consent on each class member's behalf – that is, the authorized representative of a certified class.

premature," and that "any motion to compel arbitration will be addressed *after* class discovery and certification is resolved." ECF No. 76 at 12 (emphasis added).

The fact that the Campaign chose to raise the arbitration argument again, now, before class certification, is odd (and it evidences the kind of gamesmanship Lead Plaintiff has been navigating for roughly five years). Odder still, the Campaign opens its argument by noting that "until a class is certified, there is no arbitration for a party to . . . compel" and citing caselaw for the proposition that "courts repeatedly have held that the earliest time to move to compel arbitration is after class certification." Opp'n at 6 (citing *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 234 (S.D.N.Y. 2020)).

But to provide a preview of Plaintiffs' response at the appropriate juncture, the Campaign's arbitration argument is meritless and has already been all but rejected by the Court. In prior briefing, Plaintiffs set forth at length the factual record which demonstrates beyond any doubt that the Campaign has expressly and impliedly waived any right to arbitrate the claims at issue here. *See, e.g.*, ECF No. 62 at 4–9; ECF No. 65 at 2–7. And, in its Order granting Plaintiffs' Motion to Amend the Complaint, the Court itself explained:

> [W]hen Denson attempted to assert a class claim before the arbitrator, the Campaign announced that it had "the discretionary right to arbitrate (or not arbitrate) [this] class action before the AAA"; that it was "exercis[ing] its election rights in this regard"; and that it had "notified the AAA that it was declining to arbitrate that claim. . . . [I]f plaintiff wants to proceed with a class action lawsuit, she must file her purported claims in court, rather than with the AAA." . . .
>
> In sum, the Campaign invited Denson to file a class claim in court. Indeed, the Campaign asserted that any class action claim must be asserted "in court, rather than [before] the AAA." While the Campaign now appears to argue that no class claim of any sort can be brought, its earlier arguments are inconsistent with that position, and raise an issue as to whether the Campaign has impliedly waived its current

>  argument that putative class members must proceed with individual claims in an arbitration.

Order, ECF No. 76 at 11. The Campaign says *nothing* about this factual record or about the Court's prior decision in its Opposition. Instead, it argues that, because it could not have moved to compel arbitration until after class certification, it could not have waived its right to do so with respect to the putative class members before a class was certified. This argument is logically and legally wrong.

The problem with the Campaign's argument is that it conflates two different questions: (1) under what circumstances a court will find a defendant has waived the right to arbitrate a claim, and (2) at what point in a class-action litigation the defendant can formally seek to compel arbitration of the claims of absent class members. While it is true, as the Campaign argues, that it could not have sought to compel arbitration with respect to absent class members prior to certification, it does not follow that the Campaign did not *waive* its right to do so by its conduct prior to and during this litigation. Indeed, numerous cases hold that a defendant can waive its arbitration rights with respect to putative class members before certification. *See, e.g., Harris v. NPC Int'l, Inc.*, No. 13-1033, 2014 WL 12634549, at *4 (W.D. Tenn. Dec. 3, 2014) ("[A] defendant can waive its right to compel arbitration as to the entire class, even before it has been certified") (citing *Manasher v. NECC Telecom*, 310 F. App'x 804, 805–07 (6th Cir. 2009)); *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 257–58 (S.D.N.Y. 2005) (rejecting argument that defendant could not waive arbitration rights against "then-absent class members" prior to class certification); *Prowant v. Fed. Nat'l Mortg. Ass'n*, 255 F. Supp. 3d

1291, 1299–1300 (N.D. Ga. 2017).[2] And here, where the Campaign has both been on notice from the very beginning that Lead Plaintiff intends to bring a class claim, *see* ECF No. 65 at 2, and has expressly told Lead Plaintiff to bring that claim in court, it should not be heard to now claim that its intention was to arbitrate with absent class members all along.[3]

## CONCLUSION

For the foregoing reasons, as well as those set forth in Plaintiffs' opening brief (ECF No. 86) and in its prior briefing on the issues raised in the Campaign's Opposition, Plaintiffs' motion should be granted and the class should be certified.

Dated: December 8, 2022                           Respectfully Submitted,

                                                  By: /s/ John Langford
David A. Schulz                                   John Langford (JL-2367)

---

[2] None of the cases cited by the Campaign are to the contrary, and if anything, they support Plaintiffs' position. These cases do not purport to state a categorical rule that a defendant cannot waive its arbitration rights as to absent class members prior to class certification. Rather, they merely determined, based on the specific facts at issue, that a defendant had not in fact waived its arbitration rights. For example, in *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216 (S.D.N.Y. 2020), the court relied heavily on the fact that the defendant gave "extensive notice" of its intent to compel arbitration, and therefore did not waive that right. *Id*. at 235. Similarly, in *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230 (11th Cir. 2018), the Court was swayed by the fact that the defendant expressly reserved its right to arbitrate with putative class members from the earliest stages of the case. *Id*. at 1237. Far from proving the point that the Campaign cites them for, these cases – and the others cited by the Campaign – in fact recognize the possibility that a defendant can waive arbitration rights pre-certification. Of course, the cases the Campaign cites ultimately determined there was no waiver. But none involved an express waiver like that at issue here, nor did either case involve the type of obvious "heads I win, tails you lose" strategy that the Campaign has employed since the outset of this case. *Cf. Hooper v. Advance Am.*, 589 F.3d 917, 922 (8th Cir. 2009).

[3] The Campaign's corollary argument that the arbitration provision "does not permit class treatment in arbitration or court" is also a re-tread, and is wrong for all the reasons Plaintiffs have previously articulated. Opp'n at 8; *see* ECF No. 62 at 9–10; ECF No. 65 at 4–5 & n. 4 (explaining that the Second Circuit has construed language substantively identical to the arbitration provision at issue here to allow both class arbitration and class proceedings in court). Moreover, the Campaign's attempt to categorize the procedural path of this case as Plaintiffs making "an end-run around their inability to arbitrate on a class basis" is highly disingenuous, given that Lead Plaintiff attempted to arbitrate the class claims and the Campaign rejected her demand and told her in no uncertain terms to go to court. ECF No. 65 at 2–4.

Joseph Slaughter
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (212) 850-6103
Fax: (212) 223-1942
Email: schulzd@ballardspahr.com
Email: slaughterj@ballardspahr.com

David K. Bowles
BOWLES & JOHNSON PLLC
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
Email: David@BoJo.Law

UNITED TO PROTECT DEMOCRACY
555 W. 5th St.
Los Angeles, CA 90013
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: john.langford@protectdemocracy.org

Brittany Williams
UNITED TO PROTECT DEMOCRACY
1900 Market St., 8th Fl.
Philadelphia, PA 19103
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: brittany.williams@protectdemocracy.org

Anne Tindall
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: anne.tindall@protectdemocracy.org

*Counsel for Plaintiffs*