# LaRocca Hornik Rosen & Greenberg LLP
### COUNSELORS AT LAW

THE TRUMP BUILDING
40 WALL STREET
32ND FLOOR
NEW YORK, NY 10005
212.530.4823
212.530.4815 FAX

LHRGB.COM

FREEHOLD COMMONS
83 SOUTH STREET
3RD FLOOR
FREEHOLD, NJ 07728
732.409.1144
732.409.0350 FAX

PRIVATE LENDER GROUP
212.536.3529
732.625.2463 FAX

FRANK J. LaROCCA ╪o
JONATHAN L. HORNIK
LAWRENCE S. ROSEN
ROSE GREENBERG ▵
AMY D. CARLIN ▵
PATRICK McPARTLAND ▵
DAVID N. KITTREDGE
JARED E. BLUMETTI
SANFORD HAUSLER ▵
JOHN L. GARCIA
LAUREN CASPARIE ▵
DAVID ROEMER ▵
PETER KELEGIAN ▵
DREW TANNER ╪
LAUREN WEISSMAN-FALK
NELSON DIAZ
RYAN DUFFY
DANIEL KRAFT ╪

▵ NEW YORK BAR ONLY
╪ NEW JERSEY BAR ONLY
o OF COUNSEL ATTORNEYS
o CERTIFIED MATRIMONIAL LAW ATTORNEY

DIRECT DIAL: 212.530.4831
EMAIL: JBLUMETTI@LHRGB.COM

January 13, 2023

**VIA ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Jessica Denson v. Donald J. Trump for President, Inc.
                Civil Action No. 20-cv-04737 (PGG)

Dear Judge Gardephe:

      We represent Donald J. Trump for President, Inc. (the "Campaign") in the above-captioned action. Pursuant to Section II of Your Honor's Individual Rules of Practice, we write on behalf of all parties to respectfully request leave to redact limited amounts of confidential business information from documents submitted in conjunction with the parties' joint request for approval of a class action settlement. Specifically, the parties request leave to redact references to the amount of the attorneys' fees and the incentive award provided under the settlement agreement, the public disclosure of which would have a deleterious effect on, among other things, the Campaign's future ability to negotiate similar agreements.

      The parties recognize that the settlement agreement, having been placed before the Court in connection with the parties' motion seeking approval of the settlement of this action pursuant to Fed. R. Civ. P. 23(e), is a judicial document to which a presumption of public access attaches. *See Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-24 (2d Cir. 2006). Nonetheless, the common law presumption of access may be overcome by "countervailing factors" that justify sealing, and even judicial documents subject to the First Amendment right of access may be kept under seal to the extent "necessary to preserve higher values," so long as "the sealing order is narrowly tailored to achieve that aim." *Id.* at 124. Such countervailing factors and higher values may include a litigant's "interest in protecting confidential business information." *Std. Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009).

Accordingly, courts within the Second Circuit regularly permit limited redactions to protect settlement terms. *See e.g. Pullman v. Alpha Media Publ'g, Inc.*, 624 F. App'x 774, 779 (2d Cir. 2015) (affirming order sealing settlement figure in settlement conference transcript); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-45 (2d Cir. 2004) (holding that confidential settlement amount disclosed during court conference should remain redacted in transcript); *Seoul Viosys Co. v. P3 Int'l Corp.*, 2018 WL 4759744, * 41 (S.D.N.Y. Sep. 30, 2018) (permitting redaction in summary judgment exhibits of "the details of prior confidential settlement agreements"); *Travelers Indem. Co. v. Excalibur Reins. Corp.*, 2013 WL 4012772, * 16-30 (D. Conn. Aug. 5, 2013) (permitting redaction of exhibits to various motions containing confidential settlement amount and other information about settlement discussions, noting that "the Second Circuit has recognized the value of confidentiality in settlement negotiations").

Sealing limited portions of the settlement agreement that is subject to Court approval is likewise appropriate here. Magistrate Figueredo took an active role in overseeing the parties' settlement negotiations on December 13, 2022, which specifically included the parties' agreement on the material term that the amount of attorneys' fees and the incentive award due to Plaintiff's counsel and Lead Plaintiff Jessica Denson, respectively, would remain confidential. As Magistrate Figueredo and the parties acknowledged, this limited confidentiality was a core component of the Campaign's willingness to settle the action, especially given its defenses to class certification. *See Gambale*, 377 F.3d at 143 (explaining that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage").

Moreover, the disclosure of the dollar amounts provided in the settlement agreement would cause competitive harm to the Campaign by prejudicing its ability to negotiate such agreements with third parties in the future. If those negotiating with the Campaign were to have access to the terms of its past settlement agreements, they could open a negotiation on terms they might not have otherwise considered or could simply demand a settlement on the same or similar terms to the agreement at issue here. Furthermore, the disclosure of such sensitive terms could undermine third parties' confidence in the confidentiality of any potential settlement agreements with the Campaign, thus weakening the Campaign's negotiating position or preventing it from entering settlement agreements at all. *See e.g. Refco Grp. Ltd. v. Cantor Fitzgerald, L.P.*, 2015 WL 4298572, * 12 (S.D.N.Y. July 15, 2015) (permitting redaction of agreements where "disclosure could harm confidence in the defendants' future agreements…and disclosure would negatively impact the entities' negotiating capabilities").

Notably, the dollar amounts provided in the settlement agreement are only tangentially relevant to the consideration of the motion as a whole. Because the Complaint seeks only injunctive and declaratory relief on behalf of the class, and because the settlement agreement provides the relief requested in the Complaint, there is no danger that this was an attorneys' fees-driven settlement. Where the information sought to be redacted is of only marginal relevance to the substance of the document in question, the presumption of access is weaker. *See e.g. Theallet v. H&M Hennes & Mauritz, L.P.*, 2010 WL 4194898, *4 (S.D.N.Y. July 20, 2020) (weight of presumption of access was "extremely weak" where confidential dollar amount divulged at hearing was irrelevant to motion under consideration); *Refco*, 2015 WL 4298572, at * 13-14 (recognizing diminished presumption of access where redacted information was "minimally relevant to the parties' claims" and did "not appear necessary to or helpful in resolving the motion" before court).

Finally, the redactions proposed by the parties are narrowly tailored and consistent with the concerns about competitive harm outlined above. *See Lugosch*, 435 F.3d at 120. The redactions include only limited references to the agreed-upon attorneys' fees and incentive award; everything else in the settlement agreement and related submissions will be publicly available. *See e.g. Travelers Indem. Co.*, 2013 WL 4012772, at * 23 (redaction of portions of documents containing confidential settlement information was narrowly tailored). The redactions would not interfere in any way with the public's ability to understand the basis for the Court's ruling on the motion to approve the settlement.

For these reasons, the parties respectfully request that the Court grant them leave to redact from their settlement documents the amount of the attorneys' fees and incentive award that are to be paid in connection with their settlement.

Respectfully submitted,

*Jared E. Blumetti*

Patrick McPartland
Jared E. Blumetti

Enclosures: