

January 13, 2023

**By ECF**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Denson v. Donald J. Trump for President, Inc.*, No. 20 Civ. 4737 (S.D.N.Y.)
Joint Letter Motion to Approve Settlement

Dear Judge Gardephe:

We represent Lead Plaintiff Jessica Denson, along with a putative class of similarly situated individuals, in the above-referenced action. We write this letter jointly with Defendant Donald J. Trump for President, Inc. (the "Campaign"). We are pleased to inform the Court that the parties agreed to settle this action during their settlement conference before Magistrate Judge Figueredo on December 13, 2022. Accordingly, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the parties submit their agreement to the Court for approval.

As the Court will recall, Lead Plaintiff Jessica Denson commenced this putative class action alleging that all Campaign workers from the 2016 Presidential campaign signed a substantively identical contract containing invalid non-disclosure and non-disparagement provisions (the "Employment Agreement). On March 30, 2021, the Court granted, in part, Ms. Denson's motion for summary judgment, declaring the Employment Agreement's non-disclosure and non-disparagement provisions invalid and unenforceable as to Ms. Denson only. ECF No. 48. Following the Court's decision, Ms. Denson moved to amend her complaint to request injunctive relief on behalf of herself and the putative class. On March 30, 2022, the Court granted Ms. Denson's motion and ordered the parties to proceed to class discovery. ECF No. 76.

The Campaign, as of June of 2021, stated in writing that it would cease any enforcement of the Employment Agreement's non-disclosure and non-disparagement provisions against Ms. Denson. While the parties were conducting class discovery, the Campaign made another sworn declaration that it "shall not ever" enforce the non-disclosure and non-disparagement provisions and stated that it notified the putative class members in a signed writing that they are "no longer bound" by these provisions. ECF Nos. 83-1, 83-2. The Campaign voluntarily undertook these steps to release any putative class members on its own volition despite its asserted defense that any class action would have been barred by the arbitration clause contained in the Employment Agreement. Lead Plaintiff's position was, and remains, that neither of these actions were sufficient to ensure these provisions would never be enforced by any party, and that the Campaign affirmatively waived any right to arbitrate class claims.



Class discovery closed on August 31, 2022, and Ms. Denson moved for class certification on October 6, 2022, which the Campaign opposed.

On October 7, 2022, Your Honor referred the parties to a settlement conference before Magistrate Judge Figueredo, which, as noted above, took place on December 13, 2022. At the conference, the parties agreed on a settlement in principle, subject to the Court's approval. The parties' proposed settlement agreement and mutual release (the "Proposed Agreement") is submitted herewith as Exhibit A, and it contains the following material terms:

- The parties will jointly submit two proposed stipulation and orders, pursuant to which (i) the proposed class consisting of all Campaign employees, contractors, and volunteers who executed the Employment Agreement, or any contract containing substantively identical non-disclosure and non-disparagement provisions, during the 2016 election would be provisionally certified for the purposes of settlement only, and (ii) enjoining the enforcement of those provisions by the Campaign or any third parties;

- Following the Court's entry of the above-referenced stipulation and orders, the Campaign will pay class counsel an aggregate total of $▮▮▮▮▮▮, which includes any and all attorneys' fees and costs (including notice-related costs) and an incentive fee of $▮▮▮▮ to Ms. Denson, amounts which the parties have agreed to keep confidential;

- Mutual releases, with two express carve-outs; and

- The Campaign will provide the contact information that it has in its possession custody, or control for the putative class members so that class counsel can provide notice to the class of the settlement.

The parties now submit this letter motion seeking the Court's approval of the Proposed Agreement pursuant to Rule 23(e).

### Rule 23(e) Should Be Liberally Construed In The Instant Case

Because class litigation has the potential to affect the rights of absent class members, Rule 23 puts in place various procedural safeguards so that the Court can ensure those absent parties' rights are adequately protected. Rule 23(e), which requires Court approval of any class settlement, is one of those safeguards – it "protects unnamed class members from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise." *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997).

The application of Rule 23(e) to this action, however, is somewhat unique. Because Plaintiff and the class members seek *only* injunctive and declaratory relief, because the settlement provides Plaintiff and the class members with the relief that they could obtain through continued litigation, and because by virtue of the settlement the class stands only to *gain* rights, not lose them, the typical concerns animating the Court's Rule 23(e) inquiry are largely (if not entirely)

absent here.  There is no danger that the settlement is the result of "faintheartedness," since it provides the class with the relief sought in the Complaint.  And there is no danger that Ms. Denson is putting her interests above those of the class, since she has already prevailed on her claim and has continued to litigate for two years to ensure class-wide relief.  Moreover, the Campaign has already communicated to the putative class members that they are released from their non-disparagement and non-disclosure obligations to the Campaign.  In light of these considerations, the parties respectfully suggest that the Court should take a liberal approach in its role safeguarding the rights of absent class members pursuant to Rule 23(e).

### Provisional Class Certification for Settlement Purposes Is Necessary and Appropriate

One of the critical components of the parties' Proposed Agreement is that the Court enter an order provisionally certifying the class for purposes of settlement only.  Until the class is provisionally certified, counsel has no authority to bind the class, and therefore the settlement cannot be effectuated without the class first being provisionally certified.

The parties have submitted a joint proposed stipulation and order provisionally certifying the class, which they respectfully request the Court "so-order."

### The Settlement Satisfies All Factors for Approval

In this Circuit, there is a "strong judicial policy in favor of settlements, particularly in the class action context."  *In re Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998).  In ordinary circumstances, the reviewing court should consider some combination of nine factors when considering whether to approve a settlement.  These are referred to as the "*Grinnell* factors," and include:

   (1) the complexity, expense and likely duration of the litigation;

   (2) the reaction of the class to the settlement;

   (3) the stage of the proceedings and the amount of discovery completed;

   (4) the risks of establishing liability;

   (5) the risks of establishing damages;

   (6) the risks of maintaining the class action through the trial;

   (7) the ability of the defendants to withstand a greater judgment;

   (8) the range of reasonableness of the settlement fund in light of the best possible recovery;

   (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).  Courts also review the reasonableness of any attorney fee award in a class action settlement.  *Id.* at 120.  Of course, certain of these factors – including 5, 7, 8, and 9 – are inapplicable here because this case does not involve monetary damages.  To the extent they are applicable at all, the remaining factors all favor approval of the settlement.

The complexity, expense and likely duration of the litigation.  This case certainly qualifies as complex and lengthy: it has a complicated history involving multiple other judicial and arbitral forums stretching over four years (ECF No. 77 ¶¶ 50–79), and it has already occupied two and one-half years of litigation before this Court.  Moreover, continued litigation would likely result in multiple additional rounds of briefing centered on the arbitration clause of the Employment Agreement, mootness, the appropriate relief, and fees and costs.  Resolution by settlement is therefore favored.  *Wal-Mart Stores, Inc.*, 396 F.3d at 118.

The reaction of the class to the settlement.  There has been no reaction of the class to the settlement as the class has not been notified of the settlement.  Nevertheless, as the settlement merely releases the class members from contractual obligations without having to give up anything in return, it can be presumed the reaction would not be unfavorable.  In fact, the Campaign has already informed the putative class members that they are released from these obligations, ECF No. 83; it has not reported that any putative class member objected or expressed reservations about that decision.  "[T]he absence of substantial opposition is indicative of class approval." *Wal-Mart Stores, Inc.*, 396 F.3d at 118.

The stage of the proceedings and the amount of discovery completed.  Discovery is complete in this case.  Where discovery has been completed and the parties are ready for trial, "the court obviously has sufficient evidence to determine the adequacy of settlement." *Wal-Mart Stores, Inc.*, 396 F.3d at 118.

The risks of establishing liability and the risks of maintaining the class action through trial.  Here, the parties are in an unusual posture in that the Court has already ruled that the Employment Agreement's non-disclosure and non-disparagement provisions are invalid and unenforceable as to Ms. Denson but has not yet extended this ruling to the entire class.  ECF No. 48.  The Campaign has opposed class certification, arguing that this action has been mooted by, among other things, the Campaign's voluntary cessation of enforcement of the Employment Agreement's non-disclosure and non-disparagement provisions and that Employment Agreement's arbitration provision precludes class treatment in any event.  ECF No. 100 at 4–9.  While Plaintiffs disagree with those arguments, there remains a risk as to whether a class would be certified.  Thus, the parties agree that the certainty of a settlement is preferable to continued litigation.

Reasonableness of the attorney's fee award.  As discussed above, courts also review the reasonableness of any fee award.  Here, the $[redacted] afforded to Ms. Denson's counsel and Ms. Denson is certainly reasonable.  Those fees are further reasonable given that (1) Lead Plaintiff (initially *pro* se) and her counsel litigated this case for more than three years; (2) the attorneys'

fees will be split between three entities: two law firms and one nonprofit organization, with at least seven experienced attorneys involved; (3) the fee award is a reduction from what counsel could be entitled under a pure lodestar calculation to date; and (4) the fee agreement was negotiated and reduced by agreement among the parties, under the guidance of Magistrate Judge Figueredo. Accordingly, the parties jointly and respectfully submit to the Court that the award is reasonable.

### **Hearing and Notice**

Rule 23(e)(1)(B) requires a hearing and a finding of fairness for any settlement that binds class members. While this settlement in some sense binds class members, insofar as no class member could bring similar claims in the future, that is not only because they have released any rights, but also because the settlement removes the predicate fact that would underlie such a claim – *i.e.*, the existence of a valid and enforceable Employment Agreement. The parties therefore submit that any fairness hearing can be conducted swiftly and simply.

Moreover, because this is a Rule 23(b)(2) class (meaning that the only relief sought is injunctive and declaratory), the Court is not required to direct notice to class members prior to a fairness hearing (or at all). Fed. R. Civ. P. 23(c)(2)(A). The parties respectfully submit that, given the unique factors of this case as described above, no Court-directed notice is necessary for final approval of the settlement. That said, because Ms. Denson and her counsel have an interest in letting class members know that they are no longer bound by the Employment Agreement's non-disclosure and non-disparagement provisions, the settlement contains provisions that will help them get the word out, including that the Campaign will provide all contact information for class members in its possession, custody, and control.

In summary, the parties agree that the proposed settlement is fair, and jointly submit the agreement to the Court for the Court's approval.

Respectfully submitted on behalf of all parties,

David K. Bowles
Bowles & Johnson PLLC