## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is entered into among Jessica Denson (hereinafter "Ms. Denson" or "Class Representative"), individually and on behalf of a settlement class of similarly situated persons (hereinafter "Settlement Class"), and Donald J. Trump for President, Inc. (hereinafter "the Campaign"). The parties to this Agreement are collectively referred to as the "Parties."

**WHEREAS**, Ms. Denson, individually and on behalf of the Settlement Class, and the Campaign, are parties to a civil action entitled *Denson v. Donald J. Trump for President, Inc.*, Case No. 20-cv-4737 (PGG), pending in the United States District Court for the Southern District of New York (hereinafter the "Litigation");

**WHEREAS**, Ms. Denson, individually and on behalf of a class of similarly situated persons, alleged in her First Amended Class Action Complaint, dated April 5, 2022 (the "Complaint"), that Ms. Denson and the Campaign entered into a contract (the "Employment Agreement") dated on or about August 18, 2016, and that certain provisions in the Employment Agreement – referred to herein as the "non-disclosure" and "non-disparagement" provisions – violate New York contract law, the New York Constitution, and the First Amendment to the United States Constitution;

**WHEREAS**, on March 30, 2021, the Court in the Litigation declared the non-disclosure and non-disparagement provisions contained in the Employment Agreement invalid and unenforceable as to Ms. Denson only;

**WHEREAS**, prior to this settlement, the Campaign voluntarily stated in writing that it was currently releasing all employees, contractors, and volunteers from any non-disclosure or non-

disparagement obligations to the Campaign contained in any agreements signed by them in connection with the 2016 election;

**WHEREAS**, prior to this settlement, the Campaign represents that on its own volition it notified all of these employees, contractors, and volunteers in a signed writing that they are "no longer bound" by these non-disclosure and non-disparagement provisions;

**WHEREAS**, the Court noted that the Employment Agreement purports to empower over 500 entities other than the Campaign to enforce its terms, ECF No. 76 at 10;

**WHEREAS**, the Parties and their counsel have determined that it is in their best interest to resolve the Litigation, and have concluded that the terms and conditions provided in this Settlement Agreement are fair, reasonable, adequate, and in their best interests;

**WHEREAS**, on the information available to Plaintiffs, Plaintiffs' counsel understand there is no Settlement Class member who previously paid for the Campaign's fees and costs in relation to any enforcement of the Employment Agreement's non-disclosure and non-disparagement provisions;

**WHEREAS**, the Parties agree that the settlement reduced to writing in this Settlement Agreement was negotiated among the Parties in good faith and at arm's length, and constitutes a fair, reasonable, and adequate resolution for Ms. Denson and the Settlement Class, pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE**, the Parties stipulate and agree that the claims of Ms. Denson and the Settlement Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1.  **<u>Settlement</u>**.  This Settlement Agreement is entered into, along with two simultaneously filed joint proposed stipulation and orders (the "Proposed Orders"), to fully and finally

resolve all claims against the Campaign by Ms. Denson and the Settlement Class that have been asserted in the Litigation regarding the validity of the Employment Agreement's non-disclosure and non-disparagement provisions. One of those proposed orders would provisionally certify the Settlement Class for the purposes of settlement only, and the second would permanently enjoin the Campaign and all third-parties from enforcing the non-disclosure and non-disparagement provisions of the Employment Agreement against any Settlement Class member. The assertions, statements, agreements, and representations made herein are for purposes of settlement only and the Parties expressly agree that, if the Proposed Orders are not approved by the Court, this Settlement Agreement shall be null and void and may not be used by any Party for any reason.

2.  **Settlement Terms**.  Pursuant to this Settlement Agreement, the Parties agree as follows:

i.      Within 7 days of the Parties' execution of this Settlement Agreement, the Parties shall submit the Proposed Orders to the Court, substantially in the forms attached hereto as Exhibits A and B.

ii.      Within 21 days of the Court's entering the Proposed Orders as orders (thereafter the "Orders") and approving this settlement, the Campaign will pay to Class Counsel an aggregate total of $▮▮▮▮, constituting the reasonable and stipulated fees and expenses of Class Counsel, a reasonable incentive award of $▮▮▮ for the benefit of Class Representative, and any costs incurred by Ms. Denson or Class Counsel in connection with any effort to notify the Settlement Class of the Orders and this Settlement Agreement. Payment shall be wired to the account listed below:



**Note: Payor must indicate the client name and file number in the wire transfer description.**

iii.      Within 21 days of the entry of the Orders and approving this settlement, the Campaign will provide to Class Counsel the contact information that it has in its possession, custody, or control for the Settlement Class so that Class Counsel may endeavor to notify class members of the Orders and this Settlement Agreement.  In the event the Court orders that class notice be provided prior to approval of this Settlement Agreement, the Campaign will provide the contact information that it has in its possession, custody, or control for the Settlement Class so that Class Counsel may timely comply with any such court order.

iv.      The Campaign, on behalf of itself and its past, present, and future owners, affiliates, related business entities, parents, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, board members, employees, volunteers, stockholders, representatives, insurers, attorneys, in their individual and representative capacities, and each and every one of them and their heirs, executors, administrators, successors and assigns, and all persons acting through, under or in concert with it, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, forever, fully, irrevocably, and unconditionally release and discharge Ms. Denson and the Settlement Class from any and all claims, demands, debts, damages, costs, expenses,

actions, causes of action, suits, and liabilities of any kind and nature throughout the world, whether known or unknown, actual or potential, from the beginning of time to the Effective Date, arising out of or related to the non-disclosure and non-disparagement provisions of the Employment Agreement.  For avoidance of doubt, this release includes a waiver of any appellate rights with respect to the Litigation.

      **v.**      Ms. Denson and the Settlement Class, on behalf of themselves, their heirs, successors, representatives, assigns, attorneys, agents, executors, and administrators, and all persons acting through, under or in concert with them, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, forever, fully, irrevocably, and unconditionally release and discharge the Campaign, its past, present, and future owners, affiliates, related business entities, parents, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, board members, employees, volunteers, stockholders, representatives, insurers, attorneys, in their individual and representative capacities, and each and every one of them and their heirs, executors, administrators, successors and assigns from any and all claims, demands, debts, damages, costs, expenses, actions, causes of action, suits, and liabilities of any kind and nature throughout the world, whether known or unknown, actual or potential, from the beginning of time to the Effective Date, arising out of or related to the non-disclosure and the non-disparagement provisions of the Employment Agreement, including, without limitation, all claims that were asserted by Ms. Denson in the Litigation, excluding the matters set forth below in paragraph 2(vi).  For avoidance of doubt, this release includes a waiver of any appellate rights with respect to the Litigation.

      **vi.**      Ms. Denson and the Campaign understand and agree that the release set

forth above in paragraph 2(v) specifically excludes claims arising out of or related to the non-disclosure and non-disparagement provisions of the Employment Agreement that were asserted prior to the execution of this Settlement Agreement and are currently pending in a judicial, arbitral, or other similar forum, as well as those causes of action and claims for damages, attorneys' fees and costs that Plaintiff is asserting against Defendant in the lawsuit pending in the Supreme Court of the State of New York, County of New York, entitled *Jessica Denson v. Donald J. Trump for President, Inc.*, Index No. 101616/2017.

3. **The Settlement Class**.  For purposes of settlement, the Parties agree to the certification of the following Settlement Class: all Campaign employees, contractors, and volunteers who executed the Employment Agreement, or any agreement containing substantively identical non-disclosure and non-disparagement provisions, during the 2016 election.

4. **Confidentiality of Amount of Attorneys' Fees and Costs**. The Parties agree that neither party nor their counsel shall disclose the amount of attorneys' fees and costs (including the amount for an incentive fee) listed above in paragraph 2(ii).  The parties understand that maintaining the confidentiality of the amount paid by the Campaign in connection with this settlement is a material aspect of the settlement.  The parties will contemporaneously file a sealing motion with the Court along with this Settlement Agreement to ensure that the amount of the attorneys' fees and the incentive award remains confidential; should the Court deny that motion, this Settlement Agreement will be null and void.

5. **Exclusion of Other Litigation**. This Settlement Agreement shall have no effect, and shall in no way settle, any other pending litigation between Ms. Denson and the Campaign.

6. **Agreement Contingent Upon Entry of Final Approval**.  This Settlement Agreement  is contingent upon entry of the Proposed Orders.  If the Court declines to enter

the Proposed Orders or enters one or more order(s) that materially differ from the Proposed

Orders, then this Settlement Agreement shall be null and void and neither the fact that this

Settlement Agreement was made nor any stipulation, representation, agreement or

assertion made in this Settlement Agreement may be used against any Party.

7. **Notices**.  Requests for exclusion, objections to the Settlement Agreement or settlement,

and notices to the Parties or the Settlement Class shall be sent and/or copied to counsel for

the Parties as follows:

Counsel for Ms. Denson

> John Langford
> UNITED TO PROTECT DEMOCRACY
> 555 W. 5th St.
> Los Angeles, CA 90013
> Telephone: (202) 579-4582
> Fax: (929) 777-8428
> Email: john.langford@protectdemocracy.org

> Joseph Slaughter
> BALLARD SPAHR LLP
> 1675 Broadway, 19th Floor
> New York, NY 10019
> Telephone: (212) 850-6103
> Fax: (212) 223-1942
> Email: schulzd@ballardspahr.com
> Email: slaughterj@ballardspahr.com

> David K. Bowles
> BOWLES & JOHNSON PLLC
> 14 Wall Street, 20th Floor
> New York, New York 10005
> Tel. (212) 390-8842
> Fax (866) 844-8305
> Email: David@BoJo.Law

Counsel for the Campaign

> Patrick McPartland
> Jared E. Blumetti
> LAROCCA HORNIK ROSEN & GREENBERG LLP

40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837, 4831
Email: pmcpartland@lhrgb.com
Email: jblumetti@lhrgb.com

8.      **Integration Clause**.   This Settlement Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose.  This Settlement Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

9.      **Headings**.   Headings contained in this Settlement Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Settlement Agreement.

10.      **Binding and Benefiting Others**.   This Settlement Agreement shall be binding upon and inure to the benefit or detriment of the Parties and their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

11.      **Representations and Warranties**.   The Parties each further represent, warrant, and agree that, in executing this Settlement Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Settlement Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.  Each of the individuals executing this Settlement Agreement warrants that he or she has the authority to enter into this Settlement

Agreement and to legally bind the party for which he or she is signing.

12.    **Governing Law**.    The contractual terms of this Settlement Agreement shall be interpreted and enforced in accordance with the substantive law of the State of New York, without regard to its conflict of laws and/or choice of law provisions.

13.    **Mutual Interpretation**.    The Parties agree and stipulate that this Settlement Agreement was negotiated on an "arm's-length" basis between parties of equal bargaining power. This Settlement Agreement has been drafted jointly by Class Counsel and counsel for the Campaign. Accordingly, this Settlement Agreement is not one of adhesion, is mutually created, and no ambiguity shall be construed in favor of or against any of the Parties.

14.    **Incorporation of Recitals**.    Each of the Recitals stated above are hereby incorporated into this Settlement Agreement as if stated fully herein.

15.    **Counterparts**.    This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and electronic signatures shall bind the Parties to this Settlement Agreement as though they are original signatures.

16.    **Severability**.    In the event any one or more of the provisions contained in this Settlement Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within 20 days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Settlement Agreement.

17.    **No Waiver of Breach**. No breach of any provision hereof can be waived unless in writing.

Waiver of any one breach of any provision hereof shall not constitute waiver of any other breach of the same or any other provision hereof.

18. **<u>Continuing Jurisdiction</u>**. The Honorable Paul Gardephe shall retain exclusive jurisdiction over this Settlement Agreement, including over any alleged breaches thereof.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed on the date set forth beside their respective signatures.

Dated: January 13, 2023

Jessica Denson
*Lead Plaintiff*

Bradley Crate
*Treasurer for the Campaign*

John Langford (JL-2367)
UNITED TO PROTECT DEMOCRACY
555 W. 5th St.
Los Angeles, CA 90013
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: john.langford@protectdemocracy.org

David K. Bowles
BOWLES & JOHNSON PLLC
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
Email: David@BoJo.Law

/s/ Joseph Slaughter

Joseph Slaughter
David A. Schulz
BALLARD SPAHR LLP

1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (646) 346-8028
Fax: (212) 223-1942
Email: slaughterj@ballardspahr.com
Email: schulzd@ballardspahr.com

Brittany Williams
UNITED TO PROTECT DEMOCRACY
1900 Market St., 8th Fl.
Philadelphia, PA 19103
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: brittany.williams@protectdemocracy.org

Anne Tindall
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: anne.tindall@protectdemocracy.org

*Counsel for Plaintiffs*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

JESSICA DENSON, Individually and on
Behalf of All Others Similarly Situated,

*Plaintiffs*,

*v.*

DONALD J. TRUMP FOR PRESIDENT, INC.,

*Defendant*.

No. 20 Civ. 4737 (PGG)

**[JOINT PROPOSED] STIPULATION AND ORDER
PROVISIONALLY CERTIFYING A SETTLEMENT CLASS**

WHEREAS, Lead Plaintiff Jessica Denson filed a putative class action to challenge the validity and enforceability of the non-disclosure and non-disparagement provisions contained in the agreements entered between defendant Donald J. Trump for President, Inc. (the "Campaign") and its employees, contractors, and volunteers during the 2016 election cycle (the "Employment Agreement");

WHEREAS, on March 31, 2021, the Court declared the Employment Agreement's non-disclosure and non-disparagement provisions invalid and unenforceable as to Ms. Denson only;

WHEREAS, on March 30, 2022, the Court permitted Ms. Denson to file an amended complaint to add a request for injunctive relief and directed the parties to proceed to class discovery;

WHEREAS, the Campaign confirmed in class discovery that at least 422 Campaign employees, contractors, and volunteers signed agreements in connection 2016 election containing substantively identical non-disclosure and non-disparagement provisions;

WHEREAS, prior to this settlement, the Campaign voluntarily stated in writing that it was currently releasing all employees, contractors, and volunteers from any non-disclosure or non-disparagement obligations contained in any agreements signed by them in connection with the 2016 election;

WHEREAS, prior to this settlement, the Campaign represents that on its own volition it notified all of these employees, contractors, and volunteers in a signed writing that they are "no longer bound" by these non-disclosure and non-disparagement provisions;

WHEREAS, class discovery concluded on August 31, 2022;

WHEREAS, on October 7, 2022, the Court referred the parties to a settlement conference before Magistrate Judge Valerie Figueredo, which took place on December 13, 2022;

WHEREAS, the parties conditionally agreed to resolve this matter on certain terms;

WHEREAS, in connection with their settlement, the parties have submitted this proposed stipulation and order and a fully executed settlement agreement and mutual release;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, and subject to endorsement by the Court, that:

1.      For purposes of settlement only, the proposed class consists of all Campaign employees, contractors, and volunteers who executed the Employment, or any agreement containing substantively identical non-disclosure and non-disparagement provisions in connection with the 2016 election, is provisionally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Proposed Settlement Class");

2.      Specifically, the Court finds, for purposes of settlement only, that the class meets the requirements of Federal Rule of Civil Procedure 23 because:

        a.   the class is sufficiently numerous such that joinder of all members is impracticable;

      b.   common issues of fact and law exist and they affect all class members;

      c.   Lead Plaintiff Jessica Denson's claims arise from the same factual and legal circumstances that provide the basis for the class members' claims

      d.   Lead Plaintiff Jessica Denson's interests are not antagonistic to the interests of other members of the class, and Lead Plaintiff's attorneys are qualified, experienced and able to conduct the litigation; and

      e.   the class meets one or more of Federal Rule of Civil Procedure 23(b)'s requirements.

3.     In the event the Court declines to approve the parties' proposed settlement, the Proposed Settlement Class will be decertified automatically and the Court may take up Plaintiffs' fully-briefed motion to certify a class. *See* ECF Nos. 85–92, 99–101. The existence of this certification, this stipulation, or the Court's order of this stipulation may not be used as a basis by any parties or members of the any putative class to justify or oppose the certification of a class for non-settlement purposes.

4.     The Court retains jurisdiction over the Settlement Agreement, and any disputes arising from purported violations thereof.

Dated: January 13, 2023

By: _____
John Langford (JL-2367)
United to Protect Democracy
555 W. 5th St.
Los Angeles, CA 90013
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: john.langford@protectdemocracy.org

David K. Bowles
Bowles & Johnson PLLC
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
Email: David@BoJo.Law

David A. Schulz
Joseph Slaughter
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (212) 850-6103
Fax: (212) 223-1942
Email: schulzd@ballardspahr.com
Email: slaughterj@ballardspahr.com

Brittany Williams
United to Protect Democracy
1900 Market St., 8th Fl.
Philadelphia, PA 19103
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email:
brittany.williams@protectdemocracy.org

Anne Tindall
United to Protect Democracy
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: anne.tindall@protectdemocracy.org

*Counsel for Plaintiffs*

By:_____
Patrick McPartland
Jared E. Blumetti
LAROCCA HORNIK ROSEN
& GREENBERG LLP
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837, 4831
E: pmcpartland@lhrgb.com
jblumetti@lhrgb.com

*Counsel for Defendant*

DocuSign Envelope ID: 6CC67AD6-BC64-4BD4-8A7C-45359C39AB3B

SO ORDERED this _____ day of _____, 2023.

_____
Hon. Paul G. Gardephe
United States District Judge

DocuSign Envelope ID: 6CC67AD6-BC64-4BD4-8A7C-45259C39AB3B

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---

JESSICA DENSON, Individually and on
Behalf of All Others Similarly Situated,

*Plaintiffs*,

*v.*

DONALD J. TRUMP FOR PRESIDENT, INC.,

*Defendant*.

No. 20 Civ. 4737 (PGG)

---

## [JOINT PROPOSED] STIPULATION AND
## ORDER PROVIDING CLASS-WIDE RELIEF

WHEREAS, Lead Plaintiff Jessica Denson filed a putative class action to challenge the validity and enforceability of the non-disclosure and non-disparagement provisions contained in the agreements entered between defendant Donald J. Trump for President, Inc. (the "Campaign") and its employees, contractors, and volunteers during the 2016 election cycle (the "Employment Agreement");

WHEREAS, on March 31, 2021, the Court declared the Employment Agreement's non-disclosure and non-disparagement provisions invalid and unenforceable as to Ms. Denson only;

WHEREAS, on March 30, 2022, the Court permitted Ms. Denson to file an amended complaint to add a request for injunctive relief and directed the parties to proceed to class discovery;

WHEREAS, the Campaign confirmed in class discovery that at least 422 Campaign employees, contractors, and volunteers signed agreements in connection with the 2016 election containing substantively identical non-disclosure and non-disparagement provisions;

DocuSign Envelope ID: 6CC67AD6-BC64-4BD4-8A7C-45359C39AB3B

WHEREAS, prior to this settlement, the Campaign voluntarily stated in writing that it was currently releasing all employees, contractors, and volunteers from any non-disclosure or non-disparagement obligations contained in any agreements signed by them in connection with the 2016 election;

WHEREAS, prior to this settlement, the Campaign represents that on its own volition it notified all of these employees, contractors, and volunteers in a signed writing that they are "no longer bound" by these non-disclosure and non-disparagement provisions;

WHEREAS, class discovery concluded on August 31, 2022;

WHEREAS, on October 7, 2022, the Court referred the parties to a settlement conference before Magistrate Judge Valerie Figueredo, which took place on December 13, 2022;

WHEREAS, the parties conditionally agreed to resolve this matter on certain terms;

WHEREAS, on _____, 2023, the Court entered an Order provisionally certifying a class for purposes of settlement only, consisting of all Campaign employees, contractors, and volunteers who executed the Employment Agreement, or any agreement containing substantively identical non-disclosure and non-disparagement provisions in connection with the 2016 election (the "Settlement Class");

WHEREAS, in connection with their settlement, the parties have submitted this proposed stipulation and order and a fully executed settlement agreement and mutual release;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, and subject to endorsement by the Court, that:

1.     The non-disclosure and non-disparagement provisions contained in the Employment Agreement, or any other agreement containing substantively identical non-disclosure

and non-disparagement provisions in connection with the 2016 election, are invalid and enforceable as to each and every member of the Settlement Class;

2.      The Campaign, including its successor(s) in interest, is permanently enjoined from threatening to enforce, attempting to enforce, or enforcing any such invalid or unenforceable non-disclosure or non-disparagement provisions against any member of the Settlement Class in any forum;

3.      All third-party beneficiaries under the Employment Agreement are permanently enjoined from threatening to enforce, attempting to enforce, or enforcing any such invalid or unenforceable non-disclosure or non-disparagement provisions against any member of the Settlement Class in any forum; and,

4.      Final judgment shall be entered 28 days from the date this order is entered, unless either party notifies the Court that a party materially breached the separate settlement agreement and mutual release entered between the parties.


Dated: January 13, 2023

By: _____
John Langford (JL-2367)
United to Protect Democracy
555 W. 5th St.
Los Angeles, CA 90013
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email:
john.langford@protectdemocracy.org

David K. Bowles
Bowles & Johnson PLLC
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
Email: David@BoJo.Law

By: _____
Patrick McPartland
Jared E. Blumetti
LAROCCA HORNIK ROSEN
& GREENBERG LLP
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837, 4831
E: pmcpartland@lhrgb.com
jblumetti@lhrgb.com

*Counsel for Defendant*

3

DocuSign Envelope ID: 6CC67AD6-BC64-4BD1-8A7C-45250C39AB3B

David A. Schulz
Joseph Slaughter
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (212) 850-6103
Fax: (212) 223-1942
Email: schulzd@ballardspahr.com
Email: slaughterj@ballardspahr.com

Brittany Williams
United to Protect Democracy
1900 Market St., 8th Fl.
Philadelphia, PA 19103
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email:
brittany.williams@protectdemocracy.org
Anne Tindall
United to Protect Democracy
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: anne.tindall@protectdemocracy.org

*Counsel for Plaintiffs*

SO ORDERED this _____ day of _____, 2023.


_____

Hon. Paul G. Gardephe
United States District Judge