# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is entered into among Jessica Denson (hereinafter "Ms. Denson" or "Class Representative"), individually and on behalf of a settlement class of similarly situated persons (hereinafter "Settlement Class"), and Donald J. Trump for President, Inc. (hereinafter "the Campaign"). The parties to this Agreement are collectively referred to as the "Parties."

**WHEREAS**, Ms. Denson, individually and on behalf of the Settlement Class, and the Campaign, are parties to a civil action entitled *Denson v. Donald J. Trump for President, Inc.*, Case No. 20-cv-4737 (PGG), pending in the United States District Court for the Southern District of New York (hereinafter the "Litigation");

**WHEREAS**, Ms. Denson, individually and on behalf of a class of similarly situated persons, alleged in her First Amended Class Action Complaint, dated April 5, 2022 (the "Complaint"), that Ms. Denson and the Campaign entered into a contract (the "Employment Agreement") dated on or about August 18, 2016, and that certain provisions in the Employment Agreement – referred to herein as the "non-disclosure" and "non-disparagement" provisions – violate New York contract law, the New York Constitution, and the First Amendment to the United States Constitution;

**WHEREAS**, on March 30, 2021, the Court in the Litigation declared the non-disclosure and non-disparagement provisions contained in the Employment Agreement invalid and unenforceable as to Ms. Denson only;

**WHEREAS**, prior to this settlement, the Campaign voluntarily stated in writing that it was currently releasing all employees, contractors, and volunteers from any non-disclosure or non-

disparagement obligations to the Campaign contained in any agreements signed by them in connection with the 2016 election;

**WHEREAS**, prior to this settlement, the Campaign represents that on its own volition it notified all of these employees, contractors, and volunteers in a signed writing that they are "no longer bound" by these non-disclosure and non-disparagement provisions;

**WHEREAS**, the Court noted that the Employment Agreement purports to empower over 500 entities other than the Campaign to enforce its terms, ECF No. 76 at 10;

**WHEREAS**, the Parties and their counsel have determined that it is in their best interest to resolve the Litigation, and have concluded that the terms and conditions provided in this Settlement Agreement are fair, reasonable, adequate, and in their best interests;

**WHEREAS**, on the information available to Plaintiffs, Plaintiffs' counsel understand there is no Settlement Class member who previously paid for the Campaign's fees and costs in relation to any enforcement of the Employment Agreement's non-disclosure and non-disparagement provisions;

**WHEREAS**, the Parties agree that the settlement reduced to writing in this Settlement Agreement was negotiated among the Parties in good faith and at arm's length, and constitutes a fair, reasonable, and adequate resolution for Ms. Denson and the Settlement Class, pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE**, the Parties stipulate and agree that the claims of Ms. Denson and the Settlement Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1. **Settlement**.  This Settlement Agreement is entered into, along with two simultaneously filed joint proposed stipulation and orders (the "Proposed Orders"), to fully and finally

resolve all claims against the Campaign by Ms. Denson and the Settlement Class that have been asserted in the Litigation regarding the validity of the Employment Agreement's non-disclosure and non-disparagement provisions. One of those proposed orders would provisionally certify the Settlement Class for the purposes of settlement only, and the second would permanently enjoin the Campaign and all third-parties from enforcing the non-disclosure and non-disparagement provisions of the Employment Agreement against any Settlement Class member. The assertions, statements, agreements, and representations made herein are for purposes of settlement only and the Parties expressly agree that, if the Proposed Orders are not approved by the Court, this Settlement Agreement shall be null and void and may not be used by any Party for any reason.

2. **Settlement Terms**. Pursuant to this Settlement Agreement, the Parties agree as follows:

   i. Within 7 days of the Parties' execution of this Settlement Agreement, the Parties shall submit the Proposed Orders to the Court, substantially in the forms attached hereto as Exhibits A and B.

   ii. Within 21 days of the Court's entering the Proposed Orders as orders (thereafter the "Orders") and approving this settlement, the Campaign will pay to Class Counsel an aggregate total of $450,000, constituting the reasonable and stipulated fees and expenses of Class Counsel, a reasonable incentive award of $25,000 for the benefit of Class Representative, and any costs incurred by Ms. Denson or Class Counsel in connection with any effort to notify the Settlement Class of the Orders and this Settlement Agreement. Payment shall be wired to the account listed below:

PNC Bank, Philadelphia
ABA#031 0000 53
Account Number: ▮▮▮▮▮▮▮7742
Account Name: Ballard Spahr LLP
IOLTA Escrow
Swift #PNCCUS33

**Note: Payor must indicate the client name and file number in the wire transfer description.**

iii.     Within 21 days of the entry of the Orders and approving this settlement, the Campaign will provide to Class Counsel the contact information that it has in its possession, custody, or control for the Settlement Class so that Class Counsel may endeavor to notify class members of the Orders and this Settlement Agreement.  In the event the Court orders that class notice be provided prior to approval of this Settlement Agreement, the Campaign will provide the contact information that it has in its possession, custody, or control for the Settlement Class so that Class Counsel may timely comply with any such court order.

iv.     The Campaign, on behalf of itself and its past, present, and future owners, affiliates, related business entities, parents, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, board members, employees, volunteers, stockholders, representatives, insurers, attorneys, in their individual and representative capacities, and each and every one of them and their heirs, executors, administrators, successors and assigns, and all persons acting through, under or in concert with it, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, forever, fully, irrevocably, and unconditionally release and discharge Ms. Denson and the Settlement Class from any and all claims, demands, debts, damages, costs, expenses,

actions, causes of action, suits, and liabilities of any kind and nature throughout the world, whether known or unknown, actual or potential, from the beginning of time to the Effective Date, arising out of or related to the non-disclosure and non-disparagement provisions of the Employment Agreement. For avoidance of doubt, this release includes a waiver of any appellate rights with respect to the Litigation.

   **v.** Ms. Denson and the Settlement Class, on behalf of themselves, their heirs, successors, representatives, assigns, attorneys, agents, executors, and administrators, and all persons acting through, under or in concert with them, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, forever, fully, irrevocably, and unconditionally release and discharge the Campaign, its past, present, and future owners, affiliates, related business entities, parents, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, board members, employees, volunteers, stockholders, representatives, insurers, attorneys, in their individual and representative capacities, and each and every one of them and their heirs, executors, administrators, successors and assigns from any and all claims, demands, debts, damages, costs, expenses, actions, causes of action, suits, and liabilities of any kind and nature throughout the world, whether known or unknown, actual or potential, from the beginning of time to the Effective Date, arising out of or related to the non-disclosure and the non-disparagement provisions of the Employment Agreement, including, without limitation, all claims that were asserted by Ms. Denson in the Litigation, excluding the matters set forth below in paragraph 2(vi). For avoidance of doubt, this release includes a waiver of any appellate rights with respect to the Litigation.

   **vi.** Ms. Denson and the Campaign understand and agree that the release set

       forth above in paragraph 2(v) specifically excludes claims arising out of or related to the non-disclosure and non-disparagement provisions of the Employment Agreement that were asserted prior to the execution of this Settlement Agreement and are currently pending in a judicial, arbitral, or other similar forum, as well as those causes of action and claims for damages, attorneys' fees and costs that Plaintiff is asserting against Defendant in the lawsuit pending in the Supreme Court of the State of New York, County of New York, entitled *Jessica Denson v. Donald J. Trump for President, Inc.*, Index No. 101616/2017.

3. **The Settlement Class**. For purposes of settlement, the Parties agree to the certification of the following Settlement Class: all Campaign employees, contractors, and volunteers who executed the Employment Agreement, or any agreement containing substantively identical non-disclosure and non-disparagement provisions, during the 2016 election.

4. **Exclusion of Other Litigation**. This Settlement Agreement shall have no effect, and shall in no way settle, any other pending litigation between Ms. Denson and the Campaign.

5. **Agreement Contingent Upon Entry of Final Approval**. This Settlement Agreement is contingent upon entry of the Proposed Orders. If the Court declines to enter the Proposed Orders or enters one or more order(s) that materially differ from the Proposed Orders, then this Settlement Agreement shall be null and void and neither the fact that this Settlement Agreement was made nor any stipulation, representation, agreement or assertion made in this Settlement Agreement may be used against any Party.

6. **Notices**. Requests for exclusion, objections to the Settlement Agreement or settlement, and notices to the Parties or the Settlement Class shall be sent and/or copied to counsel for the Parties as follows:

    <u>Counsel for Ms. Denson</u>

        John Langford
        UNITED TO PROTECT DEMOCRACY
        555 W. 5th St.
        Los Angeles, CA 90013
        Telephone: (202) 579-4582
        Fax: (929) 777-8428
        Email: john.langford@protectdemocracy.org

        Joseph Slaughter
        BALLARD SPAHR LLP
        1675 Broadway, 19th Floor
        New York, NY 10019
        Telephone: (212) 850-6103
        Fax: (212) 223-1942
        Email: schulzd@ballardspahr.com
        Email: slaughterj@ballardspahr.com

        David K. Bowles
        BOWLES & JOHNSON PLLC
        14 Wall Street, 20th Floor
        New York, New York 10005
        Tel. (212) 390-8842
        Fax (866) 844-8305
        Email: David@BoJo.Law

    <u>Counsel for the Campaign</u>

        Patrick McPartland
        Jared E. Blumetti
        LAROCCA HORNIK ROSEN & GREENBERG LLP
        40 Wall Street, 32nd Floor
        New York, New York 10005
        T: (212) 530-4837, 4831
        Email: pmcpartland@lhrgb.com
        Email: jblumetti@lhrgb.com

7. **Integration Clause**.  This Settlement Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This

Settlement Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

8. **Headings**.  Headings contained in this Settlement Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Settlement Agreement.

9. **Binding and Benefiting Others**.  This Settlement Agreement shall be binding upon and inure to the benefit or detriment of the Parties and their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

10. **Representations and Warranties**.  The Parties each further represent, warrant, and agree that, in executing this Settlement Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Settlement Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.  Each of the individuals executing this Settlement Agreement warrants that he or she has the authority to enter into this Settlement Agreement and to legally bind the party for which he or she is signing.

11. **Governing Law**.  The contractual terms of this Settlement Agreement shall be interpreted and enforced in accordance with the substantive law of the State of New York, without regard to its conflict of laws and/or choice of law provisions.

12. **Mutual Interpretation**.  The Parties agree and stipulate that this Settlement Agreement was negotiated on an "arm's-length" basis between parties of equal bargaining power.  This Settlement Agreement has been drafted jointly by Class Counsel

and counsel for the Campaign. Accordingly, this Settlement Agreement is not one of adhesion, is mutually created, and no ambiguity shall be construed in favor of or against any of the Parties.

13. **Incorporation of Recitals**. Each of the Recitals stated above are hereby incorporated into this Settlement Agreement as if stated fully herein.

14. **Counterparts**. This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and electronic signatures shall bind the Parties to this Settlement Agreement as though they are original signatures.

15. **Severability**. In the event any one or more of the provisions contained in this Settlement Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within 20 days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Settlement Agreement.

16. **No Waiver of Breach**. No breach of any provision hereof can be waived unless in writing. Waiver of any one breach of any provision hereof shall not constitute waiver of any other breach of the same or any other provision hereof.

17. **Continuing Jurisdiction**. The Honorable Paul Gardephe shall retain exclusive jurisdiction over this Settlement Agreement, including over any alleged breaches thereof.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed on the date set forth beside their respective signatures.

Dated: February 3, 2023

Jessica Denson
*Lead Plaintiff*

Bradley Crate
*Treasurer for the Campaign*

John Langford (JL-2367)
UNITED TO PROTECT DEMOCRACY
555 W. 5th St.
Los Angeles, CA 90013
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: john.langford@protectdemocracy.org

David K. Bowles
BOWLES & JOHNSON PLLC
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
Email: David@BoJo.Law

Joseph Slaughter
David A. Schulz
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (646) 346-8028
Fax: (212) 223-1942
Email: slaughterj@ballardspahr.com
Email: schulzd@ballardspahr.com

Brittany Williams
UNITED TO PROTECT DEMOCRACY
1900 Market St., 8th Fl.
Philadelphia, PA 19103
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: brittany.williams@protectdemocracy.org

Anne Tindall
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: anne.tindall@protectdemocracy.org

*Counsel for Plaintiffs*

11