IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA DENSON, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC.,<br><br>　　　　　　*Defendant*. | No. 20 Civ. 4737 (PGG) |

**[JOINT PROPOSED] STIPULATION AND ORDER
PROVISIONALLY CERTIFYING A SETTLEMENT CLASS**

WHEREAS, Lead Plaintiff Jessica Denson filed a putative class action to challenge the validity and enforceability of the non-disclosure and non-disparagement provisions contained in the agreements entered between defendant Donald J. Trump for President, Inc. (the "Campaign") and its employees, contractors, and volunteers during the 2016 election cycle (the "Employment Agreement");

WHEREAS, on March 31, 2021, the Court declared the Employment Agreement's non-disclosure and non-disparagement provisions invalid and unenforceable as to Ms. Denson only;

WHEREAS, on March 30, 2022, the Court permitted Ms. Denson to file an amended complaint to add a request for injunctive relief and directed the parties to proceed to class discovery;

WHEREAS, the Campaign confirmed in class discovery that at least 422 Campaign employees, contractors, and volunteers signed agreements in connection 2016 election containing substantively identical non-disclosure and non-disparagement provisions;

WHEREAS, prior to this settlement, the Campaign voluntarily stated in writing that it was currently releasing all employees, contractors, and volunteers from any non-disclosure or non-disparagement obligations contained in any agreements signed by them in connection with the 2016 election;

WHEREAS, prior to this settlement, the Campaign represents that on its own volition it notified all of these employees, contractors, and volunteers in a signed writing that they are "no longer bound" by these non-disclosure and non-disparagement provisions;

WHEREAS, class discovery concluded on August 31, 2022;

WHEREAS, on October 7, 2022, the Court referred the parties to a settlement conference before Magistrate Judge Valerie Figueredo, which took place on December 13, 2022;

WHEREAS, the parties conditionally agreed to resolve this matter on certain terms;

WHEREAS, in connection with their settlement, the parties have submitted this proposed stipulation and order and a fully executed settlement agreement and mutual release;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, and subject to endorsement by the Court, that:

1. For purposes of settlement only, the proposed class consists of all Campaign employees, contractors, and volunteers who executed the Employment, or any agreement containing substantively identical non-disclosure and non-disparagement provisions in connection with the 2016 election, is provisionally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Proposed Settlement Class");

2. Specifically, the Court finds, for purposes of settlement only, that the class meets the requirements of Federal Rule of Civil Procedure 23 because:

   a. the class is sufficiently numerous such that joinder of all members is impracticable;

      b. common issues of fact and law exist and they affect all class members;

      c. Lead Plaintiff Jessica Denson's claims arise from the same factual and legal circumstances that provide the basis for the class members' claims

      d. Lead Plaintiff Jessica Denson's interests are not antagonistic to the interests of other members of the class, and Lead Plaintiff's attorneys are qualified, experienced and able to conduct the litigation; and

      e. the class meets one or more of Federal Rule of Civil Procedure 23(b)'s requirements.

3. In the event the Court declines to approve the parties' proposed settlement, the Proposed Settlement Class will be decertified automatically and the Court may take up Plaintiffs' fully-briefed motion to certify a class. *See* ECF Nos. 85–92, 99–101. The existence of this certification, this stipulation, or the Court's order of this stipulation may not be used as a basis by any parties or members of the any putative class to justify or oppose the certification of a class for non-settlement purposes.

4. The Court retains jurisdiction over the Settlement Agreement, and any disputes arising from purported violations thereof.

Dated: January 13, 2023

By: /s/ John Langford
John Langford (JL-2367)
United to Protect Democracy
555 W. 5th St.
Los Angeles, CA 90013
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: john.langford@protectdemocracy.org

David K. Bowles
Bowles & Johnson PLLC
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
Email: David@BoJo.Law

David A. Schulz
Joseph Slaughter
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (212) 850-6103
Fax: (212) 223-1942
Email: schulzd@ballardspahr.com
Email: slaughterj@ballardspahr.com

Brittany Williams
United to Protect Democracy
1900 Market St., 8th Fl.
Philadelphia, PA 19103
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email:
brittany.williams@protectdemocracy.org

Anne Tindall
United to Protect Democracy
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Fax: (929) 777-8428
Email: anne.tindall@protectdemocracy.org

*Counsel for Plaintiffs*

By: /s/ Jared Blumetti
Patrick McPartland
Jared E. Blumetti  LAROCCA
HORNIK ROSEN &
GREENBERG LLP
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837, 4831
E: pmcpartland@lhrgb.com
jblumetti@lhrgb.com

*Counsel for Defendant*

SO ORDERED this _____ day of _____, 2023.

_____
Hon. Paul G. Gardephe
United States District Judge