UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSICA DENSON, individually and on behalf of all others similarly situated,

           Plaintiff,

    -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,

           Defendant,

**ORDER**

20 Civ. 4737 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this putative class action, Plaintiff Jessica Denson seeks injunctive and declaratory relief prohibiting Defendant from enforcing non-disparagement and non-disclosure agreements in the contracts of individuals who worked on the 2016 Donald Trump presidential campaign.  (Am. Cmplt. (Dkt. No. 77))

        On February 3, 2023, the parties submitted (1) a settlement agreement, (2) a "proposed stipulation and order provisionally certifying a settlement class," and (3) a proposed final "stipulation and order providing class-wide relief," which the parties request that this Court enter after a fairness hearing.  (Dkt. No. 110)

        Under the terms of the settlement agreement – and in consideration for Plaintiff Denson and the class releasing their claims – Defendant will release Plaintiff Denson and the class members from the non-disparagement and non-disclosure provisions, pay $450,000 in attorneys' fees to class counsel, and pay a lead plaintiff incentive award to Plaintiff Denson in the amount of $25,000.  (Settlement Agmt. (Dkt. No. 110-1) at 3-6)

The parties' joint submission does not (1) provide for notice to class members of the proposed settlement and the fairness hearing; (2) set out what form such notice will take; or (3) provide a procedure for objections.

As to notice, the settlement agreement submitted by the parties states:

> Within 21 days of the entry of the Orders and approving this settlement, the Campaign will provide to Class Counsel the contact information that it has in its possession, custody, or control for the Settlement Class so that Class Counsel may endeavor to notify class members of the Orders and this Settlement Agreement. In the event the Court orders that class notice be provided prior to approval of this Settlement Agreement, the Campaign will provide the contact information that it has in its possession, custody, or control for the Settlement Class so that Class Counsel may timely comply with any such court order.

(Settlement Agmt. (Dkt. No. 110-1) at 4)  The settlement agreement also provides contact information for counsel, where "[r]equests for exclusion [or] objections to the Settlement Agreement or settlement" may be addressed.  (Id. at 6)

In requesting court approval of their proposed settlement, the parties assert that,

> because this is a Rule 23(b)(2) class (meaning that the only relief sought is injunctive and declaratory), the Court is not required to direct notice to class members prior to a fairness hearing (or at all). Fed. R. Civ. P. 23(c)(2)(A).  The parties respectfully submit that, given the unique factors of this case as described above, no Court-directed notice is necessary for final approval of the settlement.

(Jan. 13, 2023 Joint Ltr. (Dkt. No. 110-2) at 5)

The parties' assertions regarding notice to class members are incorrect.  Under Fed. R. Civ. P. 23(e), notice is required before certification of a settlement class, even where a class settlement will provide only injunctive relief:

> **(e) Settlement, Voluntary Dismissal, or Compromise.** The claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement--may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> **(1)** *Notice to the Class.*

> **(A)** *Information That Parties Must Provide to the Court.* The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class.
>
> **(B)** *Grounds for a Decision to Give Notice.* The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to:
>
>> **(i)**   approve the proposal under Rule 23(e)(2); and
>>
>> **(ii)**  certify the class for purposes of judgment on the proposal.
>
> **(2)** *Approval of the Proposal.* If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
>> **(A)** the class representatives and class counsel have adequately represented the class;
>>
>> **(B)** the proposal was negotiated at arm's length;
>>
>> **(C)** the relief provided for the class is adequate, taking into account:
>>
>>> **(i)** the costs, risks, and delay of trial and appeal;
>>> **(ii)** the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>> **(iii)** the terms of any proposed award of attorney's fees, including timing of payment; and
>>> **(iv)** any agreement required to be identified under Rule 23(e)(3); and
>>
>> **(D)** the proposal treats class members equitably relative to each other.
>
> **(3)** *Identifying Agreements.* The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

. . . .

> **(5)** *Class-Member Objections.*
>
>> **(A)** *In General*. Any class member may object to the proposal if it requires court approval under this subdivision (e). The objection must state whether it applies only to the objector, to a specific subset of the class, or

>> to the entire class, and also state with specificity the grounds for the objection.
>
> . . . .

Fed. R. Civ. P. 23(e).

The requirements of Rule 23(e) apply to all types of settlement classes. Moreover, the notice period must be sufficient to permit class members to make objections before a fairness hearing. See 3 Newberg and Rubenstein on Class Actions § 8:14 (6th ed.) ("[S]ettlement notice is mandatory in all types of class actions – those certified under 23(b)(1), (b)(2), (b)(3), or any combination thereof – and hence is distinguished from certification notice, which is only mandatory in (b)(3) class actions.") (emphasis in original); id. § 8:16 ("To safeguard class members' opportunity to object and/or appear, notice must be issued sufficiently in advance of the objection. . . . As Rule 23(e)(1) requires notice in any type of class action settlement – whether the class was certified under Rule 23(b)(1), Rule 23(b)(2), Rule 23(b)(3), or any combination thereof – these timing rules apply similarly in each context, and courts have not generated any critical distinctions among them based on the type of class suit at issue."); Bert v. AK Steel Corp., No. 1:02-CV-467, 2007 WL 9734624, at *2 (S.D. Ohio Apr. 11, 2007) ("Many cases where pre-judgment notice has been sent to a 23(b)(2) class typically involve settlements (for which notice is required in any event under Rule 23(e)(1)(B))"); Guttmann v. Ole Mexican Foods, Inc., No. 14-CV-04845-HSG, 2016 WL 9107426, at *2 (N.D. Cal. Aug. 1, 2016) (stating, with respect to a Rule 23(b)(2) class, that "[w]hen any certified class settles its claims, courts 'must direct notice in a reasonable manner to all class members who would be bound by the proposal.'") (quoting Fed. R. Civ. P. 23(e)(1)); Martinez v. Hammer Corp., No. CV0906135MMMAGRX, 2010 WL 11520538, at *2 (C.D. Cal. July 30, 2010) ("'Pursuant to Rule 23(e)(1), this Court must ensure that notice of the proposed settlement is provided 'in a

4

reasonable manner to all class members [of a (Rule 23(b)(2) class) ] who would be bound by the proposal.'") (quoting McAlarnen v. Swift Transportation Co., Inc., Civil Action No. 09–1737, 2010 WL 365823, *5 (E.D. Pa. Jan 29, 2010)).

The parties' proposed "provisional" certification order and proposed final order lack other necessary information.  Inter alia, neither proposed order addresses (1) the appointment of class counsel; (2) an award of attorneys' fees; (3) Denson's proposed incentive award; (4) this Court's certification of a class or who will administer the class.  (Proposed Provisional Order (Dkt. No. 110-3); Proposed Final Order (Dkt. No. 110-4))

Because of these deficiencies, the parties' joint motion for provisional certification (Dkt. Nos. 102, 110) is denied without prejudice.

Any renewed motion for provisional certification will be styled as a request for preliminary approval of a class action settlement and will address how all the prerequisites of Rule 23(a) are met here; the appointment of class counsel, and why such appointment is proper under Rule 23(g); and all of the requirements of Rule 23(e), including (1) notice to class members, the content of the notice, how notice will be disseminated, and who will pay for the dissemination of notice; (2) the process for making objections, including the deadline for making objections and who objections should be addressed to; (3) the proposed award of attorneys' fees and Denson's incentive award; (4) how the class will be administered; and (5) the date, time, and location for the fairness hearing.

The parties are encouraged to review past orders issued by this Court concerning preliminary approval of class action settlements in order to ensure the sufficiency of any revised submission.

Any application for preliminary approval of a class action settlement is due by **April 21, 2023**. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 102, 110).

Dated: New York, New York
April 7, 2023

SO ORDERED.

Paul G. Gardephe
United States District Judge