IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA DENSON, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>DONALD J. TRUMP FOR PRESIDENT, INC.,<br><br>*Defendant*. | No. 20 Civ. 4737 (PGG) |

**[JOINT PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT, CERTIFYING A SETTLEMENT CLASS, APPROVING NOTICE, AND SETTING DATES FOR FINAL APPROVAL**

WHEREAS, Lead Plaintiff Jessica Denson filed a putative class action to challenge the validity and enforceability of the non-disclosure and non-disparagement provisions contained in the agreements entered between defendant Donald J. Trump for President, Inc. (the "Campaign") and its employees, contractors, and volunteers during the 2016 election cycle (the "Employment Agreement");

WHEREAS, on March 31, 2021, the Court declared the Employment Agreement's non-disclosure and non-disparagement provisions invalid and unenforceable as to Ms. Denson only;

WHEREAS, on March 30, 2022, the Court permitted Ms. Denson to file an amended complaint to add a request for injunctive relief and directed the parties to proceed to class discovery;

WHEREAS, the Campaign confirmed in class discovery that at least 422 Campaign employees, contractors, and volunteers signed agreements in connection 2016 election containing substantively identical non-disclosure and non-disparagement provisions;

WHEREAS, prior to this settlement, the Campaign voluntarily stated in writing to that it was releasing all employees, contractors, and volunteers from any non-disclosure or non-disparagement obligations contained in any agreements signed by them in connection with the 2016 election;

WHEREAS, prior to this settlement, the Campaign represents that on its own volition it notified all of these employees, contractors, and volunteers in a signed writing that they are "no longer bound" by these non-disclosure and non-disparagement provisions;

WHEREAS, class discovery concluded on August 31, 2022;

WHEREAS, on October 7, 2022, the Court referred the parties to a settlement conference before Magistrate Judge Valerie Figueredo, which took place on December 13, 2022;

WHEREAS, the parties conditionally agreed to resolve this matter on certain terms;

WHEREAS, the parties have moved the Court, pursuant to Rule 23(e)(1)(c) for (i) certification of a proposed settlement class for purposes of settlement; (ii) preliminary approval of the proposed Settlement, a copy of which is attached as Exhibit 3 to the April 28, 2023 Declaration of John Langford; (iii) approval of the Notice of Proposed Settlement of Class Action, which is attached as Exhibit 4 to the Langford Declaration; (iv) approval of a plan for providing notice to the settlement class members, as set forth below; and (v) assuming the preliminary approval is granted, for a Fairness Hearing to be conducted at a date to be set by the Court; and

WHEREAS, the Court has presided over the proceedings in the above-captioned case and has reviewed the pleadings and papers on file, and finds goof cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1.  Unless otherwise stated, the terms in this Order have the meaning set forth in the Settlement Agreement (Langford Decl. Ex. 3).

2.  The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the representative Plaintiff, the proposed settlement class, and Defendant.

3.  The action is certified as a class action for purposes of settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure on the following terms:

    a.  The proposed settlement Class is certified pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure for purposes of settlement as follows:

        "All Campaign employees, contractors, and volunteers who executed a[n Employment Agreement], or any contract containing similar nondisclosure and non-disparagement clauses, during the 2016 election cycle"

    b.  The proposed settlement Class meets the requirements for class certification under Rule 23(a) of the Federal Rules of Civil Procedure because: (1) the number of settlement class members is so numerous that joinder of all settlement class members is impracticable; (2) there are questions of law or fact common to the settlement class; (3) the claims of the Lead Plaintiff are typical of those of the settlement class; and (4) the Lead Plaintiff and her counsel will fairly and adequately protect the interests of the settlement class.

c. As required by Rule 23(a)(1) of the Federal Rules of Civil Procedure, the settlement class is "so numerous that joinder of all members is impracticable." There are at least 422 individuals who meet the settlement class definition.

d. As required by Rule 23(a)(2) of the Federal Rules of Civil Procedure, there are questions of law or fact common to the settlement class. Specifically, as a factual matter, all proposed settlement Class members by definition signed the Employment Agreement, and the core legal question of whether that Agreement's non-disclosure and non-disparagement provisions are enforceable is applicable to all settlement Class members.

e. As required by Rule 23(a)(3) of the Federal Rules of Civil Procedure, the Lead Plaintiff's claims are typical of the claims of the class, insofar as her claims are limited to challenging the enforceability of the aforementioned contractual provisions.

f. As required by Rule 23(a)(4) of the Federal Rules of Civil Procedure, the Lead Plaintiff fairly and adequately protects the interests of the settlement class in that (i) Ms. Denson does not have interests that are antagonistic to the interests of the settlement class because the entire settlement class will benefit from the relief requested in the Action; and (ii) the proposed class counsel are qualified, experienced, and capable of protecting and advancing the interests of the settlement class.

g. As required by Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Defendant has acted or refused to act on grounds that apply generally to the

settlement class, so that final injunctive and declaratory relief is appropriate respecting the settlement class as a whole.

4. The Court hereby appoints Plaintiff Jessica Denson as settlement Class representative.

5. The Court hereby appoints Bowles & Johnson PLLC, Ballard Spahr LLP, and Protect Democracy, Plaintiff's attorneys of record, as class counsel.

6. The Court hereby finds that the proposed Settlement Agreement is the product of arm's length, serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel.

7. The Court hereby finds that the proposed Settlement Agreement is fair and warrants the dissemination of notice to the settlement Class members;

8. The Court hereby grants preliminary approval of the terms and conditions contained in the proposed Settlement Agreement. The Court preliminarily finds that the terms of the Settlement Agreement appear to be within the range appropriate for possible approval, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure and applicable law.

9. The Court hereby approves the Class Notice annexed as Exhibit [X] to the Langford Declaration.

10. Within fourteen (14) days of this Order Granting Preliminary Approval, the Class Notice shall be disseminated by email and post to all members of the settlement Class for whom Defendant has supplied such contact information.

11. The Notice constitutes valid, due, and sufficient notice to the settlement Class, constitutes the best notice practicable under the circumstances, and complies fully with

the requirements of Rule 23 of the Federal Rules of Civil Procedure. The proposed Notice apprises settlement Class members in a fair and neutral way of the existence of the Settlement Agreement and their rights with respect to the Settlement Agreement.

12. The reasonable expense of giving notice to the settlement Class, as ordered by the Court, shall be paid by Plaintiffs. Dissemination of the Notice as provided above is hereby authorized and approved, and satisfies the notice requirement of Rule 23(e) of the Federal Rules of Civil Procedure.

13. A hearing is appropriate to consider whether this Court should grant final approval to the Settlement Agreement, and to allow adequate time for members of the settlement Class, or their counsel, to support or oppose this settlement. The Court will schedule a fairness hearing at least 104 days from the date of this order to permit notification of the proposed settlement to relevant authorities pursuant to 28 U.S.C. § 1715, the Class Action Fairness Act.

14. A Fairness Hearing pursuant to Rule 23(e), Federal Rules of Civil Procedure, shall be held before the undersigned on _____ at _____ a.m./p.m. in the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, Courtroom 705, to determine whether the proposed settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court. The hearing may be continued from time to time without further notice. The Fairness Hearing may be held remotely.

15. At least twenty-one (21) days before the Fairness Hearing, the Parties will provide declarations to the Court attesting that they disseminated the Notice.

16. Any member of the settlement Class may enter an appearance on his or her own behalf in this action through that settlement Class member's own attorney (at their own expense) but need not do so. Settlement Class members who do not enter appearances through their own attorneys will be represented by Class Counsel.

17. Any member of the settlement Class may object to the proposed Settlement Agreement. Any member of the settlement Class who wishes to object must do so in writing, and all objections must be postmarked by thirty (30) days prior to the Fairness Hearing, (postmark date is _____, 2023), and must be sent to the Court and the Parties at the addresses listed in the Notice.

18. Any settlement Class Member who fails to properly and timely file and serve objections or comments shall be foreclosed from objecting to the Stipulation of Settlement, unless otherwise ordered by the Court. Any member of the settlement Class may also request permission to speak at the Fairness Hearing by submitting a request in writing as outlined above, postmarked by this same deadline.

19. The Parties will respond to any timely filed objections not later than twenty-one (21) days prior to the Fairness Hearing.

20. The Parties will file their Motion for Final Approval of Settlement no later than twenty-one (21) days before the Fairness Hearing.

21. If for any reason the Court does not endorse the Stipulation of Settlement without material alteration, the proposed Settlement Agreement and all evidence and proceedings in connection with the Settlement shall be null and void nunc pro tunc.

22. In the event the Court declines to approve the parties' proposed class action settlement, Plaintiff may re-file a motion to certify a class.  The existence of this order

may not be used as a basis by any parties or members of the any putative class to justify or oppose the certification of a class for non-settlement purposes.

23.     The Court further orders that pending further order from the Court, all proceedings in this Action, except those contemplated herein and in the Stipulation of Settlement, shall be stayed.

SO ORDERED this _____ day of _____, 2023.

                                                                 _____
                                                                  Hon. Paul G. Gardephe
                                                                  United States District Judge