IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA DENSON, Individually and on Behalf of All Others Similarly Situated,<br><br>                *Plaintiffs*,<br>   v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC.,<br><br>                *Defendant*. | No. 20 Civ. 4737 (PGG) |

**[PROPOSED] <u>ORDER APPROVING SETTLEMENT, DECLARING NON-DISPARAGEMENT AND NON-DISCLOSURE PROVISIONS VOID AND UNENFORCEABLE, AND PERMANENTLY ENJOINING THEIR ENFORCEMENT</u>**

    WHEREAS, Lead Plaintiff Jessica Denson filed a putative class action to challenge the validity and enforceability of the non-disclosure and non-disparagement provisions contained in the agreements entered between defendant Donald J. Trump for President, Inc. (the "Campaign") and its employees, contractors, and volunteers during the 2016 election cycle (the "Employment Agreement");

    WHEREAS, on March 31, 2021, the Court declared the Employment Agreement's non-disclosure and non-disparagement provisions invalid and unenforceable as to Ms. Denson only;

    WHEREAS, on March 30, 2022, the Court permitted Ms. Denson to file an amended complaint to add a request for injunctive relief and directed the parties to proceed to class discovery;

    WHEREAS, the Campaign confirmed in class discovery that at least 422 Campaign employees, contractors, and volunteers signed agreements in connection with the 2016 election containing substantively identical non-disclosure and non-disparagement provisions;

WHEREAS, prior to this settlement, the Campaign voluntarily stated in writing that it was currently releasing all employees, contractors, and volunteers from any non-disclosure or non-disparagement obligations contained in any agreements signed by them in connection with the 2016 election;

WHEREAS, prior to this settlement, the Campaign represents that on its own volition it notified all of these employees, contractors, and volunteers in a signed writing that they are "no longer bound" by these non-disclosure and non-disparagement provisions;

WHEREAS, class discovery concluded on August 31, 2022;

WHEREAS, on October 7, 2022, the Court referred the parties to a settlement conference before Magistrate Judge Valerie Figueredo, which took place on December 13, 2022;

WHEREAS, the parties conditionally agreed to resolve this matter on certain terms;

WHEREAS, on June 7, 2023, the Court entered an Order which, among other things: (1) provisionally certified a class for purposes of settlement only, consisting of all Campaign employees, contractors, and volunteers who executed the Employment Agreement, or any agreement containing substantively identical non-disclosure and non-disparagement provisions in connection with the 2016 election (the "Settlement Class"); (2) approved a form of notice to the class and a distribution plan for that notice; (3) appointed the class representative and class counsel; and (4) scheduled a fairness hearing for October 11, 2023;

WHEREAS, the parties disseminated the form of notice in the manner approved by the Court;

WHEREAS, the Court held a fairness hearing on October 11, 2023; and

WHEREAS, based upon the parties' submissions, the information provided at the fairness hearing, the relevant factors the Court must consider in approving a class-action settlement

pursuant to *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), and the entirety of the record before the Court;

IT IS HEREBY ORDERED that:

1. The Settlement is finally approved;

2. The non-disclosure and non-disparagement provisions contained in the Employment Agreement, or any other agreement containing substantively identical non-disclosure and non-disparagement provisions in connection with the 2016 election, are declared invalid and unenforceable as to each and every member of the Settlement Class;

3. The Campaign, including its successor(s) in interest, is permanently enjoined from threatening to enforce, attempting to enforce, or enforcing any such invalid or unenforceable non-disclosure or non-disparagement provisions against any member of the Settlement Class in any forum;

4. All third-party beneficiaries under the Employment Agreement are permanently enjoined from threatening to enforce, attempting to enforce, or enforcing any such invalid or unenforceable non-disclosure or non-disparagement provisions against any member of the Settlement Class in any forum; and,

5. In accord with the Settlement, the Court retains continuing and exclusive jurisdiction over the Settlement, including any alleged breaches thereof.

SO ORDERED this _____ day of _____, 2023.

_____
Hon. Paul G. Gardephe
United States District Judge